UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

STUART & SONS, L.P., ET AL.    :

v.                             :    No. 3:01cv1580(AHN)

THE CURTIS PUBLISHING CO., ET AL. :

FILED
2004 JUN 28  P 3: 01
U.S. DISTRICT COURT
BRIDGEPORT, CONN

### RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

Stuart and Sons, Ltd. Partnership ("Stuart") brings this action for declaratory and other relief against The Curtis Publishing Co., ("Curtis"), The Saturday Evening Post Society ("Post Society"), and the Benjamin Franklin Literary & Medical Society, Inc. ("Franklin Society") (collectively, the "Defendants"). The case involves the ownership of three original oil paintings created by Norman Rockwell ("Rockwell"): "Saying Grace;" "The Gossips;" and "Walking to Church" a/k/a "Silver Slipper Grill" (the "Paintings"). The Paintings were created by Rockwell to appear on covers of the Saturday Evening Post magazine (the "Post") in 1948, 1951 and 1953.

Pending before the court is Stuart's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Stuart seeks a declaration confirming its ownership of the Paintings and judgment on the Defendants' counterclaims which, it alleges, are barred by the statute of limitations and laches.

After careful consideration of the pleadings and arguments of counsel, the court concludes that Stuart has not clearly established that no material fact exists as to the class of conversion at issue and when the conversion occurred for purposes

of the running of the statute of limitations. Thus, because it does not appear beyond a reasonable doubt that the Defendants can prove no set of facts in support of their claim that would entitle them to relief, Stuart's motion for judgment on the pleadings [doc. # 26] is DENIED.

However, because the court believes that the parties' dispute is capable of summary resolution, the parties are encouraged to resubmit their legal arguments, with necessary factual support pursuant to Fed. R. Civ. P. 56(c), on the issues of when the statute of limitations accrued and the doctrine of laches. Any such motion shall be filed no later than September 1, 2004. Prior to filing any motion the parties may, if necessary, engage in discovery limited solely to the above-identified issues. All other discovery shall be stayed. If a motion is not filed, the stay of discovery shall be lifted and the parties shall file promptly a report pursuant to Fed. R. Civ. P. 26(f).

## CONCLUSION

For the foregoing reasons, Stuart's motion for judgment on the pleadings [doc. # 26] is DENIED.

SO ORDERED this 28th day of June, 2004, at Bridgeport, Connecticut.

_____
Alan H. Nevas
United States District Judge