UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

x

| | | |
|---|---|---|
| STUART & SONS, L.P., KENNETH STUART, JR., EXECUTOR OF THE ESTATE OF KENNETH STUART, SR.; TRUSTEE OF THE KENNETH J. STUART TRUST; KENNETH STUART, JR., WILLIAM STUART AND JONATHAN STUART, | : : : : : : | Case No. 3:01 CV 1580 (AHN) |
| Plaintiffs, | : : | |
| -against- | : : | NOVEMBER 12, 2004 |
| THE CURTIS PUBLISHING COMPANY, INC., THE SATURDAY EVENING POST SOCIETY, A DIVISION OF THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY AND THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY, INC., | : : : : : : : | |
| Defendants. | : : | |

x

ANSWER TO PLAINTIFFS' SECOND AMENDED
COMPLAINT AND COUNTERCLAIMS

Defendants, by counsel, for their Answer to Plaintiffs' Second Amended

Complaint ("Plaintiffs' Complaint"), state as follows:

1.      Defendants deny the material allegations contained in paragraph 1 of

Plaintiffs' Complaint.

2.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 2 of Plaintiffs' Complaint and, therefore, deny same.

3a.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 3a of Plaintiffs' Complaint and, therefore, deny same.

3b.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 3b of Plaintiffs' Complaint and, therefore, deny same.

3c.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 3c of Plaintiffs' Complaint and, therefore, deny same.

3d.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 3d of Plaintiffs' Complaint and, therefore, deny same.

3e.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 3e of Plaintiffs' Complaint and, therefore, deny same.

3f.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 3f of Plaintiffs' Complaint and, therefore, deny same.

4.    Defendants deny the material allegations contained in paragraph 4 of Plaintiffs' Complaint.

5.    Defendants admit the material allegations contained in paragraph 5 of Plaintiffs' Complaint.

6.    Defendants deny the material allegations contained in paragraph 6 of Plaintiffs' Complaint, and affirmatively allege that The Saturday Evening Post Society is the successor in interest to The Curtis Publishing Company.

7.    Defendants deny the material allegations contained in paragraph 7 of Plaintiffs' Complaint.

8.    Defendants admit the material allegations contained in paragraph 8 of Plaintiffs' Complaint.

9.    Defendants admit the material allegations contained in paragraph 9 of the Complaint.

10.    Defendants admit the material allegations contained in paragraph 10 of the Complaint.

11.    Defendants deny the material allegations contained in paragraph 11 of Plaintiffs' Complaint.

## JURISDICTION

12.    Defendants admit the material allegations contained in paragraph 12 of Plaintiffs' Complaint.

### FACTS UNDERLYING THE PURPORTED CLAIMS FOR RELIEF

13.    Defendants admit the material allegations contained in paragraph 13 of Plaintiffs' Complaint.

14.    (Erroneously numbered as 24) Defendants admit the material allegations contained in paragraph 14 of Plaintiffs' Complaint.

15.    Defendants deny the material allegations contained in paragraph 15 of Plaintiffs' Complaint.

16.    Paragraph 16 of Plaintiffs' Complaint is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is therefore, denied.

17.    Defendants admit the material allegations contained in paragraph 17 of Plaintiffs' Complaint.

18.    Defendants deny the material allegations contained in paragraph 18 of Plaintiffs' Complaint.

19.    There is no paragraph 19 in the Complaint.

20.    Defendants deny the material allegations contained in paragraph 20 of Plaintiffs' Complaint.

21.    Defendants admit the material allegations contained in paragraph 21 of Plaintiffs' Complaint and affirmatively allege that as Art Director, Ken Stuart, Sr. knew that the original works at issue were owned by Defendants and not Rockwell.

22.    Defendants admit the material allegations contained in paragraph 22 of Plaintiffs' Complaint and affirmatively allege that as Art Director, Ken Stuart, Sr. knew that the original works at issue were owned by Defendants and not Rockwell.

23.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 23 of Plaintiffs' Complaint and, therefore, deny same.

24.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 24 of Plaintiffs' Complaint and, therefore, deny same.

25.    Paragraph 25 of Plaintiffs' Complaint is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is, therefore, denied.

26.    Paragraph 26 of Plaintiffs' Complaint is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is, therefore, denied.

