UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STUART & SONS, L.P., <br><br> Plaintiff, <br><br> -against- <br><br> THE CURTIS PUBLISHING COMPANY, INC., THE SATURDAY EVENING POST SOCIETY, A DIVISION OF THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY, and THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY, INC., <br><br> Defendants. | Case No. 301 CV 1580 (AHN) <br><br> December 10, 2004 |

**PLAINTIFF'S REPLY**
**TO DEFENDANTS' COUNTERCLAIMS AND AFFIRAMTIVE DEFENSES**

Plaintiff Stuart & Sons, L.P. ("Stuart & Sons"), for its reply to the counterclaims of defendants The Curtis Publishing Company, Inc. ("Curtis") and The Saturday Evening Post Society, a Division of the Benjamin Franklin Literary and Medical Society (the "Division"), and The Benjamin Franklin Literary and Medical Society, Inc. (the "Society") (collectively, "Defendants"), states as follows:

1. Admits the allegations contained in paragraph 1 of the Counterclaims.

2. Admits the allegations contained in paragraph 2 of the Counterclaims.

3. Denies the allegations contained in paragraph 3 of the Counterclaims, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that Curtis copyrighted certain works and illustrations.

4. Denies the allegations contained in paragraph 4 of the Counterclaims, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning copyright registrations, and admits that the cover of the March 16, 1948 issue of The Saturday Evening Post bore an illustration entitled The Gossips.

5. Denies the allegations contained in paragraph 5 of the Counterclaims, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning copyright registrations, and admits that the cover of the November 24, 1951 issue of The Saturday Evening Post bore an illustration entitled Saying Grace.

6. Denies the allegations contained in paragraph 6 of the Counterclaims, denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning copyright registrations, and admits that the cover of the April 4, 1953 issue of The Saturday Evening Post bore an illustration entitled Silver Slipper Grill.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Counterclaims.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Counterclaims.

9. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 9 of the Counterclaims.

10.   Admits the allegations contained in paragraph 10 of the Counterclaims.

11.   Admits the allegations contained in paragraph 11 of the Counterclaims.

12.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Counterclaims.

13.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Counterclaims and refers to the letter for its contents.

14.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Counterclaims, except admits that Ken Stuart, Sr. was the Art Director for The Saturday Evening Post from 1944 to 1963.

15.   Denies the allegations contained in paragraph 15 of the Counterclaims.

16.   Admits the allegations contained in paragraph 16 of the Counterclaims.

17.   Admits the allegations contained in paragraph 17 of the Counterclaims.

18.   Denies the allegations contained in paragraph 18 of the Counterclaims, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that "The Post" (i.e., the Division or the Society) is successor-in-interest to Curtis.

19.   Denies the allegations contained in paragraph 19 of the Counterclaims.

20.   With respect to paragraph 20 of the Counterclaims, repeats and realleges its responses to

the allegations contained in paragraphs 1 through 19 of the Counterclaims.

21.Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the Counterclaims.

22.Admits the allegations contained in paragraph 22 of the Counterclaims.

23.Denies the allegations contained in the first phrase of paragraph 23 of the Counterclaims, except admits that Plaintiff possesses two original paintings by Dohanis, and denies the allegations contained in the second phrase of that paragraph concerning The Post's purported ownership of any such works.

24.Denies the allegations contained in paragraph 24 of the Counterclaims.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE**

The relief that the Defendants seek in the Counterclaims is barred by the statute of limitations.

**SECOND AFFIRMATIVE DEFENSE**

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE**

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendants are not entitled to an accounting from Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

Upon information and belief, one or more of the Defendants lacks standing to assert the Counterclaims.

**SEVENTH AFFIRMATIVE DEFENSE**

Upon information and belief, one or more of the Defendants lacks legal capacity to assert the Counterclaims.

WHEREFORE, Stuart & Sons, L.P. respectfully requests a judgment (a) denying the Defendants' Counterclaims in its entirety, (b) declaring that Stuart & Sons is the true and sole owner of the Paintings and has an unfettered right to retain or transfer ownership of the Paintings as it sees fit, and (c) granting such other and further relief as this Court deems just and proper.

          PLAINTIFF, STUART & SONS, L.P.


By:_____
   Mary Sommer, Esq. (ct04345)
   Jay Sandak, Esq. (ct06703)
   SANDAK HENNESSEY & GRECO LLP
   707 Summer Street
   Stamford, Connecticut 06901
   203-425-4200
   203-325-8608 Fax

Of Counsel

Peter R. Stern, Esq.
Thomas E. Hone, Esq.
(Not Yet Admitted in the
District of Connecticut)
BERGER STERN & WEBB, LLP
Attorneys for Plaintiff
  Stuart & Sons, L.P.
900 Third Avenue
New York, NY 10022
212-319-1900
212-319-2017 Fax

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed first class, postage prepaid on December 10, 2004 to:

William M. Bloss, Esq.
Jacobs, Grudberg, Belt & Dow, P.C.
350 Orange Street
P. O. Box 606
New Haven, Ct 06503

Gene R. Leeuw
John M. Mead
Leeuw & Doyle, P.C.
2000 First Indiana Plaza
135 North Pennsylvania Street
Indianapolis, Indiana 46204

Anthony F. Lo Cicero
Amster, Rothstein & Ebenstein
90 Park Avenue
New York, NY 10016

_____
Mary E. Sommer