UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

---------------------------------------------- x

STUART & SONS, L.P., KENNETH STUART, JR., EXECUTOR OF THE ESTATE OF KENNETH STUART, SR.; TRUSTEE OF THE KENNETH J. STUART TRUST; KENNETH STUART, JR., WILLIAM STUART AND JONATHAN STUART,

        Plaintiffs,

-against-

THE CURTIS PUBLISHING COMPANY, INC., THE SATURDAY EVENING POST SOCIETY, A DIVISION OF THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY and THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY, INC.,

        Defendants.

Case No. 301 CV 1580 (AHN)

---------------------------------------------- x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNT I OF DEFENDANTS' COUNTERCLAIMS (OWNERSHIP OF THE PAINTINGS)**

**I.     INTRODUCTION**

Pursuant to Federal Rule of Civil Procedure 56, Defendants, the Curtis Publishing Company, Inc., The Saturday Evening Post Society, a Division of the Benjamin Franklin Literary and Medical Society and the Benjamin Franklin Literary and Medical Society, Inc. (collectively, "Defendants") hereby submit this Memorandum in Support of Defendants' Motion for Summary Judgment of ownership of three Paintings entitled, "Saying Grace," "The Gossips," and "Walking to Church" (collectively, the "Paintings").

310653.1

## II. PRELIMINARY STATEMENT

The instant case arises over ownership of three Paintings created by Norman Rockwell. *See* Statement of Undisputed Material Facts ("SUMF"), at ¶ 24. The following facts are undisputed.

Kenneth Stuart, Sr. ("Ken Stuart, Sr.") was Art Director for the Post from 1944 to 1962 and was responsible for commissioning the original works of art that appeared in the magazine and negotiating the fees paid to the artists for their work. SUMF, at ¶ 2. Ken Stuart, Sr. was the father of Plaintiffs William, Jonathan and Ken Stuart, Jr. SUMF, at ¶ 4. Ken Stuart, Sr. passed away in 1993. SUMF, at ¶ 5.

Norman Rockwell painted numerous covers for the Post for many years. SUMF, at ¶ 24. In the regular course of receiving payment for painting Post covers, Mr. Rockwell received a "confirmation order" or "standard purchase contract," which the Post sent out with every check sent for payment of the art work that was created by Rockwell. SUMF, at ¶ 25. The "confirmation order" stated that "all art work [was] purchased outright" by Curtis. SUMF, at ¶ 26.

While Art Director at the Post, Ken Stuart, Sr. wrote a September 9, 1955 response letter to Mr. Rockwell's attorney, who was seeking information on which works Curtis wanted to keep and whether Curtis would allow members of Rockwell's family to keep others. In his letter, Ken Stuart, Sr. replied, in part, that "[o]ur company [*i.e.* Curtis] owns all rights to Norman's paintings, **including the ownership of the originals** . . . ." SUMF, at ¶ 29 (emphasis added).

Indeed, Mr. Kenneth Stuart, Sr. affirmatively stated in his letter that while Curtis might make an accommodation as to certain paintings, Curtis "couldn't go back to the

paintings he had made for us" prior to 1954.  The last of the Paintings in issue was painted in 1953.  SUMF, at ¶ 23.  Years later, Ken Stuart, Sr. stated in sworn testimony that as Art Director he "bought Rockwell's" during the time that he was employed at Curtis and that the "original[s] belonged" to Curtis.  SUMF, at ¶ 29.

Comparably, Mr. Rockwell, in a February 23, 1970 letter, advised an executive at Curtis that he received a copy of a "contract which [he] got with every **original [he] sold** to The Saturday Evening Post."  SUMF, at ¶ 28 (emphasis added).

Plaintiffs filed a Second Amended Complaint alleging that Norman Rockwell gave the Paintings to Ken Stuart, Sr. and that in 1992, Ken Stuart, Sr. "transferred" the Paintings to Plaintiff Stuart & Sons, L.P. "before Ken Sr. passed away . . . ."  *See* Second Amended Complaint, at ¶¶ 40, 86.  As a result, Plaintiffs contend they are the rightful owners of the Paintings.  *Id.*  However, the Paintings were never Mr. Rockwell's or Ken Stuart, Sr.'s to give away, because the Post paid Mr. Rockwell for the final paintings and owned them.  SUMF, at ¶ 27, 29.

Accordingly, there is no genuine issue of material fact that the Post owns the Paintings.

## III. ARGUMENT

### A. Legal Standard for Summary Judgment

The Court shall grant summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see, e.g.*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

The moving party bears the initial burden of identifying those portions of the record that it believes demonstrate the absence of a material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party meets the initial burden, the burden shifts to the non-moving party to "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). In meeting its burden, the non-moving party may not rely on conclusory allegations or mere speculation. *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998). An issue of fact is genuine only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. *Anderson*, 477 U.S. at 249. A factual dispute is material only if it might affect the outcome of the suit under governing law. *Id.* at 248.

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [fact finder] or whether it is so one-sided that one party must prevail as a matter of law." *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1994) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).[1] There is no genuine issue of material fact when "the record taken as a whole could not lead a

---

[1] In so doing, the Court "is required to resolve all ambiguities and draw all factual inferences in favor of the party against whom summary judgment is sought." *Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996).

-4-

310653.1

rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

Here, the evidentiary record shows there are no genuine issues of material fact and Defendants own the Paintings.

### B.  As a matter of law, Defendants Own the Paintings

Based on the course of dealings between the Post and Norman Rockwell as admitted by Ken Stuart, Sr. and Norman Rockwell, the Post bought the Paintings, which is acknowledged in a 1955 letter and in sworn written and oral testimony. Indeed, Norman Rockwell himself said that he sold the Paintings to the Post.

Accordingly, there is no genuine issue of material fact that Norman Rockwell sold the Paintings outright and that Defendants own the Paintings. It appears that Plaintiffs were under the mistaken impression that their father truly owned the Paintings but Ken Stuart, Sr's very own written and oral sworn testimony, the confirmation orders, and Norman Rockwell's letter to Curtis in the early 1970s indicate to the contrary.

### IV.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant their Motion for Summary Judgment of Ownership of the Paintings. Further, Defendants respectfully request the Court order an accounting of original art work presently in Defendants' possession or in the possession of others that (a) Defendants presently claim any right to, or (b) any original art work or illustrations appearing on the cover of or in the Post or which at any time hung in the corporate offices of Curtis, and  (c) to provide the Court with any documentation relating to their possession of art work or illustrations, and (d) to grant such other and further relief as the Court deems just and proper.

Respectfully submitted,

ATTORNEYS FOR DEFENDANTS

Dated:   June 1, 2005

By: _____
William M. Bloss (CT 01008)
KOSKOFF KOSKOFF & BIEDER P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421

Anthony F. Lo Cicero (CT 04670)
Karen J. Bernstein (CT 24254)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000

<u>Of Counsel</u>:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is one of the attorneys for defendants in the above-captioned action and that on June 1, 2005, served copies of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNT I (OWNERSHIP OF THE PAINTINGS) by causing copies thereof to be served as follows:

### ***By Hand Delivery***

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

### ***Via Federal Express***

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897
Fax No.: (203) 431-8236

_____
William M. Bloss