UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

---

STUART & SONS, L.P., KENNETH STUART, JR., EXECUTOR OF THE ESTATE OF KENNETH STUART, SR.; TRUSTEE OF THE KENNETH J. STUART TRUST; KENNETH STUART, JR., WILLIAM STUART AND JONATHAN STUART,

    Plaintiffs,

-against-

THE CURTIS PUBLISHING COMPANY, INC., THE SATURDAY EVENING POST SOCIETY, A DIVISION OF THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY and THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY, INC.,

    Defendants.

Case No. 301 CV 1580 (AHN)

---

### DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNT I OF DEFENDANTS' COUNTERCLAIMS (OWNERSHIP OF THE PAINTINGS)

Pursuant to Local Rule 56(a)(1) of the United States District Court for the District of Connecticut, Defendants The Curtis Publishing Company, Inc., The Saturday Evening Post Society, a Division of the Benjamin Franklin Literary and Medical Society, and The Benjamin Franklin Literary and Medical Society, Inc., (collectively, "Defendants") hereby submit this Statement of Undisputed Material Facts in Support of Their Motion For Summary Judgment of Ownership of the Paintings entitled, "Saying Grace," "The Gossips," and "Walking To Church" (collectively, the "Paintings"). The declaration of Karen Bernstein and exhibits are attached to this statement.

310656.2

## THE PARTIES

1.  Plaintiff Stuart & Sons, L.P. is a Connecticut limited partnership with its principal place of business in Wilton, Connecticut.[1]  *See* Second Amended Complaint, doc. # 46, at ¶ 2.

2.  Kenneth J. Stuart, Sr. ("Ken Stuart, Sr.") was the art director for *The Saturday Evening Post* from approximately 1944-1962, and was responsible for commissioning the original works of art that appeared in the magazine and negotiating the fees paid to the artists for their work.  *See id.* at ¶¶ 5, 21.

3.  As Art Director, Ken Stuart, Sr. "negotiate[ed] business transactions with Norman Rockwell.  *See* Exh. D, Bloss Decl., at ¶ 4.

4.  Ken Stuart, Sr. was the father of Plaintiffs William, Jonathan and Ken Stuart, Jr.  *See* Second Amended Complaint, doc. # 46, at ¶¶ 3a, 3c, 3d.

5.  Ken Stuart, Sr. passed away in 1993.  *See id.* at ¶ 86.

6.  Plaintiff Kenneth Stuart, Jr. ("Ken Stuart, Jr.") is the General Partner of Stuart & Sons, L.P., is a citizen of Connecticut and is a son of Kenneth Stuart, Sr.  Ken, Jr. is acting *pro se* on behalf of himself.  *See id.* at ¶ 3a.

7.  On April 19, 1994, Ken Stuart, Jr. was appointed Executor of the Estate of Kenneth Stuart, Sr. ("The Estate") by the probate court for the District of Wilton.  Ken, Jr. is acting *pro se* on behalf of The Estate.  *See id.* at ¶ 3b.

8.  Ken Stuart, Jr. is the Trustee of the Kenneth J. Stuart Living Trust ("The Trust").  Ken, Jr. is acting *pro se* on behalf of The Trust.  *See id.* at ¶ 3e.

---

[1] The status of Stuart & Sons, L.P. as a Connecticut limited partnership is pending on appeal.  In a separate action entitled, *Stuart v. Stuart*, No. CV 94 0310022 (Conn. Super.), the Connecticut Superior Court declared Stuart & Sons, L.P. null and void as a result of Ken Stuart, Jr.'s breach of fiduciary duty as Trustee and Executor of the Estate of Ken Stuart, Sr..  As a result, all assets of Stuart & Sons, L.P. were transferred to the Estate of Ken Stuart, Sr.  The Superior Court also ordered that Plaintiffs Jonathan and William Stuart "have a constructive trust over an undivided two-thirds of the assets and liabilities."  *See* Exh. F, Bernstein Decl., at 73; Exh. G, Bernstein Decl.

9. Plaintiff William Stuart is a citizen of the Commonwealth of Massachusetts and a son of Ken Stuart, Sr. *See id.* at ¶ 3c.

10. Plaintiff Jonathan Stuart is a citizen of the State of New York and a son of Ken Stuart, Sr. *See id.* at ¶ 3d.

11. William Stuart, Jonathan Stuart, and Ken, Jr. (collectively, "Plaintiffs") are designated beneficiaries of The Estate and The Trust. *See id.* at ¶ 3f.

12. Defendant The Saturday Evening Post Society (the "Post") is a division of the Benjamin Franklin Literary and Medical Society, an Indiana not-for-profit corporation with its principal place of business in Marion County, Indiana. *See* Answer to Plaintiffs' Second Amended Complaint and Counterclaims, doc. # 49, at ¶ 1; Plaintiffs' Reply to Defendants' Counterclaims and Affirmative Defenses, doc. # 50, at ¶ 1.

