X08 CV 02 0193031                          : SUPERIOR COURT

JONATHAN STUART and                        : STAMFORD/NORWALK JUDICIAL
WILLIAM STUART, M.D.                       : DISTRICT AT STAMFORD

         v.                           : COMPLEX LITIGATION DOCKET

KENNETH STUART, JR., ET AL.                : JUNE 28, 2004


## MEMORANDUM OF DECISION

This divisive family saga came to the court by means of a complaint filed on behalf of Jonathan and William Stuart against their older brother Kenneth Stuart, Jr. individually and in his capacity as executor of their father's estate, as trustee of trusts established by their father and mother and as general partner of a limited partnership, Stuart & Sons.

The essence of the plaintiffs' action is that the three brothers' father, Kenneth Stuart Sr., established an estate plan in 1991 by means of a will and trust, which, upon his death, would have distributed his assets equally among his three sons. However, it is alleged that in 1992 Kenneth Stuart Sr., when he was suffering from dementia and under the undue influence of Kenneth Stuart Jr., effectively changed his estate plan by placing all his assets into a partnership of which Kenneth Stuart Jr. was a general partner. It is further alleged that since Kenneth Stuart Sr.'s death in early 1993 the assets have remained tied up in the partnership and solely under the control of Kenneth Stuart Jr. who has breached his fiduciary duties by maintaining total control over, and not distributing them, and substantially dissipating the assets to his benefit.

Specifically, the Third Revised Complaint (Complaint) alleges that Kenneth Stuart, Jr. (Stuart Jr.) exercised undue influence over his father, the late Kenneth Stuart, Sr. (Stuart Sr.) at the time certain real estate was purchased and the limited partnership was created and funded, and that Stuart Sr. lacked the mental capacity to know and understand these transactions. The Complaint further

the unjust enrichment count, $118,671, and CSI is entitled to the same set-off, $68,621.48.

### III. Remedies

A. <u>Stuart & Sons</u>. The court, having found that Kenneth Stuart Sr. was not competent to engage in the transactions which formed Stuart & Sons and which transferred his assets to that entity, and having further found that Kenneth Stuart Jr. exercised undue influence over his father in the process of forming and funding Stuart & Sons, declares that the creation of the partnership is null and void. All assets and liabilities of Stuart & Sons shall be transferred to the Estate of Kenneth Stuart Sr. at a time to be set by the court. In the meantime, the plaintiffs shall have a constructive trust over an undivided two-thirds of the assets and liabilities.

B. **Fiduciary Duty**. For the reasons set forth in Part II.C. the court finds that Stuart Jr. violated his fiduciary duty. The measure of damages for breach of fiduciary duties is the amount required to restore the value of what was lost by the breach, and to prevent the fiduciary from benefitting personally from the breach. <u>Restatement (3rd) of Trusts</u>, § 205 cited in <u>Efthimiou v. Smith</u>, Superior Court, judicial district of Stamford/Norwalk at Stamford, Complex Litigation Docket, X05 CV 00 018 0898 (June 6, 2002, Rogers, J.); see also <u>Oakhill Associates v. D'Amato</u>, 228 Conn. 723, 727-728 and n.3. The actual damages resulting from this violation are $1,062,332.25 which include the damages determined in Parts II.C. 4,7 and 9, less the contributions he made of $823,860.17. These damages are payable to the Estate of Kenneth Stuart Sr.

C. **Prudent Investor Act**. The court found a violation of this statute but determines that any damages resulting therefrom are duplicative of those assessed because of the violation of fiduciary duty. Therefore, no additional damages are assessed.

D. **Fraudulent Transfer**. The claim of a violation of the Connecticut Uniform Fraudulent

assessed as damages against CSI. This ninety-ten split appears to be a rough approximation of the fees attributable to the work on the claim against Stuart Jr. on one hand and against CSI on the other.

## CONCLUSION

For the reasons stated above, and upon the calculations therein, the court finds that a judgment for money damages should enter against Stuart Jr. in the amount of $2,375,528.38 and a judgment for money damages should enter against CSI in the amount of $60,539.19. These damages are payable to the Estate of Stuart Sr. In addition the creation of, and transfers of assets to, Stuart & Sons is declared void.

The Special Master overseeing the affairs of Stuart & Sons, Peter L. Truebner, Esq., shall undertake all reasonable efforts to wind up the business of the partnership as soon as possible, particularly the payment of all outstanding liabilities and shall make a written report to the court on the progress in this regard by July 31, 2004. The parties and counsel shall cooperate with, and provide all necessary information to, the Special Masters to assist in this process.

While the court understands that many issues may arise and be unresolved as a result of this decision, i.e. the status of the Stuart Sr. Estate tax return, and the status of the Estate itself, it believes all of the issues before the court presented by the complaint and other pleadings are resolved by this decision. To the extent the parties disagree they may make appropriate motions or applications.

Decision entered in accordance with the foregoing 6/28/04 — [signature] Court official
All counsel and pro se parties notified

TAGGART D. ADAMS
SUPERIOR COURT JUDGE

78