DOCKETED ON CM
FEB - 4 2005
BY ___ 012

SEND, ENTER, JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 04-8472-RGK (FMOx) | Date | February 2, 2005 |
|---|---|---|---|
| Title | *SARAH-ROSE JOSEPHA ADLER, et al. v. ELIZABETH TAYLOR* | | |

Present: The Honorable R. GARY KLAUSNER, U.S. DISTRICT JUDGE

| Sharon L. Williams | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants:

Not Present                                Not Present

Proceedings:    (IN CHAMBERS) DEFENDANT ELIZABETH TAYLOR'S MOTION TO DISMISS (DE 5)

I. **INTRODUCTION**

The issue in this case is the rightful ownership to "Vue de l'Asile et de la Chapelle de Saint-Remy," ("the painting") which Vincent Van Gogh painted while a patient of the asylum at Saint-Remy. Plaintiffs are heirs and descendants of an art collector who owned the painting in early twentieth-century Germany. In 1963, Elizabeth Taylor ("Taylor") bought the painting at an auction in England. Plaintiffs are essentially suing for four claims: replevin, constructive trust, restitution, and conversion. Plaintiffs complicate matters by bringing these four claims in four alternate forms: (1) generally, for "recovery of the painting" under an action implied by federal law; (2) for these four claims individually under an action implied by federal law; (3) for these four claims as implied by the "findings and declarations of the California legislature"; and (4) for these four claims in their traditional form, under California law. Essentially, Plaintiffs argue that the painting rightfully belongs to them because it was stolen from their heir through Nazi persecution. Taylor moves to dismiss for failure to state a claim. For the following reasons, the Court grants Taylor's motion.

For the purposes of this Motion, the Court must consider all facts alleged in the First Amended Complaint to be true. Plaintiffs' are descendants and heirs of the late Margarete Mauthner, who bought the painting in 1914 in Germany. Mauthner owned the painting through the 1920s and 1930s. Mauthner and her family fled Nazi Germany for South Africa in 1939. The painting was lost to Nazi persecution. Mauthner died in South Africa in 1947. She was eighty-four.

Taylor bought the painting in 1963 at a Sotheby's auction. The Sotheby's auction incorrectly stated that the painting had passed to Paul Cassirer in 1928 (he had died in 1926). The Sotheby's auction also referred bidders to two catalogues raisonné, which listed the history of the painting. This history of ownership identified Mauthner as the owner of the painting in the 1920s and 1930s, and included that she lived in Berlin. It included other information inconsistent with the Sotheyby's auction's representations. Plaintiffs allege that Taylor ignored these warning signs and bought the painting without properly investigating its ownership history.

In the late 1990's and early in this decade, Congress and the California legislature both stated a strong public policy favoring the return of property that the Nazi government had stolen. Plaintiffs then became aware of the possibility that Mauthner owned the painting and that it may have been stolen from her. After some investigation, Plaintiffs brought the present action.

## II. JURISDICTION

### A. Diversity Jurisdiction

Diversity jurisdiction clearly exists in this case. Plaintiffs are all foreign citizens, while Defendant is a California resident. The painting is worth well over $75,000. Therefore, the Court properly has jurisdiction over the case pursuant to 28 U.S.C. § 1332.

### B. Federal Question Jurisdiction

Some of Plaintiffs' claims are purportedly brought under the 1998 Holocaust Victims Redress Act ("HVRA"), Pub. L. No. 105-158, 112 Stat. 15 (1998), and its companion Nazi War Crimes Disclosure Act ("Disclosure Act"), Pub. L. No. 105-567, 114 Stat. 2865 (1998). Plaintiffs ask the Court to find that these grant the Court federal question jurisdiction. Such a determination is unnecessary because the Court already has jurisdiction pursuant to § 1332. Therefore, the Court need not reach the question of whether federal question jurisdiction applies to this case.

