UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| STUART & SONS, L.P., KENNETH STUART, EXECUTOR OF THE ESTATE OF KENNETH J. STUART, THE KENNETH J. STUART LIVING TRUST, KENNETH J. STUART, JR., WILLIAM A. STUART, M.D., AND JONATHAN STUART<br><br>Plaintiffs,<br><br>-against-<br><br>THE CURTIS PUBLISHING COMPANY, INC., THE SATURDAY EVENING POST SOCIETY, A DIVISION OF THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY, and THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY, INC.,<br><br>Defendants. | Case No. 301 CV 1580 (AHN)<br><br>July 5, 2005 |

**AMENDED REPLY BY PLAINTIFF STUART & SONS, L.P., TO DEFENDANTS' AFFIRMATIVE DEFENSES AND COUNTERCLAIM**

Plaintiff Stuart & Sons, L.P., hereby replies as follows to Defendants' Counterclaim dated November 12, 2004.

**COUNT ONE:**

1.    Plaintiffs Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 1, and therefore leaves Defendants to their proof.

2.    The Stuart & Sons, L.P. denies that the defendant Saturday Evening Post is the

successor in interest to rights to the art works at issue herein.  With respect to the remaining allegations of Paragraph 2, the Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the allegations contained in Paragraph 2, and therefore leaves Defendants to their proof.

      3.      Stuart & Sons, L.P. admits the allegations contained in Paragraph 3.

      4.      Stuart & Sons, L.P. denies the allegations contained in paragraph 4.

      5.      Stuart & Sons, L.P. denies that Curtis was the owner of art works which appeared in its magazines and on its covers.  With respect to the remaining allegations of Paragraph 5, Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the allegation contained in Paragraph 5, and therefore leaves Defendants to their proof.

      6.      Stuart & Sons, L.P. admits that the cover of the March 6, 1948 issue of The Saturday Evening Post bore a work entitled "The Gossips" and that there is a copyright registered with the United States Copyright Office as a composite work of The Saturday Evening Post issue dated March 6, 1948 (Original Registration No. B-125320), which was renewed as R-600284.  Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 6, and therefore leaves Defendants to their proof.

      7.      Stuart & Sons, L.P. admits that the cover of the November 24, 1951 issue of The Saturday Evening Post bore a work entitled "Saying Grace" and that there is a copyright registered with the United States Copyright Office as a composite work of The Saturday Evening Post issue dated November 24, 1951 (Original Registration No. B-330326), which was renewed as RE-107-969.  Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 7, and therefore leaves Defendants to their proof.

      8.      Stuart & Sons, L.P., admits that the cover of the April 4, 1953 issue of The

Saturday Evening Post bore a work entitled "Walking to Church" and that there is a copyright registered with the United States Copyright Office as a composite work of The Saturday Evening Post issue dated April 4, 1953 (Original Registration No. B-409145), which was renewed as RE-79-200.   Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 8, and therefore leaves Defendants to their proof.

9. Stuart & Sons, L.P. admits the allegations contained in Paragraph 9.

10. Stuart & Sons, L.P. admits the allegations contained in Paragraph 10 that letters attached to Defendants' Counterclaim as Exhibit A and B, dated August 25, 1955 and September 9, 1955, are between Attorney John L. Donna and Kenneth Stuart Sr.  Stuart & Sons, L.P. respectfully refer the Court to said Exhibits for the terms and effect thereof.   Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 10, and therefore leaves Defendants to their proof.

11. Stuart & Sons, L.P. denies that Curtis is the owner of the paintings "The Gossips," "Saying Grace," and "Walking to Church."  Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 11, and therefore leaves Defendants to their proof.

12. Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 12, and therefore leaves Defendants to their proof.

13. Stuart & Sons, L.P. denies the allegations contained in paragraph 13.

14. Stuart & Sons, L.P. admits the allegations contained in Paragraph 14.

15. Stuart & Sons, L.P. denies the allegations contained in Paragraph 15.

**COUNT TWO:**

16. Stuart & Sons, L.P. repeats and realleges its answers to Paragraphs 1 through 15 of Count One in response to Paragraph 16 of this, Count Two, as if fully set forth herein.

17. Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the remaining allegations contained in paragraph 17, and therefore leaves Defendants to their proof.

18. Stuart & Sons, L.P. has insufficient knowledge as to the truth or falsity of the remaining allegations contained in paragraph 18, and therefore leaves Defendants to their proof.

19. Stuart & Sons, L.P. denies the allegations contained in Paragraph 19.

## AFFIRMATIVE DEFENSES

**FIRST AFFIRMATIVE DEFENSE:**

The relief that the Defendants seek in the Counterclaims is barred by the statute of limitations.

**SECOND AFFIRMATIVE DEFENSE:**

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of laches.

**THIRD AFFIRMATIVE DEFENSE:**

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE:**

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of estoppel.

**FIFTH AFFIRMATIVE DEFENSE:**

The defendants are not entitled to an accounting from Stuart & Sons, L.P.

**SIXTH AFFIRMATIVE DEFENSE:**

Upon information and belief, one or more of the Defendants lacks legal capacity to assert the Counterclaims.

**WHEREFORE,** Stuart & Sons, L.P. respectfully requests a judgment (a) denying the Defendants' Counterclaims in their entirety, (b) declaring that Stuart & Sons, L.P. is the true and sole owner of the Paintings and has an the right to retain or transfer ownership of the Paintings, and (c) granting such other and further relief as this Court deems just and proper.

Respectfully Submitted,
Stuart & Sons, L.P.

BY   \_\_/s/\_Mary E. Sommer_____
Mary E. Sommer  (ct04345)
Sandak Hennessey & Greco, LLP
707 Summer Street
Stamford, Ct  06901

5

**CERTIFICATION**

This is to certify that the original of this document was electronically filed with the court, and a copy of the foregoing was sent via U.S. mail, postage prepaid on this 5th day of July, 2005, to the following counsel and pro se parties of record:

William M. Bloss, Esq.
Koskoff Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Ct  06604

Kenneth J. Stuart, Jr.
5 High Ridge Road
Wilton, CT  06897

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY  10016

Paul J. Pacifico, Esq.
965 Post Road East
Westport, Ct  06880

Peter R. Stern, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY  10016

/s/ Mary E. Sommer
Mary E. Sommer