# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016

Main   212 336 8000
Fax    212 336 8001
Web    www.arelaw.com

| Partners | Senior Counsel | Max Vern | Alan D. Miller, Ph.D. |
|---|---|---|---|
| Morton Amster | Charles R. Macedo | Dana R. Metes | Hsin-Hsin (Ginger) Liu |
| Jesse Rothstein *(1934-2003)* | Mark J. Rosenberg | Karl J. Kolbinger | John Lepore |
| Daniel Ebenstein | Nancy M. Dodderidge | Brian A. Comack | Norajean McCaffrey |
| Philip H. Gottfried | Joseph M. Casino | Richard S. Mandaro | Benjamin M. Halpern* |
| Michael J. Berger | | Marc J. Jason | Matthew A. Fox |
| Neil M. Zipkin | *Associates* | Elie H. Gendloff, Ph.D. | Michael J. Kasdan |
| Anthony F. Lo Cicero | Neal L. Rosenberg | David Mitnick | Sasha B. Rieders |
| Kenneth P. George | Patrick Boland* | Charles W. Rath | Rebecca R. Eisenberg |
| Abraham Kasdan, Ph.D. | John S. Economou | David A. Boag | |
| Ira E. Silfin | Michael V. Solomita | Karen J. Bernstein | |
| Chester Rothstein | Holly Pekowsky | Matthieu Hausig | |
| Craig J. Arnold | Michael P. Kenney | Jung S. Hahm | |
| Kenneth M. Bernstein | Marion P. Metelski | Reiko Kaji | * Not admitted in New York |

June 20, 2005

**_Via Facsimile_**

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897

Karen J. Bernstein
Direct 212 336 8123
E-mail kjbernstein@arelaw.com

Re:   Stuart & Sons, L.P. et al. v.
      The Curtis Publishing Company, Inc., et al.
      Case No. 301 CV 1580 AHN
      Our File: 8587/3

Dear Sandra:

This letter concerns Plaintiffs' recently amended Motion for Judgment on the Pleadings.

The week before, on Friday, June 10, 2005, Tony consented by telephone to Plaintiffs amending their Motion for Judgment on the Pleadings, originally filed on June 1, 2005 (the "June 1 Motion"), because it was fifty pages long and the Local Rules provide that memorandum of law be no more than forty pages in length. You assured Tony that Plaintiffs' amended Motion for Judgment on the Pleadings would not change in substance.

Last Wednesday, June 15, 2005, I called you on the phone to advise you that we still had not seen the amended Motion for Judgment on the Pleadings. During our conversation, I specifically asked you whether any substantive changes were made to the amended Motion. You advised that the amended Motion for Judgment on the Pleadings was filed on June 10, 2005 (the "June 10 Motion"), there were no substantive changes made to it (only a font change), and that you had served Defendants by mail a copy of the June 10 Motion.

We finally received the June 10 Motion one week later on June 17, 2005 in the mail. The June 10 Motion consisted of Plaintiffs' Motion, Memorandum of Law, and your Declaration in Support (the "June 10 Declaration"), which attaches several exhibits. We compared all of the motion papers from the June 1 Motion with the June 10 Motion.

Sandra Akoury, Esq.                         -2-                         June 20, 2005

While there are no substantive changes that were made to the June 10 Motion or Memorandum of Law, there appears to be a significant change between Exhibit C attached to the declaration you submitted in support of the June 1 Motion (the "June 1 Declaration") and Exhibit C attached to the June 10 Declaration.

Exhibit C attached to the June 1 Declaration is Plaintiffs' Reply to Defendants' Counterclaims, dated **October 2, 2001**; whereas, Exhibit C to the June 10 Declaration is Plaintiffs' Reply to Defendants' Counterclaims, dated **December 10, 2004**.

Further, it appears that page 21 of Exhibit B is missing in both the June 1 and June 10 Declarations. Exhibit B is Defendants' Answer and Counterclaims to Plaintiffs' Second Amended Complaint. Significantly, page 21 of Defendants' Counterclaims (Exhibit B) contains Paragraph 11, which alleges that "[a]s confirmed by Mr. Stuart, Sr., the Post, as successor-in-interest to Curtis, is the owner the Paintings entitled, "Saying Grace," "The Gossips" and "Walking To Church" (collectively, the "Paintings"). Plaintiffs admitted the allegations of Paragraph 11 of Defendants Counterclaim in their Reply to Defendants' Counterclaim, filed on December 13, 2005, Docket No. 50.[1]

Based on Plaintiffs' pleadings, we expect that Plaintiffs will not contest Defendants' ownership and will instead rely on the statute of limitations and laches defenses. Accordingly, Plaintiffs should not oppose Defendants' Motion for Summary Judgment on Count I of the Counterclaims (Ownership of the Paintings).

In light of the above, please advise by no later than the close of business, Friday, June 24, 2005, whether Plaintiffs will be opposing Defendants' Motion for Summary Judgment on Count I of the Counterclaims (Ownership of the Paintings).

If you wish to discuss this matter further, please contact me.

Very truly yours,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Karen J. Bernstein

KJB/dpb

---

[1] This undisputed material fact is confirmed in Defendants' Local Rule 56(a)1 Statement of Undisputed Material Facts accompanying their Motion for Summary Judgment on Count I (Ownership of the Paintings).

Sandra Akoury, Esq.                    -3-                    June 20, 2005

cc:    Paul Pacifico, Esq. (*via facsimile*)
       Peter R. Stern, Esq. (*via facsimile*)
       Mary E. Sommer, Esq. (*via facsimile*)
       Kenneth Stuart, Jr. (*via facsimile*)
       Gene R. Leeuw, Esq. (*via facsimile*)
       William M. Bloss, Esq. (*via facsimile*)