# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016

Main  212 336 8000
Fax   212 336 8001
Web   www.arelaw.com

**Partners**
Morton Amster
Jesse Rothstein *(1934 - 2003)*
Daniel Ebenstein
Philip H. Gottfried
Michael J. Berger
Neil M. Zipkin
Anthony F. Lo Cicero
Kenneth P. George
Abraham Kasdan, Ph.D.
Ira E. Silfin
Chester Rothstein
Craig J. Arnold
Kenneth M. Bernstein

**Senior Counsel**
Charles R. Macedo
Mark J. Rosenberg
Nancy M. Dodderidge
Joseph M. Casino

**Associates**
Neal L. Rosenberg
Patrick Boland*
John S. Economou
Michael V. Solomita
Holly Pekowsky
Michael P. Kenney
Marion P. Metelski

Max Vern
Dana R. Metes
Karl J. Kolbinger
Brian A. Comack
Richard S. Mandaro
Marc J. Jason
Elie H. Gendloff, Ph.D.
David Mitnick
Charles W. Rath
David A. Boag
Karen J. Bernstein
Matthieu Hausig
Jong S. Hahm
Reiko Kaji

Alan D. Miller, Ph.D.
Hsin-Hsin (Ginger) Liu
John A. Lepore
Norajean McCaffrey
Benjamin M. Halpern*
Matthew A. Fox
Michael J. Kasdan

*Not admitted in New York*

January 31, 2005

***Via Facsimile***
***and First Class Mail***

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897

Karen J. Bernstein
Direct 212 336 8123
E-mail kjbernstein@arelaw.com

Re:  Stuart & Sons, L.P. et al. v.
     The Curtis Publishing Company, Inc., et al.
     Case No. 301 CV 1580 AHN
     Our File: 8587/3

Dear Sandra:

We received Plaintiffs' Response to Defendants' First Set of Requests for the Production of Documents on ("Plaintiffs' Response") and address the following glaring deficiencies.

First, Plaintiffs' Response bears only your signature line, on behalf of Plaintiffs William and Jonathan Stuart.[1]  As a result, Plaintiffs Stuart & Sons, L.P., the Estate of Kenneth J. Stuart, the Kenneth J. Stuart Living Trust, and Kenneth J. Stuart, Jr. (the "Remaining Named Plaintiffs") have failed to comply with the Court's January 11, 2005 Order and Federal Rules of Civil Procedure 34(a), subjecting them to sanctions pursuant to Fed. R. Civ. P. 37.  We are writing to Mary Sommer and Peter Stern on behalf of their client, Stuart & Sons, L.P., and to Kenneth Stuart, Jr., who has appeared *pro se* on his own behalf and on behalf of the Trust and Estate.

Second, with respect to Plaintiffs' Response, many of the objections are to requests that seek documents supporting claims made in the Second Amended Complaint.  The 2000 amendments to Federal Rules of Civil Procedure 26(b)(1) permit discovery as to "any matter, not privileged, that is relevant to the claim or defense of any party . . . ."  *See* 2000 Amendment, Adv. Comm. Notes, Subdivision (b)(1).  We can think of nothing more relevant -- or appropriate for discovery -- than discovery relating to the

---

[1] For purposes of this letter, "Plaintiffs" refers to Jonathan and William Stuart only.

299864.1

Sandra Akoury, Esq.                    -2-                    January 31, 2005

allegations of the Complaint. Accordingly, either withdraw these improper objections as set forth specifically below or we will ask the Court to strike certain allegations of the Second Amended Complaint.

Third, it is improper for Plaintiffs to object to Defendants' document requests simply because such documents are "readily available to the Defendants as public records" or the information sought is more "readily available to the Defendants than to the Plaintiffs." Such improper objections are contrary to the Federal Rules of Civil Procedure and case law. *See* Fed. R. Civ. P. 34(a) (a party is required to produce tangible things that "are in the possession, custody or control of the party upon whom the request is served"); *Schwartz v. Marketing Publishing Co.*, 153 F.R.D. 16, 21 (D. Conn. 1994). Accordingly, Defendants are seeking documents in Plaintiffs' possession, custody or control, whether or not copies of such documents exist elsewhere. Accordingly, please advise whether Plaintiffs will withdraw these objections and produce the documents forthwith. Otherwise, we will seek the Court's assistance.

