# AMSTER ROTHSTEIN & EBENSTEIN LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016

Main   212 336 8000
Fax    212 336 8001
Web    www.arelaw.com

| Partners | Senior Counsel | | |
|---|---|---|---|
| Morton Amster | Charles R. Macedo | Max Vern | Alan D. Miller, Ph.D. |
| Jesse Rothstein (1934-2003) | Mark J. Rosenberg | Dana R. Metes | Hsin-Hsin (Ginger) Liu |
| Daniel Ebenstein | Nancy M. Dodderidge | Karl J. Kolbinger | John Lepore |
| Philip H. Gottfried | Joseph M. Casino | Brian A. Comack | Norajean McCaffrey |
| Michael J. Berger | | Richard S. Mandaro | Benjamin M. Halpern* |
| Neil M. Zipkin | *Associates* | Marc J. Jason | Matthew A. Fox |
| Anthony F. Lo Cicero | Neal L. Rosenberg | Elie H. Gendloff, Ph.D. | Michael J. Kasdan |
| Kenneth P. George | Patrick Boland* | David Mitnick | Sasha B. Rieders |
| Abraham Kasdan, Ph.D. | John S. Economou | Charles W. Rath | Rebecca R. Eisenberg |
| Ira E. Silfin | Michael V. Solomita | David A. Boag | |
| Chester Rothstein | Holly Pekowsky | Karen J. Bernstein | |
| Craig J. Arnold | Michael P. Kenney | Matthieu Hausig | |
| Kenneth M. Bernstein | Marion P. Metelski | Jung S. Hahm | * Not admitted in New York |
| | | Reiko Kaji | |

April 27, 2005

**_Via Facsimile_**

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, New York 10016

Mary E. Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
707 Summer Street
Stamford, CT 06905

Karen J. Bernstein
Direct 212 336 8123
E-mail kjbernstein@arelaw.com

      Re:   Stuart & Sons, L.P., et al. v.
              The Curtis Publishing Company, Inc., et al.
              Case No. 301 CV 1580 AHN
              <u>Our File: 8587/3</u>

Dear Counsel:

      This letter concerns the Responses to Defendants' First Set of Interrogatories served on Defendants by Plaintiffs Jonathan and William Stuart and Stuart & Sons, L.P. ("Stuart"). We note that we have not received any responses to Defendants' First Set of Interrogatories from Kenneth J. Stuart, Jr., The Estate, or The Trust. We understand that Mr. Stuart is representing himself, *pro se*, but he still has an obligation to serve signed Responses to Defendants' First Set of Interrogatories on his behalf. Please contact Mr. Stuart. Also, we need signed responses on behalf of the Estate and the Trust.

308102.1

Sandra Akoury, Esq., et al.                -2-                April 27, 2005

After reviewing Jonathan and William Stuart's and Stuart & Sons' Responses to Defendants' First Set of Interrogatories (the "Responses"), we found several deficiencies, as follows:

**Responses to Interrogatory No. 1:**

Interrogatory No. 1 seeks an identification of "each person with knowledge or information supporting the allegations in paragraph 38 of the Complaint" that "Curtis was fully aware of Ken, Sr.'s authority to distribute, and that he did distribute artwork that had appeared in the Post to a variety of people and institutions, including at least one President of the United States." The Response provides a laundry list of names that neither comports with the Federal Rules of Civil Procedure nor the Local Rules for the United States District Court for the District of Connecticut (the "Local Rules" or "L.R.").

In particular, the Local Rules define "identify" to mean "to provide, to the extent known, the person's full name, present or last known address, and when referring to a natural person, additionally, the present or last known place of employment." See L.R. 26(c)(3).

In addition to providing a laundry list of names, the Response states that "such names are more readily available to the Defendants as they may be contained in Curtis' corporate records." This is a wholly inappropriate response and should be withdrawn, because it does not provide "identification" as required by L.R. 26(c)(3).

