<u>**UNITED STATES DISTRICT COURT**</u>     FILED

**DISTRICT OF CONNECTICUT**   2005 JUL -7 P 12: 38

U.S. DISTRICT COURT
BRIDGEPORT, CONN

| | |
|---|---|
| STUART & SONS, L.P., ET AL<br>    Plaintiffs | Case No. 3:01 CV 1580<br>(AHN) |
| VS. | |
| THE CURTIS PUBLISHING COMPANY<br>INC., ET AL<br>    Defendants | JULY 1, 2005 |

### REPLY TO DEFENDANTS' COUNTERCLAIM

The plaintiff Kenneth J. Stuart, appearing in this matter Pro Se, individually and as Executor of the Estate of Kenneth J. Stuart and as Trustee of the Kenneth J. Stuart Living Trust (Stuart Plaintiffs) replies as follows to the defendants' counterclaim dated November 12, 2004:

<u>**COUNT ONE**</u>:

1. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the allegation contained in Paragraph 1, and therefore leave Defendants to their proof.

2. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the allegation contained in Paragraph 2, and therefore leave Defendants to their proof.

3. Stuart Plaintiffs admit the allegations contained in Paragraph 3.

1

4. Stuart Plaintiffs admit the allegations contained in Paragraph 4, except that they have insufficient knowledge as to the truth or falsity of the allegation that Curtis Publishing Company Inc. ("Curtis") created literary works, art works, and illustrations in its magazines, and therefore leave Defendants to their proof.

5. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the allegation contained in Paragraph 5, and therefore leave Defendants to their proof.

6. Stuart Plaintiffs admit that the cover of the March 6, 1948 issue of *The Saturday Evening Post* bore a work entitled "The Gossips" and that there is a copyright registered with the United States Copyright Office as a composite work of *The Saturday Evening Post* issue dated March 6, 1948 (Original Registration No. B-125320), which was renewed as R-600284. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 6, and therefore leave Defendants to their proof.

7. Stuart Plaintiffs admit that the cover of the November 24, 1951 issue of *The Saturday Evening Post* bore a work entitled "Saying Grace" and that there is a copyright registered with the United States Copyright Office as a composite work of *The Saturday Evening Post* issue dated November 24, 1951 (Original Registration No. B-330326), which was renewed as RE-107-969. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of

2

the remaining allegations contained in Paragraph 7, and therefore leave Defendants to their proof.

8. Stuart Plaintiffs admit that the cover of the April 4, 1953 issue of *The Saturday Evening Post* bore a work entitled "Walking to Church" and that there is a copyright registered with the United States Copyright Office as a composite work of *The Saturday Evening Post* issue dated April 4, 1953 (Original Registration No. B-409145), which was renewed as RE-79-200. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 8, and therefore leave Defendants to their proof.

9. Stuart Plaintiffs admit the allegations contained in Paragraph 9.

10. Stuart Plaintiffs admit the allegations contained in Paragraph 10 that letters attached to Defendants' Counterclaim as Exhibits A and B, dated August 25, 1955 and September 9, 1955, are between Attorney John L. Donna and Kenneth Stuart Sr. The Stuart Plaintiffs deny that the effect of these Exhibits is to vest ownership of the Paintings in the Defendants. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 10, and therefore leave Defendants to their proof.

11. Stuart Plaintiffs deny that Curtis is the owner of the paintings "The Gossips," "Saying Grace," and "Walking to Church." Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the remaining

allegations contained in Paragraph 11, and therefore leave Defendants to their proof.

12. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 12, and therefore leave Defendants to their proof.

13. Stuart Plaintiffs deny the allegations contained in Paragraph 13.

14. Stuart Plaintiffs admit the allegations contained in Paragraph 14.

15. Stuart Plaintiffs deny the allegations contained in Paragraph 15.

## COUNT TWO:

16. Stuart Plaintiffs repeat and reallege their answers to Paragraphs 1 through 15 of Count One in response to Paragraph 16 of this, Count Two, as if fully set forth herein.

17. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 17, and therefore leave Defendants to their proof.

18. Stuart Plaintiffs have insufficient knowledge as to the truth or falsity of the remaining allegations contained in Paragraph 18, and therefore leave Defendants to their proof.

19. Stuart Plaintiffs deny the allegations contained in Paragraph 19.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE:

The relief that the Defendants seek in the Counterclaims is barred by the statute of limitations.

### SECOND AFFIRMATIVE DEFENSE:

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE:

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of waiver.

### FOURTH AFFIRMATIVE DEFENSE:

The relief that the Defendants seek in the Counterclaims is barred by the doctrine of estoppel.

### FIFTH AFFIRMATIVE DEFENSE:

The Defendants are not entitled to an accounting from the Stuart Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE:

Upon information and belief, one or more of the Defendants lacks legal capacity to assert the Counterclaims.


**WHEREFORE**, the Stuart Plaintiffs respectfully request a judgment (a) denying the Defendants' Counterclaims in their entirety; (b) declaring that the Stuart family is the true and sole owner of the Paintings and have an

unfettered right to retain or transfer ownership of the Paintings as they see fit; and (c) granting such other and further relief as this Court deems just and proper.

Respectfully submitted,
The Plaintiff

KENNETH J. STUART

_____
PRO SE

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid on this 1st day of July, 2005, to the following counsel and *pro se* parties of record:

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder, P,C.
350 Fairfield Avenue
Bridgeport, CT 06604

Sandra J. Akoury, Esq..
426 Danbury Road
Wilton, CT 06897

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Paul J. Pacifico, Esq.
965 Post Road East
Westport, CT 06880

Peter R. Stern, Esq.
McLauglin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Mary E. Sommer, Esq.
Sandak, Hennessey & Greco, LLP
707 Summer Street
Stamford, CT 06901

_____
KENNETH J. STUART