27.     Paragraph 27 of Plaintiffs' Complaint is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is, therefore, denied.

28.     Paragraph 28 of Plaintiffs' Complaint is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is, therefore, denied.

29.     Paragraph 29 of Plaintiffs' Complaint is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is, therefore, denied.

30.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 30 of Plaintiffs' Complaint and, therefore, deny same.

31.     Paragraph 31 is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is, therefore, denied.

32.     Paragraph 32 is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is, therefore, denied.

33.    Paragraph 33 is an attempt to plead irrelevant, inaccurate, and/or misleading facts based on inadmissible statements taken out of context and is, therefore, denied.

34.    Defendants deny the material allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.    Defendants deny the material allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.    Defendants deny the material allegations contained in paragraph 36 of Plaintiffs' Complaint.

37.    Defendants deny the material allegations contained in paragraph 37 of Plaintiffs' Complaint

38.    Defendants deny the material allegations contained in paragraph 38 of Plaintiffs' Complaint.

39.    Defendants deny the material allegations contained in paragraph 39 of Plaintiffs' Complaint.

40.    Defendants deny the material allegations contained in paragraph 40 of Plaintiffs' Complaint, and refer to the pleaded publication for the full text and context.

41.    Defendants deny the material allegations contained in paragraph 41 of Plaintiffs' Complaint.

42.     Defendants deny the material allegations contained in paragraph 42 of Plaintiffs' Complaint.

43.     Defendants deny the material allegations contained in paragraph 43 of Plaintiffs' Complaint.

44.     Defendants admit the material allegations contained in paragraph 44 of Plaintiffs' Complaint.

45.     Defendants deny the material allegations contained in paragraph 45 of Plaintiffs' Complaint, and affirmatively state that Ken Stuart, Sr. had possession but not ownership of the Paintings and that Curtis was aware of such possession.

46.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 46 of Plaintiffs' Complaint and, therefore, deny same.

47.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 47 of Plaintiffs' Complaint and, therefore, deny same.

48.     Defendants deny the material allegations contained in paragraph 48 of Plaintiffs' Complaint.

49.     Defendants admit that "Saying Grace" was located within Mr. Stuart's office at Curtis because the work, as well as Mr. Stuart's office, was the property of Curtis.

50.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 50 of Plaintiffs' Complaint and, therefore, deny same.

51.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 51 of Plaintiffs' Complaint and, therefore, deny same.

52.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 52 of Plaintiffs' Complaint and, therefore, deny same.

53.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 53 of Plaintiffs' Complaint and, therefore, deny same.

54.    Defendants deny the material allegations contained in paragraph 54 of Plaintiffs' Complaint, and affirmatively state that Ken Stuart, Jr. never had ownership, as distinguished from possession of the Paintings.

55.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 55 of Plaintiffs' Complaint and, therefore, deny same.

56.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 56 of Plaintiffs' Complaint and, therefore, deny same.

57.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 57 of Plaintiffs' Complaint and, therefore, deny same.

58.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 58 of Plaintiffs' Complaint and, therefore, deny same.

59.     Defendants deny the material allegations contained in paragraph 59 of Plaintiffs' Complaint, and affirmatively allege that the Paintings are the property of Defendants.

60.     Defendants deny the material allegations contained in paragraph 60 of Plaintiffs' Complaint.

61.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 61 of Plaintiffs' Complaint and, therefore, deny same.

62.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 62 of Plaintiffs' Complaint and, therefore, deny same.

63.     Defendants deny the material allegations contained in paragraph 63 of Plaintiffs' Complaint.

64.     Defendants deny the material allegations contained in paragraph 64 of Plaintiffs' Complaint.

65.     Defendants deny the material allegations contained in paragraph 65 of Plaintiffs' Complaint.

66.     Defendants admit the material allegations contained in paragraph 66 of Plaintiffs' Complaint.

67.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 67 of Plaintiffs' Complaint and, therefore, deny same.

68.     Defendants deny the material allegations contained in paragraph 68 of Plaintiffs' Complaint.

69.     Defendants admit the material allegations contained in paragraph 69 of Plaintiffs' Complaint.

70.     Defendants admit the material allegations contained in paragraph 70 of Plaintiffs' Complaint.

71.     Defendants deny the material allegations contained in paragraph 71 of Plaintiffs' Complaint.

72.     Defendants deny the material allegations contained in paragraph 72 of Plaintiffs' Complaint.

73.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 73 of Plaintiffs' Complaint and, therefore, deny same.