13. Defendant The Post is the successor-in-interest to the literary works, art works and illustrations commissioned, published and copyrighted by the Curtis Publishing Company, Inc., including all rights to the Paintings. *See* Plaintiffs' Second Amended Complaint and Counterclaims, doc. # 49, at ¶ 2; Plaintiffs' Reply to Defendants' Counterclaims and Affirmative Defenses, doc. # 50, at ¶ 1.

14. Curtis created, published, and distributed *The Saturday Evening Post* magazine for many years. *See* Plaintiffs' Second Amended Complaint and Counterclaims, doc. # 49.

15. Curtis, in the course of publishing *The Saturday Evening Post* magazine, created and published literary works, art works, and illustrations in its magazines and on its covers for many years. *See id.* at ¶ 4.

## THE LAWSUIT

16.     On August 20, 2001, Plaintiff Stuart & Sons, L.P. ("Stuart") originally brought suit against Defendants seeking damages for Defendants' alleged tortious interference with business expectancies and a declaration that Stuart was the "true and sole owners of the Paintings." *See* Complaint, doc. #1, at 21.

17.     On August 29, 2001, Stuart subsequently amended its Complaint but seeking the same relief as in the original Complaint. *See* Amended Complaint, doc. #4, at 24.

18.     On November 16, 2004, the Court granted the parties' stipulation and to amend the Complaint yet again adding Jonathan and William Stuart, and Ken Stuart, Jr., individually, The Trust, and The Estate as Plaintiffs. *See* Exh. G, Bloss Decl.; Exh. H, Bloss Decl.

19.     On November 16, 2004 Plaintiffs filed its Second Amended Complaint seeking the same relief as in the Amended Complaint. *See* Second Amended Complaint, doc. # 46, at 19.

20.     Defendants counterclaimed on Count I seeking a declaration that they hold "legal and equitable title to the Paintings" and on Count II seeking an accounting as to the whereabouts of the Paintings. *See* Answer to Plaintiffs' Second Amended Complaint and Counterclaims, doc. # 49, at 21-22.

## UNDISPUTED MATERIAL FACTS OF THE CASE

21.     The cover of the March 6, 1948 issue of *The Saturday Evening Post* bore a work entitled, "The Gossips." *See* Second Amended Complaint, doc. # 46, at ¶ 17.

22.     The cover of the November 24, 1951 issue of *The Saturday Evening Post* magazine bore a work entitled, "Saying Grace." *See id.* at ¶ 17.

23. The cover of the April 4, 1953 issue of *The Saturday Evening Post* magazine bore a work entitled, "Walking To Church." *See id.* at ¶ 17.

24. Norman Rockwell ("Rockwell") is a widely recognized American artist who drew Post covers. *See id.* at ¶¶ 13, 24 [sic].

25. Rockwell, in the regular course of receiving payment for drawing Post covers, received a "confirmation order" or "standard purchase contract," which The Post sent out with every check sent for payment of the art work that was created by Rockwell. *See* Exh. D, at ¶ 7; Exh. E, Bloss Decl., at 49:12-50:7 & exhibit 6 attached thereto at D 000971; Exh. C, Bloss Decl.

26. The "confirmation order" stated that "all art work [was] purchased outright" by Curtis. *See* Exh. D, at ¶ 7; Exh. E, at 49:12-50:7 & exhibit 6 attached thereto at D 000971; Exh. C.

27. The Post paid Rockwell for the final paintings. *See* Exh. E., at 57:23-58:16.

28. Rockwell sold the original Paintings to the Post. *See* Exh. F, Bloss Decl.; Exh. D, at ¶ 7; Exh. E, at 50:18-51:7.

29.     The Post owns the Paintings.  *See* Exh. E, at 50:18-51:7; Answer to Plaintiffs' Second Amended Complaint and Answer, doc. # 49 (exhibits A and B attached thereto).

                          Respectfully submitted,

                          ATTORNEYS FOR DEFENDANTS

Dated:   June 1, 2005

By: _____
William M. Bloss (CT 01008)
KOSKOFF KOSKOFF & BIEDER P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421

Anthony F. Lo Cicero (CT 04670)
Karen J. Bernstein (CT 24254)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000

Of Counsel:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is one of the attorneys for defendants in the above-captioned action and that on June 1, 2005, served copies of the foregoing DEFENDANTS' LOCAL RULE 56(a)(1) STATEMENT IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT THAT THEY OWN LEGAL TITLE TO THE PAINTINGS by causing copies thereof to be served as follows:

### By Hand Delivery

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

### Via Federal Express

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897
Fax No.: (203) 431-8236

_____
William M. Bloss

310656.2