## III. JUDICIAL STANDARD

In considering a motion to dismiss for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6), the Court must assume the plaintiff's allegations are true, and must construe the complaint in a light most favorable to the plaintiff. See United States v. City of Redwood City, 640 F.2d 963, 967 (9th Cir. 1981). The sole issue raised by such a motion is whether the facts pleaded would, if established, support a valid claim for relief. Thus, the facts alleged, no matter how improbable, must be accepted as true for purposes of the motion. See Neitzke v. Williams, 490 U.S. 319, 328-329 (1989). However, a court need not accept as true unreasonable inferences, unwarranted deductions of fact, or conclusory legal allegations cast in the form of factual allegations. See W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). Upon review of a complaint, a court may not dismiss pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Russell v. Landrieu, 621 F.2d 1037, 1039 (9th Cir. 1980). However, dismissal is proper if a complaint is vague, conclusory, and fails to set forth any material facts in support of the allegation. See North Star Int'l v. Ariz. Corps. Comm'n, 720 F.2d 578, 583 (9th Cir. 1983).

The court cannot consider material outside the complaint unless it converts the Rule 12(b)(6) motion into a summary judgment motion. Arpin v. Santa Clara Valley Transp. Agency, 261 F.3d 912, 925 (9th Cir. 2001). For purposes of a Rule 12(b)(6) motion, the court may consider material properly submitted with the complaint. See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 (9th Cir. 1989). Furthermore, the court may also consider matters that may be judicially noticed pursuant to Federal Rule of Evidence 201. Id. at 1555.

If the court chooses to dismiss the complaint, it must decide whether to grant leave to amend. Courts grant leave to amend unless it is clear that amendment would be futile, and "that the deficiencies of the complaint could not be cured by amendment." Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987).

## IV. DISCUSSION

### A. Plaintiffs' Traditional State Law Claims

Before reaching Plaintiffs' non-traditional claims (that arise out of federal law or out of the California legislature's findings and declarations), the Court will first determine whether the Complaint's traditional claims can survive the motion to dismiss. Taylor argues that these claims should be dismissed because they are time-barred under California. Plaintiffs argue that the discovery rule delayed the statute of limitations from running until recently. For the following reasons, the Court finds that Plaintiffs' Complaint establishes facts that show the statute of limitations began to run in 1963 and bars their claims.

#### 1. *Plaintiffs' First Amended Complaint States a Prima Facie Case*

Plaintiffs allege traditional state law claims for conversion, replevin, constructive trust, and restitution. Essentially, Plaintiffs allege (1) that they, through their heir, are the rightful owner of the painting, (2) that the Nazi government's persecution resulted in their loss of the painting, and (3) that Taylor wrongfully took possession of the painting either knowing of its likely theft, or at least that she failed to reasonably investigate its possible theft.

Generally, Plaintiffs' state law claims are valid and supported by the Complaint. First, Plaintiffs can prove conversion by showing (1) that Plaintiffs have ownership or a right to possession of the painting; and (2) that Taylor wrongfully appropriated or exercised dominion over the painting. *See Dodge v. Meyer*, 61 Cal. 405, 406-07 (1882); *Oakdale Vill. Group v. Fong*, 43 Cal. App. 4th 539, 540-41 (1996). Here, Plaintiffs' alleged facts, if proven, would demonstrate that Plaintiffs' (through their heir) had rightful ownership to the painting, and that Taylor took exclusive control of the painting in 1963 either knowing that it was stolen or negligently failing to investigate its ownership history. Alternatively, Plaintiff's alleged facts could establish that they are the rightful owners and that Taylor, although she lawfully purchased the painting, is liable for conversion arising out of her refusal to return it. *See Edwards v. Jenkins*, 214 Cal. 713, 720 (1932). Plaintiffs' allegations sufficiently state a claim for conversion under California law.

Second, replevin is a common law remedy that permits the prevailing party to recover both personal property and incidental damages from an unlawful possessor. *See* 66 Am. Jur. 2d Replevin § 1 (2004). In federal courts, replevin is a remedy specifically approved by rule, as governed by the appropriate state law. *See* Fed. R. Civ. P. 64; *Granny Goose Foods, Inc. v. B'hd of Teamsters and Auto Truck Drivers Local No. 70*, 415 U.S. 423 (1974). In California, courts allow for specific recovery of personal property and incidental damages (but use the term "claim and delivery" rather than "replevin"). *See Fran-Well Heater Co. v. Robinson*, 182 Cal. App. 2d 125 (1960); Cal. Civ. Code § 3379; Cal. Code Civ. P. § 511.010 *et seq.* For specific recovery, Plaintiffs only need show (1) a right to possession of the property, and (2) Taylor's wrongful possession. *Id.* Stated more simply, specific recovery is an available remedy for conversion. Because the Complaint supports a conversion claim, it also supports a specific recovery remedy.