Fourth, we do not understand the phrase used in several of Plaintiffs' Responses, "to the extent such documents exist." Federal Rule of Civil Procedure 26(g) imposes an obligation on an attorney to "make a reasonable effort to assure that the client has provided all . . . documents available to him that are responsive to the discovery demand." *See* 1983 Amendment, Adv. Comm. Notes. Thus, the improper statement, "to the extent such documents exists" raises serious concerns about whether Plaintiffs conducted a document search prior to responding to Defendants' document requests. Accordingly, please explain what Plaintiffs meant by "to the extent such documents exists" and confirm whether Plaintiffs conducted an appropriate document search prior to responding to Defendants' document requests.

Finally, we note that in response to several of Defendants' document requests, Plaintiffs have offered to make responsive documents available for inspection to Defendants' counsel "at a mutually convenient time." We are available any time to inspect the documents, so please provide us with an immediate date, time and location.

\*   \*   \*

Below, are our specific comments concerning Plaintiffs' Responses to Defendants' document requests:

### Responses to Document Request No. 1:

Document Request No. 1 seeks "[a]ll documents concerning any arbitration, litigation or other proceeding concerning Stuart & Sons, including the matter of *Stuart v. Stuart,* No. Civ. 02 0193031, Superior Court in the State of Connecticut,

Sandra Akoury, Esq.                    -3-                    January 31, 2005

District of Stamford." Plaintiffs objected to this document request on the grounds, *inter alia,* that the request was "not reasonably calculated to lead to the discovery of relevant and admissible evidence," the "evidentiary documents and trial transcripts are readily available to the Defendants as public records," and "as to the Connecticut Action, this request is irrelevant as all members of the Stuart family claiming an interest in the Paintings are now part of this lawsuit." As discussed above, Plaintiffs' improper relevance objection should be withdrawn, and Plaintiffs must produce relevant documents in their possession, custody, or control.

In addition, we do not understand the objection that "all members of the Stuart family claiming an interest in the Paintings are now part of this lawsuit." Please explain the relevance of this objection or withdraw it and produce responsive documents forthwith. Otherwise, we will seek the Court's assistance.

### Responses to Document Request No. 2:

Document Request No. 2 seeks "[a]ll documents concerning income tax returns of Stuart, Sr. from 1986-1991." Plaintiffs responded that this Request is "(1) irrelevant; and (2) not likely to lead to the discovery of relevant and admissible evidence." To the contrary, this document request is relevant to Paragraph 71 of the Second Amended Complaint, which states that "[o]n June 2, 1986, a letter was sent to Beurt SerVaas confirming that Ken Sr. was then the owner of *Saying Grace* and other works by Rockwell," and Paragraph 85 of the Second Amended Complaint, which alleges that "[m]onies were paid to maintain and insure the Paintings as well as to satisfy tax obligations arising out of the ownership of the Paintings. Thus, the time period from 1986 to 1991 is relevant to determine whether Ken Stuart, Sr. paid any taxes from 1986 to 1991, right before his death. Defendants are entitled to see the documents that support these contentions, or they must be withdrawn.

Further, as stated above, Plaintiffs' objection that "all responsive documents maintained by any of the Plaintiffs were submitted into evidence in the Connecticut Action, and are therefore readily available to the Defendants as public records" does not satisfy Plaintiffs' obligation to produce responsive documents in their possession, custody, or control. Certainly, Plaintiffs or their attorneys must have copies of all documents submitted in the Connecticut Action since most of the named Plaintiffs in this case were involved in the *Stuart v. Stuart* matter. Accordingly, please withdraw the objections to this Request and produce the documents forthwith. Otherwise, we will move the Court to strike Paragraph 85 of Plaintiffs' Second Amended Complaint.