But for Stuart & Sons, L.P., you did not produce documents for inspection as they are kept in the usual course of business or organize or label the documents to correspond with the categories in Defendants' First Set of Request for the Production of Documents, in accordance with Federal Rules of Civil Procedure 34(b), making it virtually impossible for Defendants to ascertain which documents evidence persons with knowledge or information to support the allegations in paragraph 38 of the Complaint. Indeed, it is well settled that a "respondent may not impose on an interrogating party a mass of records as to which research is feasible only for one familiar with the records." See Adv. Committee Notes, 1970 Amendment.

Further, Defendants produced to Plaintiffs over 900 pages of properly Bates-stamped documents. Accordingly, a blanket reference to these documents is meaningless, and Defendants are prejudiced by this Response in not being informed of the identification and location of such persons you intend to present at trial to support the allegations of paragraph 38 of the Complaint.

Please advise whether and when you will be serving an amended Response to Defendants' First Set of Interrogatory No. 1.

308102.1

Sandra Akoury, Esq., et al.          -3-          April 27, 2005

**Responses to Interrogatory No. 2:**

Interrogatory No. 2 seeks identification of "each document which support[s] Plaintiffs' allegations in paragraph 38 of the Complaint, and the custodian and location of each such document." The Response states that there are no such documents and that any such documents are contained in the corporate records of Curtis and/or the Post." Further, the Response states that "to the extent such documents exist and are in the possession or control of the Plaintiffs, they have been made available to Defendant's counsel." Once again, this Response is not in accordance with the Local Rules which defines "identify" with respect to documents to mean the [i] type of documents; [ii] its general subject matter; [iii] the date of the document; and [iv] author[s], addressee[s] and recipient[s]." L.R. 26(c)(4).

Defendants produced to Plaintiffs over 900 pages of properly Bates-stamped documents. Accordingly, a blanket reference to these documents is meaningless, and Defendants are prejudiced by this Response in not being informed of the identification of which documents you intend to use at trial to support the allegations of paragraph 38 of the Complaint.

Accordingly, please advise whether and when you will serving an amended Response to Defendants' First Set of Interrogatory No. 2. If you are unable to do so, then dismiss paragraph 38 of the Complaint with prejudice. Otherwise, we will move to strike it.

**Responses to Interrogatory No. 3:**

Interrogatory No. 3 seeks identification of "each person with knowledge or information supporting the allegations in paragraph 71 of the Complaint that '[o]n June 2, 1986, a letter was sent to Beurt SerVaas confirming that Ken, Sr. was then the owner of *Saying Grace* and other works by Rockwell.'" Once again, the Response provides a laundry list of names and fails to list the current or last known addresses or the current or last known place of employment.

Without proper identification, Defendants are prejudiced by this Response in not being informed of the identification and location of such persons you intend to present at trial to support the allegations of paragraph 71 of the Complaint.

Accordingly, please advise whether and when you will serving an amended Response to Defendants' First Set of Interrogatory No. 3.

308102.1

Sandra Akoury, Esq., et al.                    -4-                           April 27, 2005

**Responses to Interrogatory No. 5:**

Interrogatory No. 5 seeks identification of "each person with knowledge or information supporting the allegations in paragraph 73 of the Complaint that '[o]n at least one other occasion following the death of Ken, Sr. in 1993, employees reporting to members of the SerVaas family contacted Ken, Jr. to inquire about Rockwell artwork in Stuart's possession.'" The Response states, "Employee of Curtis identified only as 'Steve'; Corey SerVaas; Kenneth Stuart, Jr.; Ross Perot." The Response is deficient not only because it fails to comply with the Local Rules and the Federal Rules of Civil Procedure, but also because it identifies a person only by first name.

Without proper identification, Defendants are prejudiced by this Response in not being informed of the identification and location of such persons you intend to present at trial to support the allegations of paragraph 73 of the Complaint.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 5.