74.     Defendants deny the material allegations contained in paragraph 74 of Plaintiffs' Complaint.

75.     Defendants admit the material allegations contained in paragraph 75 of Plaintiffs' Complaint.

76.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 76 of Plaintiffs' Complaint and, therefore, deny same.

77.     Defendants deny the material allegations contained in paragraph 77 of Plaintiffs' Complaint.

78.     Defendants admit the material allegations contained in paragraph 78 of Plaintiffs' Complaint.

79.     Defendants deny the material allegations contained in paragraph 79 of Plaintiffs' Complaint.

80.     Defendants deny the material allegations contained in paragraph 80 of Plaintiffs' Complaint.

81.     Defendants deny the material allegations contained in paragraph 81 of Plaintiffs' Complaint.

82.     Defendants deny the material allegations contained in paragraph 82 of Plaintiffs' Complaint.

83.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 83 of Plaintiffs' Complaint and, therefore, deny same.

84.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 84 of Plaintiffs' Complaint and, therefore, deny same.

85.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 85 of Plaintiffs' Complaint and, therefore, deny same.

86.     Defendants deny the material allegations contained in paragraph 86 of Plaintiffs' Complaint.

87.     Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 87 of Plaintiffs' Complaint and, therefore, deny same.

88.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 88 of Plaintiffs' Complaint and, therefore, deny same.

89.    Defendants admit the material allegations contained in paragraph 89 of Plaintiffs' Complaint.

<u>FIRST PURPORTED CLAIM FOR RELIEF</u>

90.    Defendants restate their foregoing answers to paragraphs 1 through 89 of Plaintiffs' Complaint as though set forth in full herein.

91.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 91 of Plaintiffs' Complaint and, therefore, deny same.

92.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 92 of Plaintiffs' Complaint and, therefore, deny same.

93.    Defendants deny the material allegations contained in paragraph 93 of Plaintiffs' Complaint.

94.    Defendants admit the material allegations contained in paragraph 94 of Plaintiffs' Complaint.

95.    Defendants deny the material allegations contained in paragraph 95 of Plaintiffs' Complaint.

96.    Defendants admit that counsel for The Benjamin Franklin Literary and Medical Society and The Saturday Evening Post Society, directed letters to Sotheby's on August 1, 2001, and August 3, 2001.

97.    Defendants deny the material allegations contained in paragraph 97 of Plaintiffs' Complaint.

98.    Defendants deny the material allegations contained in paragraph 98 of Plaintiffs' Complaint.

99.    Defendants deny the material allegations contained in paragraph 99 of Plaintiffs' Complaint.

100.    Defendants deny the material allegations contained in paragraph 100 of Plaintiffs' Complaint.

101.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 101 of Plaintiffs' Complaint and, therefore, deny same.

102.    Defendants deny the material allegations contained in paragraph 102 of Plaintiffs' Complaint.

103.    Defendants deny the material allegations contained in paragraph 103 of Plaintiffs' Complaint.

104.    Defendants deny the material allegations contained in paragraph 104 of Plaintiffs' Complaint, and refer to the pleaded document for the full text and context.

105.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 105 of Plaintiffs' Complaint and, therefore, deny same.

106.    Defendants are without sufficient knowledge and information to respond to the material allegations contained in paragraph 106 of Plaintiffs' Complaint and, therefore, deny same.

107.    Defendants deny the material allegations contained in paragraph 107 of Plaintiffs' Complaint.

<u>SECOND PURPORTED CLAIM FOR RELIEF</u>

108.    Defendants restate their foregoing answers to paragraphs 1 through 107 of Plaintiffs' Complaint as though set forth in full herein.

109.    Defendants admit the material allegations contained in paragraph 109 of Plaintiffs' Complaint.

110.    Defendants deny the material allegations contained in paragraph 110 of Plaintiffs' Complaint.

<u>THIRD PURPORTED CLAIM FOR RELIEF</u>

111.    Defendants restate their foregoing answers to paragraphs 1 through 110 of Plaintiffs' Complaint as though set forth in full herein.