Third, a constructive trust is an equitable remedy used to compel a person holding property to transfer it to the person entitled to possession. *See* Cal. Civ. Code §§ 2223, 2224; *Haskel Engineering & Supply Co. v. Hartford Acc. & Indem. Co.*, 78 Cal. App. 3d 371, 375 (1978); B.E. Witkin, *Summary of California Law* § 305 (9th ed. 1990 & Supp. 2004). For a court to create a constructive trust, the plaintiff only needs to show that (1) the defendant wrongfully acquired the property, and (2) that the defendant would be unjustly enriched if allowed to keep the property. *Id.* Again, for the same reasons discussed above, Plaintiffs' Complaint alleges facts that support both elements necessary for a constructive trust.

Finally, Plaintiffs allege a claim for restitution. However, in California, the restitution remedy is only applicable to breach of contract claims. *See Freedman v. St. Matthias Parish*, 37 Cal. 2d 16 (1951). Here, Plaintiffs' "restitution" claim is better termed a demand for specific recovery and any incidental damages, which are already properly alleged in the preceding three claims.

In summary, regardless of whether Plaintiff's non-traditional claims are valid, at the very least their First Amended Complaint sufficiently alleges a claim for conversion, and demands valid remedies of specific recovery and a constructive trust.

2. *California's Statute of Limitations*

Taylor alleges that the Complaint does not state a claim because of California's statute of limitations. Plaintiffs argue that the statute did not begin tolling against them until recently.

California limits causes of action to recover Holocaust-era artwork from individuals. California passed a law giving heirs the right to sue *galleries and museums* for the return of such artwork until 2010, free from any statute of limitations. *See* Cal. Civ. Proc. Code § 354.3. However, this exception does not apply to suits against individuals. In "[a]n action for taking, detaining, or injuring any goods or chattels, including actions for the specific recovery of personal property," a plaintiff must sue within three years. Cal. Civ. Proc. Code § 338(c). A newer version of the California law includes an explicit "discovery rule," which states that the statute begins to run when the plaintiff was on notice of the property's whereabouts. However, the older version of the California law did not include a "discovery rule." The parties dispute whether a discovery rule applies to this case, though both agree that the Court should apply the old law given that Taylor bought the painting in 1963.

a. *The Discovery Rule Does Not Apply to this Case*

In *Naftzger v. American Numismatic Society*, one California Court of Appeal held that there was an implied discovery rule in the old statute. 42 Cal. App. 4th 421 (1996). However, in *Society of California Pioneers v. Baker* another Court of Appeal disagreed. 43 Cal. App. 4th 774, 783 (1996). The California Supreme Court has not resolved the conflict.

As the *California Pioneers* Court notes, the *Naftzger* Court failed to address California precedent that rejected the application of a discovery rule. *California Pioneers*, 43 Cal. App. 4th at 780-83. This precedent establishes that the statute of limitations begins to run against a subsequent purchaser of stolen property at the time the subsequent purchaser obtains the property. *Id.* Thus, in this case, the statute of limitations began to run in 1963. It has long since expired.

b. *Application of the Discovery Rule*

Even if the California courts would apply a discovery rule to this case, Plaintiffs' Complaint does not state facts sufficient to survive the motion to dismiss. "The discovery rule provides that, in an appropriate case, a cause of action will not accrue until the injured party discovers, or by exercise of reasonable diligence and intelligence should have discovered, facts which form the basis of a cause of action." *O'Keefe v. Snyder*, 83 N.J. 478, 491 (1980).