299864.1

Sandra Akoury, Esq.                    -4-                    January 31, 2005

### Responses to Document Request No. 3:

Document Request No. 3 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that monies were paid to maintain and insure the Paintings as well as to satisfy tax obligations arising out the alleged ownership of the Paintings." Defendants responded that they "cannot accurately respond to this request for the following reason: all documents related to the expenses of Stuart & Sons were submitted into evidence in the Connecticut Superior Court action. The evidence presented at trial in the Connecticut Court was disputed. The judgment of the Connecticut Superior Court is currently on appeal; thus the Plaintiffs are unable to answer this request at this time." This response is unacceptable. This Request is based on Paragraph 85 of Plaintiffs' Second Amended Complaint. Defendants are entitled to the documents that support these contentions or Plaintiffs should withdraw them.

Further, whether Stuart & Sons submitted expenses into evidence in the Connecticut Superior Court Action or that the evidence was disputed is irrelevant to this document request. Plaintiffs are obligated to produce responsive documents by the Federal Rules of Civil Procedure, the Court's January 11, 2005 Order and controlling case law. Just because the judgment is on appeal does not excuse Plaintiffs from meeting their obligations. Certainly, Plaintiffs or their attorneys must have possession, custody or control of all documents submitted in the Connecticut Action since they were named Plaintiffs in the *Stuart v. Stuart* matter. Accordingly, please withdraw the objections to this Request and produce the documents forthwith. Otherwise, we will move the Court to strike the allegations contained in Paragraph 85 of Plaintiffs' Second Amended Complaint.

### Responses to Document Request No. 4:

Document Request No. 4 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that in the last 20 or so years of his life, Stuart, Sr. and his family did financial planning and took other actions based upon their alleged ownership of the Paintings." Plaintiffs responded that this Request is "(1) irrelevant; and (2) not likely to lead to the discovery of relevant and admissible evidence." The scope of relevance set forth in Rule 26(b)(1) supports Document Request No. 3 because it seeks documents supporting the allegations of Paragraph 84 of the Second Amended Complaint. Further, as stated above, Plaintiffs' objection that "all responsive documents maintained by any of the Plaintiffs were submitted into evidence in the Connecticut Action, and are therefore readily available to the Defendants as public records" does not satisfy Plaintiffs' obligation to produce responsive documents in their possession, custody, or control. Certainly, Plaintiffs or their attorneys must have copies of all documents submitted in the Connecticut Action since they were involved in the *Stuart v. Stuart* matter. Accordingly, please withdraw the objections to this Request and produce

299864.1

the documents forthwith. Otherwise, we will move the Court to strike Paragraph 84 of Plaintiffs' Second Amended Complaint.

### Responses to Document Request No. 5:

Document Request No. 5 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that during his relationship with Rockwell, Stuart Sr. received other artwork from Rockwell, including the Paintings." Plaintiffs objected that this Request as "(1) overly broad and unduly burdensome; (2) vague and irrelevant; and (3) it is not likely to lead to the discovery of relevant and admissible evidence." Although Plaintiffs have offered to make responsive documents available to Defendants "at a mutually convenient time," which we stand ready, willing, and able to inspect as soon as possible, such objections should be withdrawn since Document Request No. 5 is based on Paragraph 42 of the Second Amended Complaint. Defendants are entitled to see the documents that support these contentions. Accordingly, please withdraw the objections to this Request or withdraw Paragraph 42.