**Responses to Interrogatory No. 6:**

Interrogatory No. 6 seeks identification of "each document which supports Plaintiffs' allegations in paragraph 73 of the Complaint, and the custodian and location of each such document." The Response states that you "are unaware of any such specific documents, and affirmatively state that any such documents are contained in the corporate records of Curtis and/or The Post." Further, the Response states that "to the extent such documents exist and are in the possession or control of the Plaintiffs, they have been made available to Defendant's counsel."

Once again, by stating that documents may be in the Defendants' possession, you have not discharged your obligation to properly identify such documents to support the allegations of paragraph 73 of the Complaint.

Defendants produced to Plaintiffs over 900 pages of properly Bates-stamped documents. Accordingly, a blanket reference to these documents is meaningless, and Defendants are prejudiced by this Response in not being informed of the identification of which documents you intend to use at trial to support the allegations of paragraph 38 of the Complaint.

Accordingly, please advise whether and when you will be serving an amended Response to Interrogatory No. 6. If you are unable to so, then dismiss paragraph 73 of the Complaint with prejudice. Otherwise, we will move to strike it.

308102.1

Sandra Akoury, Esq., et al.                    -5-                         April 27, 2005

### Responses to Interrogatory No. 7:

Interrogatory No. 7 seeks identification of "each person with knowledge or information supporting the allegations in paragraph 84 of the Complaint that '[i]n the last 20 or so years of his life, Ken, Sr. and his family did financial planning and took other actions based upon their ownership of the Paintings and the Defendants' conduct." The Response states that "Plaintiffs William and Jonathan Stuart have no such information. Plaintiff Kenneth Stuart, Jr. responds as follows . . . ." It is curious that the Response answers for Kenneth Stuart, Jr., who appears *pro se* in the instant matter, on behalf of himself, The Estate and the Trust, even though he has yet to serve signed Responses to Defendants' First Set of Interrogatories. However, there is no answer from Stuart & Sons, who have served Responses. Please explain. *See also* comments concerning responses to Interrogatory No. 1, above, concerning your failure to comply with Local Rule 26(c)(3) in providing the current or last known addresses of persons and their current or last known places of employment listed in the Responses to Interrogatory No. 7.

Thus, Defendants are prejudiced by this Response in not being informed of the identification and location of such persons you intend to present at trial to support the allegations of paragraph 84 of the Complaint.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 7.

### Responses to Interrogatory No. 8:

Interrogatory No. 8 seeks identification of "each document which supports Plaintiffs' allegations in paragraph 84 of the Complaint, and the custodian and location of each such document." The Response states that "William and Jonathan Stuart have no such documents. Kenneth Stuart, Jr. responds that all such documents have been produced to Defendants' counsel." *See* comments concerning the Responses to Interrogatory No. 2 with respect to your obligation to identify documents pursuant to the Local Rules and the Federal Rules of Civil Procedure that support the allegations of paragraph 84 of the Complaint.

In view of the fact that there is a Response on behalf of Kenneth Stuart, Jr., yet he is appearing *pro se*, please explain why there is a Response as to him since he has yet to serve a signed Response and why Stuart & Sons has provided no response.

Thus, Defendants are prejudiced by this Response in not being informed of which documents you intend to use at trial to support the allegations of paragraph 38 of the Complaint.

308102.1

Sandra Akoury, Esq., et al. -6- April 27, 2005

Please advise whether and when you will be serving an amended Response to Interrogatory No. 8. If you are unable to do so, then dismiss paragraph 84 of the Complaint with prejudice. Otherwise, we will move to strike it.