112.    Defendants deny the material allegations contained in paragraph 112 of Plaintiffs' Complaint.

113.    Defendants deny the material allegations contained in paragraph 113 of Plaintiffs' Complaint.

114.    Defendants deny the material allegations contained in paragraph 114 of Plaintiffs' Complaint.

WHEREFORE, Defendants respectfully request that Plaintiffs take nothing by way of their Complaint, that there be judgment against Plaintiffs and in favor of Defendants, and that the Court grant all other appropriate relief.

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs' claims fail to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims for equitable relief are barred by Plaintiffs' inequitable conduct and unclean hands.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred under the doctrines of laches, waiver and estoppel.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' damages are non-existent, speculative and not of the nature or extent allowed.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs have failed adequately to plead special damages.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for tortious interference fails to state a claim upon which relief may be granted  at least because it fails to adequately allege that Defendants' conduct was motivated by improper conduct or utilized improper means.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claim for tortious interference fails to state a claim upon which relief may be granted because Defendants were privileged to assert their rights in the Paintings since such rights, at a minimum, are colorable contractual rights.

### COUNTERCLAIM

The Curtis Publishing Company, Inc., The Saturday Evening Post Society, a Division of the Benjamin Franklin Literary and Medical Society, and the Benjamin Franklin Literary and Medical Society, Inc. (collectively, "Counterclaim Plaintiffs") by counsel, for their Counterclaim against Stuart & Sons, L.P.; Kenneth Stuart, Jr., and as individually Executor of the Estate Of Kenneth Stuart, Sr. and Trustee of the Kenneth J. Stuart Trust; William Stuart and Jonathan Stuart, (collectively, "Counterclaim Defendants"), state as follows:

### Count 1 - Declaratory Judgment

1.     The Saturday Evening Post Society is a division of the Benjamin Franklin Literary and Medical Society, an Indiana not-for-profit corporation with its principal place of business in Marion County, Indiana.

2.      The Saturday Evening Post Society (the "Post") is the successor-in-interest to the literary works, art works and illustrations commissioned, published, and copyrighted by The Curtis Publishing Company, Inc., including all rights to the art works at issue herein.

3.      The Curtis Publishing Company, Inc. ("Curtis") created, published, and distributed *The Saturday Evening Post* magazine for many years.

4.      Curtis, in the course of publishing *The Saturday Evening Post* magazine, created and published literary works, art works, and illustrations in its magazines and on its covers for many years.

5.      Curtis was the owner of all right, title and interest in and to such literary works, art works and illustrations that appeared in its magazines and on its covers.

6.      On information and belief, the cover of the March 6, 1948, issue of *The Saturday Evening Post* bore a work entitled "The Gossips," which was created as a work for hire for Curtis, duly registered with the United States Copyright Office as a composite work (Original Registration No. B-125320), and timely renewed as R-600284.

7.      The cover of the November 24, 1951, issue of *The Saturday Evening Post* magazine bore a work entitled "Saying Grace," which was created as a work for hire for Curtis, duly registered with the United States Copyright Office as a composite work (Original Registration No. B-330326), and timely renewed as RE 107-969.

8.    The cover of the April 4, 1953, issue of *The Saturday Evening Post* bore a work entitled "Walking to Church," which was created as a work for hire for Curtis, duly registered with the United States Copyright Office as a composite work (Original Registration No. B-409145), and timely renewed as RE 79-200.

9.    Ken Stuart, Sr. was the Art Director for The Saturday Evening Post and was responsible for commissioning the original works of art that appeared in the magazine and negotiating the fees paid to the artists for their work.

10.    On August 25, 1955, Rockwell's attorney wrote to Ken Stuart Sr. seeking information on which works Curtis wanted to keep and whether Curtis would allow members of Rockwell's family to keep others.   Ken Stuart Sr. replied, in part, on September 9, 1955, as follows:

> <u>Our company [*i.e.* Curtis] owns all rights to Norman's paintings, including the ownership of the originals</u>, as you point out.  We have for years, however, returned a great portion of the originals to the artists particularly where we did not need them for decoration or for promotional purposes.
>
> Norman mentioned to me in the fall of 1954 that he would like any originals of his which we did not intend to keep made available to his heirs, meaning his three children and Mary.  I told him at that time we couldn't [sic] go back to the paintings he had made for us in the past, but those he was working on could be grouped and kept available for his heirs if they ever asked for them.