Plaintiffs' own Complaint establishes several key facts: (1) the world knew of Mauthner's prior ownership of the painting for years; (2) Mauthner was aware that the painting was lost or stolen; and (3) Taylor's purchase and ownership of the painting was common knowledge and easily discoverable. The facts establish that Plaintiffs, "by exercise of reasonable diligence," should have discovered Taylor's ownership in 1963. *O'Keefe*, 83 N.J. at 491. The Complaint fails to allege any diligence on Plaintiffs' part, much less

any reasonable diligence. Thus, even if the discovery rule applied to this case, Plaintiffs have still failed to state a claim.

Therefore, the Court dismisses Plaintiffs' claims, numbered nine through thirteen, for claims of conversion, replevin, constructive trust, and restitution, as barred by the California statute of limitations.

### 3. *English Law*

Taylor asserts that the California courts would apply 1963 English law to this case because the painting was bought in England. Under that law, Taylor claims that Plaintiffs' suit is time-barred.

The Court need not reach the merits of Taylor's choice-of-law argument at this time. Taylor relies on declaration evidence that may or may not be contested to establish what the result would be in this case under English law. However, a motion to dismiss for failure to state a claim is judged on the pleadings, not declarations such as Taylor has provided to the Court. Moreover, the California statute of limitations bars Plaintiffs' claims.

## B. Plaintiffs' Non-Traditional Causes of Action

Plaintiffs have stated several non-traditional causes of action. No court has ever found valid the causes of action that Plaintiffs claim in their Complaint. For the following reasons, the Court finds that Plaintiffs' non-traditional claims are invalid.

### 1. Claims Arising Out of Federal Law

Federal courts are reluctant to create a new cause of action that Congress did not explicitly create through legislative action. *See United States v. Gilman*, 347 U.S. 507 (1954); *Wheeldin v. Wheeler*, 373 U.S. 647, 651 (1963). The courts will only create a new cause of action where absolutely necessary in order to effectuate Congress's intent. *See, e.g., Cannon v. University of Chicago*, 441 U.S. 677, 688 (1979); *J.I. Case Co. v. Borak*, 377 U.S. 426 (1964).

The Supreme Court's methodology on how to best determine a Congressional intent to create a cause of action has shifted over the past thirty years, with a trend against finding new causes of action. *See* Erwin Chemerinsky, *Federal Jurisdiction* §6.3.3 (4th ed. 2003). Under the older approach, the Supreme Court looked to four factors: whether the Plaintiff is a member of a class envisioned by Congress, whether there is any indication of Congressional intent, whether implying a cause of action is consistent with the overall statutory scheme, and whether the cause of action is one traditionally left to state law. *Cort v. Ash*, 422 U.S. 66, 78 (1975).

Under the current approach, the courts create a private right of action "only if there is affirmative evidence of Congress's intent to create a private right of action." Chemerinsky at 385 (citing *Touche Ross & Co. v. Redington*, 442 U.S. 560 (1979)). The courts also presume that Congress is well aware of this philosophy of judicial restraint, and therefore would clearly enunciate an intent to create a private right of action when that desire exists. *See Karahalios v. Nat'l Federation of Federal Employees*, 489 U.S. 527 (1989).

Here, under any Supreme Court methodology, the Congressional Record does not indicate an intent to create a private cause of action. Rather, it indicates a Congressional intent to encourage governments to aid in the restitution of property through currently existing laws. Plaintiffs completely fail to address the fourth *Cort* factor. This factor makes it clear that courts should not create a new federal law where a state law already exists. Here, California law already provides for conversion and specific recovery. Therefore,

the Court finds that Plaintiffs claims, numbered one through five, for causes of action arising out of federal law, are invalid and are dismissed.

2. <u>Claims Arising Out of the California Legislature's Findings and Declarations</u>

Plaintiffs also ask the Court to create a new California claim that arises out of the California legislatures findings and declarations. No California court has created a special claim for the conversion of property in the manner proposed by Plaintiffs. As a federal court of limited jurisdiction, this Court is particularly reluctant to create a new California state cause of action, particularly one that would contradict the established California statute of limitations.

Therefore, the Court dismisses Plaintiffs' claims, numbered six through nine, for causes of action arising out of the findings and declarations of the California legislature.

V. <u>CONCLUSION</u>

In light of the foregoing, Taylor's motion to dismiss is granted in its entirety.

**IT IS SO ORDERED.**

Initials of Preparer  slw