### Responses to Document Request No. 6:

Document Request No. 6 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that because Post artwork did not have significant economic value to the Post during Stuart, Sr.'s tenure as Art Director, the distributions of the Paintings took place in the ordinary course of business and without any formal corporate action, such as a resolution of the Post's board of directors." Plaintiffs objected to this document request that "(1) it is overly broad and unduly burdensome; (2) it is vague; and (3) the information sought is more readily available to the Defendant than to the Plaintiffs." Although Plaintiffs have offered to make responsive documents available to Defendants "at a mutually convenient time," which we stand ready, willing, and able to inspect as soon as possible, such objections should be withdrawn since Document Request No. 6 is directed to the allegations of Paragraph 39 of the Second Amended Complaint. Defendants are entitled to see the documents that support these contentions. Further, as stated above, just because information may be more readily available to Defendants than to Plaintiffs does not excuse obligations imposed by the Federal Rules of Civil Procedure, the Court's January 11, 2005 Order, and controlling case law to produce all documents in its possession, custody, or control. Accordingly, please withdraw the objections to this Request or withdraw Paragraph 39.

### Responses to Document Request No. 7:

Document Request No. 7 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that Stuart, Sr. came to own *The Gossips* and *Walking to Church*, in or about 1953. Plaintiffs objected to this Request as "(1) overly

broad and unduly burdensome; (2) vague; and (3) the information sought is more readily available to the Defendant than to the Plaintiffs." Although Plaintiffs have offered to make responsive documents available to Defendants "at a mutually convenient time," which we stand ready, willing, and able to inspect as soon as possible, such objections should be withdrawn since Document Request No. 7 is directed to the allegations of Paragraph 41 of the Second Amended Complaint. Defendants are entitled to see the documents that support these contentions. Further, as stated above, just because information may be more readily available to Defendants than to Plaintiffs does not excuse obligations imposed by the Federal Rules of Civil Procedure, the Court's January 11, 2005 Order, and controlling case law to produce all documents in their possession, custody, or control. Thus, Plaintiffs' objections to this Request are wholly improper and should be withdrawn or we will move to strike Paragraph 41.

### Responses to Document Request No. 8:

Document Request No. 8 seeks "[a]ll documents concerning Stuart, Sr's alleged ownership of *Saying Grace*." Plaintiffs objected to this Request as "(1) overly broad and unduly burdensome; (2) vague; and (3) the information sought is more readily available to the Defendant than to the Plaintiffs." Although Plaintiffs have offered to make responsive documents available to Defendants "at a mutually convenient time," which we stand ready, willing, and able to inspect as soon as possible, such objections should be withdrawn since Document Request No. 8 forms the basis of Plaintiffs' Second Amended Complaint. Thus, Defendants are entitled to see the documents that support these contentions. Further, as stated above, just because information may be more readily available to Defendants than to Plaintiffs does not excuse obligations imposed by the Federal Rules of Civil Procedure, the Court's January 11, 2005 Order, and controlling case law to produce all documents in their possession, custody, or control. Accordingly, please withdraw the objections to this Request or we will seek the Court's assistance.

### Responses to Document Request No. 9:

Document Request No. 9 seeks "[a]ll documents concerning Stuart & Sons' alleged ownership of the Paintings." Plaintiffs objected to this Request as "(1) overly broad and unduly burdensome; (2) vague and irrelevant; and (3) the information sought is more readily available to the Defendant than to the Plaintiffs." Document Request No. 9 is highly relevant because it forms the basis of Plaintiffs' Second Amended Complaint. Thus, Defendants are entitled to see the documents that support these contentions.

Further, Plaintiffs' objected that "as to the Connecticut Action, this Request is irrelevant as all members of the Stuart family claiming an interest in the Paintings are now part of this lawsuit." Such an objection is nonsensical. Document Request No. 9

Sandra Akoury, Esq.                    -7-                    January 31, 2005

has no bearing on the Connecticut Action and whether all members of the Stuart family claiming an interest in the Paintings are now part of this lawsuit does not relate to this Request. Further, since Plaintiffs will produce documents responsive to Document Request Nos. 7 and 8, which seek documents in connection with Stuart Sr.'s ownership of the Paintings, it is inappropriate to object to production of all documents in connection with the Paintings, the subject of this action. Accordingly, please withdraw the objections to this Request and produce the documents forthwith. Otherwise, we will seek the Court's assistance.