**Responses to Interrogatory No. 9:**

Interrogatory No. 9 seeks an identification of "each person with knowledge or information supporting the allegations in paragraph 85 of the Complaint that '[m]onies were paid to maintain and insure the Paintings as well as to satisfy tax obligations arising out of the ownership of the Paintings.'" The Response once again provides a laundry list of persons that does not comply with the Local Rules or the Federal Rules of Civil Procedure. As part of the list, you attempt to identify "restoration company hired by Norman Rockwell Museum in Stockbridge, Inc.; High Museum of Atlanta; [and] Mills Insurance." This Response is wholly deficient. *See* Comments concerning Responses to Interrogatory No. 1 relative to failure to comply with the Local Rules and the Federal Rules of Civil Procedure.

Without providing specifically named persons and/or current or last known addresses of these alleged companies, museums, and insurance companies, renders the Responses meaningless. Thus, Defendants are prejudiced by this Response in not being informed of the identification and location of such persons you intend to present at trial to support the allegations of paragraph 85 of the Complaint.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 9.

**Responses to Interrogatory No. 10:**

Interrogatory No. 10 seeks identification of "each document which supports Plaintiffs' allegations in paragraph 85 of the Complaint, and the custodian and location of each such document." Plaintiffs responded that "[t]o the best of Plaintiffs' knowledge and belief, all documents in Plaintiffs' possession or control have been produced to Defendants' counsel." For the reasons stated above concerning Responses to Interrogatory Nos. 6 and 8, this Response is deficient, as it does not comport with the Local Rules or the Federal Rules of Civil Procedure.

Thus, Defendants are prejudiced by this Response in not being informed of which documents you intend to use at trial to support the allegations of paragraph 85 of the Complaint.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 10. If you are unable to do so, then dismiss paragraph 85 of the Complaint with prejudice. Otherwise, we will move to strike it.

308102.1

Sandra Akoury, Esq., et al.                    -7-                    April 27, 2005

### Responses to Interrogatory No. 11:

Interrogatory No. 11 seeks identification of "each person with knowledge or information supporting the allegations in paragraph 86 of the Complaint that '[o]wnership of the Paintings was ultimately transferred to Stuart & Sons under Connecticut law before Ken, Sr. passed away in February, 1993.'" The Response states that "[t]his interrogatory is irrelevant to issues regarding statute of limitations and laches."

As you are well aware, Judge Nevas' June 28, 2004 Order directed the parties to conduct discovery limited to the statute of limitations and laches before September 1, 2004 if they sought to file motions for summary judgment, but "[i]f a motion [for summary judgment] [was] not filed, the stay of discovery . . . [was] lifted . . . ." (*See* Order, dated June 28, 2004, attached). None of the parties filed summary judgment motions and the stay of discovery therefore was lifted. Thus, there has been no limit on the scope of discovery since September 1, 2004. Indeed, at the February 24, 2005 teleconference before Magistrate Judge Fitzsimmons, she ruled that discovery was to recommence (with no limit in scope) and to be completed by April 15, 2005.

Further, the Response indicates that "this interrogatory relates to the subject of litigation in the Connecticut Superior Court matter entitled, *Stuart v. Stuart*, Docket No. X08-CV-0201930031-S (Adams, J.), and responsive documents **may** be on file in the Connecticut Superior Court." The Local Rules and the Federal Rules of Civil Procedure obligate you to identify persons with knowledge or information supporting the allegations in paragraph 86 of the Complaint, including their current or last known addresses and current or last known places of employment. Simply stating that "responsive **documents** may be on file in the Connecticut Superior Court" renders the Response meaningless.

Thus, Defendants are prejudiced by this Response in not being informed of such persons you intend to present at trial to support the allegations of paragraph 86 of the Complaint.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 11.

### Responses to Interrogatory No. 12:

Interrogatory No. 12 seeks identification of "each document which supports Plaintiffs' allegations in paragraph 86 of the Complaint, and the custodian and location of each such document." The Response states that "[t]his interrogatory is irrelevant to issues regarding the statue of limitations and laches. In addition, this interrogatory relates to the subject of the litigation in the Connecticut Superior Court matter entitled,

308102.1

Sandra Akoury, Esq., et al.                    -8-                        April 27, 2005

Stuart v. Stuart, Docket No. X08-CV-02-01930031 (Adams, J.) and responsive documents may be on file in the Connecticut Superior Court." This Response is inadequate. *See* comments concerning Interrogatory No. 11, above, concerning the scope of discovery.