(Exhibits A and B, hereto.)  (Emphasis supplied.)

11.     As confirmed by Mr. Stuart, Sr. the Post, as successor-in-interest to Curtis, is the owner of the paintings entitled, "Saying Grace," "The Gossips" and "Walking To Church" (collectively, the "Paintings").

12.     On July 12, 2001, Curtis received a written notice from Sotheby's, which claimed that Ken Stuart Jr. had attempted to consign the Paintings to Sotheby's.

13.     The attempted consignment of the Paintings constituted conversion of the same.

14.     As evidenced by Counterclaim Defendants' Complaint and the foregoing Answer there is a real and justiciable controversy as between the parties as to ownership of the Paintings.

15.     Counterclaim Plaintiffs are entitled to a judgment declaring that they have clear title to the Paintings, and that Counterclaim Defendants have no rights therein, including without limitation the rights to transfer the same.

WHEREFORE, Counterclaim Plaintiffs, by counsel, respectfully request the Court enter a declaratory judgment order, vesting legal and equitable title in the Paintings in Counterclaim Plaintiffs, and granting all other appropriate relief.


<u>Count II - Accounting as to Whereabouts of Curtis' Art Work</u>

16.     Counterclaim Plaintiffs restate paragraphs 1 through 15 of their Counterclaim as though set forth in full herein.

17.    Counterclaim Plaintiffs acquired information from the web site of the New Britain Museum in New Britain, Connecticut, that said Museum is in the possession of an original Saturday Evening Post cover drawn for Counterclaim Plaintiffs by John Falter and owned by them.

18.    Upon information and belief, the New Britain Museum may have come into possession of this art work from the Counterclaim Defendants in this action or from Ken Stuart, Sr.

19.    Upon information and belief, Counterclaim Defendants may be in the possession of other original art works that were drawn for Curtis by Norman Rockwell, Stevan Dohanis, John Clymer, George Hughes and/or John Falter and are owned by Curtis, some or all of which by be rightfully owned by Curtis.

WHEREFORE, Counterclaim Plaintiffs respectfully request the Court to direct the Counterclaim Defendants to account to the Court for any original art work presently in their possession or in the possession of others that Counterclaim Defendants presently claim any right to, or any original art work or illustrations appearing on the covers of or in The Saturday Evening Post magazine or which at any time hung in the corporate offices of The Curtis Publishing Company in Philadelphia, which was previously in the possession of Counterclaim Defendants and has been disposed of; and to provide the Court with any documentation relating to their possession of the art work or illustrations.

THE DEFENDANTS


By_____
    William M. Bloss, ct01008
    Koskoff Koskoff & Bieder, P.C.
    350 Fairfield Avenue
    Bridgeport, Connecticut 06604
    Telephone:  (203) 336-4421
    E-mail:  bbloss@koskoff.com
    Their Attorneys

OF COUNSEL:

Anthony F. Lo Cicero (ct04670)
Karen J. Bernstein (ct24254)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, New York 10016
Telephone:  (212) 336-8000

Gene R. Leeuw
John M. Mead
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, Indiana 46204
Telephone:  (317) 684-6960

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been mailed, postage prepaid, on

this 12th day of November 2004, to all counsel and pro se parties of record, as follows:

Mary E. Sommer, Esq.
Jay Sandak, Esq.
SANDAK HENNESSEY & GRECO LLP
707 Summer Street
Stamford, CT  06901
Tel: 203-425-4200

Peter R. Stern, Esq.
McLAUGHLIN & STERN, LLP
260 Madison Avenue
New York, NY  10016
Tel: 212-448-1100

Sandra Akoury, Esq.
Law Offices of Sandra Akoury
Talbot House
426 Danbury Road
Wilton, CT  06897

Paul J. Pacifico, Esq.
Pacifico & Filan
963 Post Road East
Westport, CT  06880-5355

Peter L. Truebner, Esq.
100 Prospect Street
South Tower
Stamford, CT  06901

Kenneth Stuart, Jr. (Pro Se)
5 High Ridge Road
Wilton, CT  06897

_____
William M. Bloss