### Responses to Document Request No. 10:

Document Request No. 10 seeks "[a]ll documents concerning receipts and payments concerning the Paintings." Plaintiffs objected that this Request is "(1) overly broad and unduly burdensome, [and] (2) vague and irrelevant." Although Plaintiffs have offered to make responsive documents available to Defendants "at a mutually convenient time," which we stand, ready, willing, and able to inspect as soon as possible, such objections should be withdrawn since Document Request No. 10 is directed to the allegations of Paragraphs 41, 84, and 85 of the Second Amended Complaint. Defendants are entitled to see the documents that support these contentions. Accordingly, please withdraw the objections to this Request or we will move to strike the allegations of these paragraphs.

### Responses to Document Request No. 13:

Document Request No. 13 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that Stuart, Sr. did not hide his alleged ownership of the Paintings from the Post." Plaintiffs' response referred to its Response to Document Request No. 11 that "[o]ther than credits in publications, there are no documents of which the Plaintiffs are aware." Plaintiffs also objected to this Request as "(1) overly broad and unduly burdensome; and (2) vague and irrelevant. In addition, Plaintiffs objected to the Request because it includes "documents in the public domain, which documents are not more readily available to the Plaintiffs than to the Defendants." These objections should be withdrawn because Document Request No. 13 is directed to the allegations of Paragraph 45 of the Second Amended Complaint and the disputed issues in this action concern whether Ken Stuart, Sr. had possession but not ownership of the Paintings and whether Defendants were aware of such possession. Thus, this Request is extremely relevant to the claims and defenses in this action.

Further, as stated above, just because information may be more readily available to Defendants than to Plaintiffs does not excuse obligations imposed by the Federal Rules of Civil Procedure, the Court's January 11, 2005 Order, and controlling case law for Plaintiffs to produce all documents in their possession, custody, or control.

299864.1

Sandra Akoury, Esq.                    -8-                    January 31, 2005

Accordingly, please withdraw the objections to this Request or we will seek the Court's assistance.

### Responses to Document Request No. 14:

Document Request No. 14 seeks "[a]ll documents supporting the Stuart and Sons' claims asserted in its Complaint that the Post was fully aware of Stuart, Sr.'s authority to distribute and the fact that he personally distributed artwork that had appeared in the Post to a variety of people and institutions, including at least one President of the United States." Plaintiffs responded that "[a]part from documents that would be otherwise produced," the Request is "(1) overly broad and unduly burdensome; (2) vague; and (3) the information sought is more readily available to the Defendants than to the Plaintiffs." We are unsure what the phrase, "[a]part from documents that would be otherwise produced" means. Please confirm that the phrase means that Plaintiffs will be producing responsive documents to this Request.

Further, Plaintiffs should withdraw the objections to this Request because it is directed to the allegations of Paragraph 38 of the Second Amended Complaint and thus Defendants are entitled to see the documents that support these contentions. As noted above, just because information may be more readily available to Defendants than to Plaintiffs does not excuse the obligations imposed by the Federal Rules of Civil Procedure, the Court's January 11, 2005 Order, and controlling case law to produce all documents in its possession, custody, or control. Please withdraw the objections to this Request and confirm that you will be producing responsive documents. Otherwise, we will seek the Court's assistance in striking Paragraph 38 from the Second Amended Complaint.