Accordingly, Defendants are prejudiced by this Response in not being informed of which documents you intend to use at trial to support the bases for the allegations contained in paragraph 86 of the Complaint.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 12. If you are unable to do so, then dismiss paragraph 86 of the Complaint with prejudice. Otherwise, we will move to strike it.

### Responses to Interrogatory No. 14:

Interrogatory No. 14 seeks identification of "each document which supports Plaintiffs' First Affirmative Defense, and the custodian and location of each such document." The Response states that "[d]ocuments have been produced by Plaintiffs or are in the possession and control of Curtis and AR&E [Amster, Rothstein & Ebenstein LLP]." As discussed above, this is a wholly inappropriate response.

Thus, Defendants are prejudiced by this Response in not being informed of which documents you intend to use at trial to support the allegations of Plaintiffs' First Affirmative Defense.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 14. If you are unable to do so, then withdraw Plaintiffs' First Affirmative Defense. Otherwise, we will move to dismiss it with prejudice.

### Responses to Interrogatory No. 16:

Interrogatory No. 16 seeks identification of "each document which supports Plaintiffs' Second Affirmative Defense, and the custodian and location of each such document." The Response indicates that "[d]ocuments have been produced by Plaintiffs or are in the possession and control of Curtis and AR&E. In addition, documents **may** be in the possession and control of Sotheby's and Christie's." Once again, this Response does not meet the requirements of the Local Rules or the Federal Rules of Procedure. Further, a speculative response indicating the word "may" does not discharge your obligation.

Thus, Defendants are prejudiced by this Response in not being informed of which documents you intend to use at trial to support the allegations of Plaintiffs' Second Affirmative Defense.

308102.1

Sandra Akoury, Esq., et al.	-9-	April 27, 2005

Please advise whether and when you will be serving an amended Response to Interrogatory No. 16. If you are unable to do so, then withdraw Plaintiffs' Second Affirmative Defense. Otherwise, we will move to dismiss it with prejudice.

### Responses to Interrogatory No. 18:

Interrogatory No. 18 seeks identification of "each document which supports Plaintiffs' Third Affirmative Defense, and the custodian and location of each such document." The Responses indicate that "[d]ocuments have been produced by Plaintiffs or are in the possession and control of Curtis and AR&E. In addition, documents **may** be in the possession and control of Sotheby's and Christie's." Once again, this Response does not meet the requirements of the Local Rules or the Federal Rules of Procedure. Further, a speculative response indicating the word "may" does not discharge your obligation.

Thus, Defendants are prejudiced by this Response in not being informed of which documents you intend to use at trial to support the allegations of Plaintiffs' Third Affirmative Defense.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 18. If you are unable to do so, then withdraw Plaintiffs' Third Affirmative Defense. Otherwise, we will move to dismiss it with prejudice.

### Responses to Interrogatory No. 20:

Interrogatory No. 20 seeks identification of "each document which supports Plaintiffs' Fourth Affirmative Defense, and the custodian and location of each such document." The Responses indicate that "[d]ocuments have been produced by Plaintiffs or are in the possession and control of Curtis and AR&E. In addition, documents **may** be in the possession and control of Sotheby's and Christie's." Once again, this Response does not meet the requirements of the Local Rules or the Federal Rules of Procedure. Further, a speculative response indicating the word "may" does not discharge your obligation.

Thus, Defendants are prejudiced by this Response in not being informed of which documents you intend to use at trial to support the allegations of Plaintiffs' Fourth Affirmative Defense.

Please advise whether and when you will be serving an amended Response to Interrogatory No. 20. If you are unable to do so, then withdraw Plaintiffs' Fourth Affirmative Defense. Otherwise, we will move to dismiss it with prejudice.