### Responses to Document Request No. 15:

Document Request No. 15 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that alleged ownership of the Paintings was ultimately transferred to Stuart & Sons under Connecticut law before Stuart, Sr. passed away in February 1993." Plaintiffs responded that they could not "accurately respond to this Request for the following reason: The transfer of assets into Stuart & Sons in 1993 was recently declared void by judgment of the Connecticut Superior Court (Adams J.). The transfers declared void allegedly included some paintings. In addition, the evidence presented at trial in the Connecticut Court was disputed and imprecise. The judgment of the Connecticut Superior Court is currently on appeal; thus the Plaintiffs are unable to answer this Request at this time." Plaintiffs should withdraw the objections to this Request which is directed to Paragraph 86 of the Second Amended Complaint and thus Defendants are entitled to see the documents that support these contentions. Further, as stated above, just because the transfer of assets into Stuart & Sons in 1993 was recently

Sandra Akoury, Esq.                        -9-                        January 31, 2005

declared void by judgment of the Connecticut Superior Court, does not excuse Plaintiffs from producing documents that are within their possession, custody, and control. The same thing can be said for Plaintiffs' additional objection that the Request is "irrelevant as all members of the Stuart family claiming an interest in the Paintings are now part of this lawsuit. The Federal Rules of Civil Procedure, the Court's January 11, 2005 Order, and controlling case law impose an obligation on Plaintiffs to produce all documents in its possession, custody, or control. Accordingly, please withdraw the objections to this Request and produce the documents forthwith. Otherwise, we will move to strike Paragraph 86 of the Second Amended Complaint.

### Responses to Document Request No. 18:

Document Request No. 18 seeks "[a]ll advertising, brochures, catalogs, marketing and promotional materials and Internet website pages concerning, using, or depicting the Paintings." Plaintiffs objected to this Request on the grounds that "(1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; and (3) it is not reasonably calculated to lead to the discovery of relevant and admissible evidence." Plaintiffs also objected on the basis that responsive documents are in the public domain and are "not more readily available to the Plaintiffs than to the Defendants." Although Plaintiffs have offered to make responsive documents available to Defendants "at a mutually convenient time," which we stand ready, willing, and able to inspect as soon as possible, such objections should be withdrawn since Document Request No. 18 is directly relevant to Paragraph 105 of the Second Amended Complaint which alleges that "[p]rior to August 16, 2001 Stuart & Sons had the reasonable expectation of entering into a business relationship with one or more potential purchasers of the Paintings." Such a contention is germane to Plaintiffs' attempts to market, advertise, and promote the Paintings. Accordingly, please withdraw the Plaintiffs' objections to this Request and produce the documents forthwith. Otherwise, we will seek the Court's assistance.

### Responses to Document Request No. 19:

Document Request No. 19 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that prior to August 16, 2001, Stuart & Sons had a reasonable expectation of entering into a business relationship with one or more potential purchasers of the Paintings." Plaintiffs objected to this Request on the grounds that "(1) it is overly broad and unduly burdensome; and (2) it is vague and irrelevant." Although Plaintiffs have offered to make responsive documents available to Defendants "at a mutually convenient time," which we stand ready, willing, and able to inspect as soon as possible, such objections should be withdrawn since Document Request No. 19 is directed to the allegations of Paragraph 105 of the Second Amended Complaint and Defendants are entitled to see the documents that support these contentions. Accordingly, please withdraw these objections or we will seek the Court's assistance.

299864.1

Sandra Akoury, Esq.                    -10-                    January 31, 2005

### Responses to Document Request No. 20:

Document Request No. 20 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that as of August 2001, Stuart & Sons had a business relationship with the Rockwell Museum." Plaintiffs responded that responsive documents will be made available for inspection and copying at "Plaintiffs' counsel's offices at a mutually convenient time," and also it improperly suggested that Defendants contact Special Master Truebner's office to "arrange . . . a mutually convenient time to inspect or copy said documents." Defendants are not obligated to contact Special Master Truebner to make arrangements to inspect and copy documents for which they have no possession, custody, or control. As previously stated, Plaintiffs are the parties obligated by the Federal Rules of Civil Procedure, the Court's January 11, 2005 Order, and controlling case law to produce all documents in their possession, custody, or control. Accordingly, please produce all responsive documents forthwith or we will seek the Court's assistance.