308102.1

Sandra Akoury, Esq., et al.                    -10-                    April 27, 2005

\* \* \*

Overall, the majority of the Responses fail to inform Defendants of the identification and location of persons and documents to support the allegations of Plaintiffs' Complaint and Affirmative Defenses, especially since there have been no initial disclosures served pursuant to Rule 26(a) of the Federal Rules of Civil Procedure. If Plaintiffs refuse to amend the Responses and provide substantive identification, Defendants will move to strike testimony and/or documents to the extent Plaintiffs use the same to support their motion for summary judgment.

Please advise us in writing, by no later than the close of business, Friday, April 29, 2005, whether you will be: (1) amending the Responses in accordance with the Federal Rules of Civil Procedure and the Local Rules; (2) if you will be dismissing certain allegations of the Complaint; and (3) if you will be withdrawing the First, Second, Third and Fourth Affirmative Defenses.

Very truly yours,

AMSTER, ROTHSTEIN & EBENSTEIN LLP

Karen J. Bernstein

KJB/dpb
Attachment

cc:   Kenneth J. Stuart, Jr. (*via facsimile, w/att.*)
      Gene R. Leeuw, Esq. (*via facsimile, w/att.*)
      William M. Bloss, Esq. (*via facsimile, w/att.*)

308102.1

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

STUART & SONS, L.P., ET AL.          :

　　v.                                 :        No. 3:01cv1580(AHN)

THE CURTIS PUBLISHING CO., ET AL.    :

2004 JUN 28 P 3:01

U.S. DISTRICT COURT
BRIDGEPORT, CO

RULING ON MOTION FOR JUDGMENT ON THE PLEADINGS

　　Stuart and Sons, Ltd. Partnership ("Stuart") brings this action for declaratory and other relief against The Curtis Publishing Co., ("Curtis"), The Saturday Evening Post Society ("Post Society"), and the Benjamin Franklin Literary & Medical Society, Inc. ("Franklin Society") (collectively, the "Defendants"). The case involves the ownership of three original oil paintings created by Norman Rockwell ("Rockwell"): "Saying Grace;" "The Gossips;" and "Walking to Church" a/k/a "Silver Slipper Grill" (the "Paintings"). The Paintings were created by Rockwell to appear on covers of the Saturday Evening Post magazine (the "Post") in 1948, 1951 and 1953.

　　Pending before the court is Stuart's motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). Stuart seeks a declaration confirming its ownership of the Paintings and judgment on the Defendants' counterclaims which, it alleges, are barred by the statute of limitations and laches.

　　After careful consideration of the pleadings and arguments of counsel, the court concludes that Stuart has not clearly established that no material fact exists as to the class of conversion at issue and when the conversion occurred for purposes

of the running of the statute of limitations. Thus, because it does not appear beyond a reasonable doubt that the Defendants can prove no set of facts in support of their claim that would entitle them to relief, Stuart's motion for judgment on the pleadings [doc. # 26] is DENIED.

However, because the court believes that the parties' dispute is capable of summary resolution, the parties are encouraged to resubmit their legal arguments, with necessary factual support pursuant to Fed. R. Civ. P. 56(c), on the issues of when the statute of limitations accrued and the doctrine of laches. Any such motion shall be filed no later than September 1, 2004. Prior to filing any motion the parties may, if necessary, engage in discovery limited solely to the above-identified issues. All other discovery shall be stayed. If a motion is not filed, the stay of discovery shall be lifted and the parties shall file promptly a report pursuant to Fed. R. Civ. P. 26(f).

## CONCLUSION

For the foregoing reasons, Stuart's motion for judgment on the pleadings [doc. # 26] is DENIED.

SO ORDERED this 28th day of June, 2004, at Bridgeport, Connecticut.

_____
Alan H. Nevas
United States District Judge