### Responses to Document Request No. 21:

Document Request No. 21 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that Stuart & Sons loaned the Paintings to the Rockwell Museum and offered them a first opportunity to purchase the Paintings at less than the market price for the Paintings." Plaintiffs response was the same as it was in response to Document Request No. 20. Accordingly, *see* our comments concerning Plaintiffs' Response to Document Request No. 20, above.

### Responses to Document Request No. 22:

Document Request No. 22 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that Stuart & Sons entered into a all but completed negotiations with Sotheby's to sell the Paintings at an auction in 2001." Plaintiffs' response was the same as it was in response to Document Request Nos. 20 and 21. Accordingly, *see* our comments concerning Plaintiffs' Response to Document Request No. 20, above.

### Responses to Document Request No. 23:

Document Request No. 23 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that on at least one other occasion following the death of Stuart, Sr. in 1993, employees reporting to members of the SerVaas family contacted Stuart, Jr. to inquire about Rockwell artwork in Stuart & Sons possession." Plaintiffs objected to this Request on the grounds that "(1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; (3) it is not likely to lead to the discovery of

Sandra Akoury, Esq.                    -11-                    January 31, 2005

admissible evidence; and (4) the information sought is more readily available to the Defendants than to the Plaintiffs." Although Plaintiffs have offered to make responsive documents available to the Defendants "at a mutually convenient time," which we stand ready, willing, and able to inspect as soon as possible, such objections should be withdrawn because the Request is directed to the allegations of Paragraph 73 of the Second Amended Complaint. Defendants are thus entitled to see the documents to support these contentions. Accordingly, Plaintiffs should withdraw the objections to this Request and produce the documents or we will seek the Court's assistance.

### Responses to Document Request No. 26:

Document Request No. 26 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that the Post wrongfully interfered with Stuart & Sons' alleged ownership of the Paintings." Defendants objected that the Request is "(1) overly broad and unduly burdensome; and (2) is vague." Plaintiffs should withdraw their objections to this Request since Document Request No. 26 is directed to Plaintiffs' First Claim for Relief (for tortious interference with business expectancies), Paragraphs 90-107 of the Second Amended Complaint. Thus, Defendants are entitled to see the documents that support these contentions. Accordingly, please withdraw the objections to this Request and produce responsive documents forthwith or we will move to strike Paragraphs 90 through 107 of the Second Amended Complaint.

### Responses to Document Request No. 27:

Document Request No. 27 seeks "[a]ll documents supporting the Stuart & Sons' claims asserted in its Complaint that as a result of the Post's wrongful claim to ownership of the Paintings, Stuart & Sons has suffered actual economic harm, including but in no way limited to lost capital through value diminution, suppressed liquidity, interests and attorneys' fees." Plaintiffs have stated in their Response that "[a]part from documents that will be otherwise produced, Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; and (2) it is vague." As previously discussed, we are unsure what Plaintiffs' meant by "[a]part from documents that would be otherwise produced." Please confirm whether Plaintiffs intend on producing responsive documents to this Request. Further, Document Request No. 27 is directed to the allegations of Paragraph 107 of the Complaint and thus Defendants are entitled to see the documents that support these contentions. Accordingly, please withdraw the objections to this Request and produce the documents forthwith. Otherwise, we will move to strike Paragraph 107 of the Second Amended Complaint.

* * *

Sandra Akoury, Esq.                    -12-                    January 31, 2005

Please contact us immediately to set a time, date, and location for document inspection.

In the meantime, please contact us if you wish to discuss the above prior to our seeking a conference with the Magistrate Judge.

We look forward to your prompt response.

Very truly yours,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Karen J. Bernstein

KJB/dpb/mv

cc:    Paul Pacifico, Esq. (*via facsimile*)
       Peter R. Stern, Esq. (*via facsimile*)
       Mary E. Sommer, Esq. (*via facsimile*)
       Gene R. Leeuw, Esq. (*via facsimile*)
       William M. Bloss, Esq. (*via facsimile*)
       Kenneth Stuart, Jr. (*via Certified Mail, Return Receipt Requested*)