**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**
**Bridgeport**

| | |
|---|---|
| STUART & SONS, L.P., <br> THE ESTATE OF KENNETH J. STUART <br> THE KENNETH J. STUART LIVING TRUST <br> KENNETH J. STUART JR. <br> WILLIAM A. STUART, M.D. <br> JONATHAN STUART <br>                     *Plaintiffs,* <br><br> - against - <br><br> THE CURTIS PUBLISHING COMPANY, INC. <br> THE SATURDAY EVENING POST SOCIETY, A <br> DIVISION OF THE BENJAMIN FRANKLIN <br> LITERARY AND MEDICAL SOCIETY, and THE <br> BENJAMIN FRANKLIN LITERARY AND <br> MEDICAL SOCIETY, INC. <br><br>                     *Defendants* | Case No. 301 CV 1580 AHN <br><br><br><br><br><br><br> July 6, 2005 |

**PLAINTIFFS' REPLY TO DEFENDANTS'**
**MOTION FOR SUMMARY JUDGMENT**

Plaintiffs ("Plaintiffs") hereby reply to Defendants' Motion for Summary Judgment dated June 1, 2005. This reply is filed on behalf of all Plaintiffs. In support of this Reply, Plaintiffs assert that Defendants have not met their burden of showing that this matter is not the subject of a genuine material issue of fact as to ownership of three Norman Rockwell ("Rockwell") paintings entitled "*The Gossips*", "*Saying Grace*", and "*Walking to Church*" (also known as "*Silver Slipper Grill*")("Paintings"), which are in dispute in the present

1

action. Plaintiffs contend that Defendants are not entitled to Summary Judgment on their Counterclaims.

I. **The Legal Standard for Summary Judgment:**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). "Disputes over facts that *might* affect the outcome are material for purposes of summary judgment." ***Id.*** at 248 (emphasis added).

"In determining whether a genuine issue of material fact exists sufficient to preclude summary judgment, ambiguities must be resolved and all inferences drawn in favor of nonmoving party." ***Dellamore v. Stenros***, 886 F. Supp. 349, 351 (S.D.N.Y. 1995). "Inferences to be drawn from evidence submitted in support of summary judgment motion must be viewed in light most favorable to party opposing it." ***Southern New England Tel. Co. v. U.S.,*** 886 F. Supp. 211, 217 (D. Conn. 1995). On defense motion for summary judgment, all facts and reasonable inferences drawn therefrom would be construed in light most favorable to plaintiff. ***Afande v. Nat'l Lutheran Home for the Aged***, 868 F. Supp. 795, 800 (D. Md. 1994), aff'd, 69 F.3d 532.

Thus, in reviewing Defendants' Motion for Summary Judgment, the Court must determine whether are any genuine issues of material fact in

dispute. In doing so, any inferences regarding the question of facts in dispute are to be drawn in favor of the Plaintiffs.

In their Motion for Summary Judgment, the Defendants seek to have the Court draw certain inferences in their favor, as described herein. Under the standard of review defined above, Defendants are not entitled to have the Court draw inferences in their favor. As there are genuine issues of material fact in dispute, the Defendants' Motion must fail.

**II.   The Material Facts in Dispute as to Ownership**

The facts that certainly must affect the outcome of this litigation are the facts surrounding the initial agreements between Rockwell and *The Saturday Evening Post ("The Post")* for the Paintings at issue. It is these initial agreements that necessarily determine ownership of the original canvasses. On the one hand, the Defendants assert that certain unsigned order forms , dated in the 1950s, provide them with ownership of the Paintings. These order forms, which the Defendants claim are contracts, along with the affidavit and unsigned deposition transcript of Kenneth Stuart Sr. ("Mr. Stuart Sr."), are the sole bases for the Defendants' claim of ownership. This is Defendants' claim despite that none of the unsigned order forms submitted with their Motion pertain to the Paintings at issue. On the other hand, the Plaintiffs assert that, as neither any contracts nor any unsigned order forms exist for any of the Paintings at issue, Defendants did not purchase these original Painting

3

canvasses from Rockwell. Rather, Defendants obtained, in an unspecified manner, the right to reproduce the Paintings. Plaintiffs further contend that neither the affidavit nor the unsigned deposition transcript of Mr. Stuart Sr. categorically vest ownership of the canvasses in the Defendants, as explained herein.

Defendants claim in their Local Rule 56(a)(1) statement ("Statement") that *The Post,* sent Rockwell a "confirmation order" or "standard purchase contract" "with *every* check sent for payment of art work that was created by Rockwell." (Statement ¶ 25.) However, no such "confirmation order" or "standard purchase contract" for any of the Paintings at issue has been produced to the Plaintiffs or submitted to the Court in support of Defendants' Motion. Thus, the Defendants are asking the Court to infer in their favor that "confirmation orders" for other art work are dispositive as to the ownership of the specific Paintings at issue.

The initial agreement between Rockwell and *The Post* is the central issue in Defendants' claim of ownership to the Paintings. The facts supporting this initial agreement are in dispute, and, under the legal standard to be applied in determining summary judgment, must be viewed in the light most favorable to the Plaintiffs. Defendants have been unable to produce any documentation supporting their claim of ownership to the Paintings at issue. This fact of ownership remains in dispute among the parties. In effect, the Defendants are asking the Court to draw an inference in their favor that there

were contractual agreements between Rockwell and the Defendants specifically covering the Paintings at issue in this matter. Drawing inferences favorable to moving party is forbidden in ruling on motions for summary judgment. ***Drexel v. Union Prescription Centers, Inc.***, 582 F.2d 781, 789 (C.A.3 Pa.)(1978).

    Defendants' Motion does not support a summary judgment in their favor. In summary, the disputed facts are as follows:

    1.    The Defendants' Motion is based, in part, on their erroneous statement that the Plaintiffs stipulate to the Defendants' ownership of the Paintings. (Statement, ¶ 29.) This assertion by the Defendants is incorrect; the Plaintiffs dispute that *The Post* owns the Paintings. See Plaintiffs William A. Stuart, M.D. and Jonathan Stuart's Reply to the Defendants Counterclaims, dated June 27, 2005, in which the Plaintiffs dispute *The Post's* claim of ownership of the Paintings. (Exhibit 1, attached.) Further, the remaining Plaintiffs dispute *The Post's* claim of ownership of the Paintings, as will be demonstrated in their corrected Reply to Defendants' Counterclaims, being filed with the consent of opposing counsel.

    2.    No unsigned order forms exist related to the Paintings at issue. Defendants have offered no concrete proof that the unsigned order forms, which are dated in the 1950s, even applied to the Paintings at issue. Viewing this fact most favorably to the non-moving party supports Plaintiffs' assertion that no such order forms, or contracts, exist for these Paintings.

5

3. Defendants rely on the affidavit and unsigned deposition transcript of Mr. Stuart Sr. as the sole support for their position. The Defendants' reliance on these documents is misguided. In the affidavit, Mr. Stuart Sr. merely states that such payment confirmation was *typically* sent to Rockwell. (Affidavit of Mr. Stuart Sr., ¶ 7.) At no time in the affidavit does Mr. Stuart Sr. state unequivocally that Curtis purchased any original canvasses from Rockwell. In neither document does Mr. Stuart Sr. state that *The Post* sent a form contract with *every* painting purchased from Rockwell. Rather, in his unsigned deposition transcript, Mr. Stuart Sr. stated that "once [*The Post* and Rockwell] knew each other," (Transcript, at 50:1) documents were not signed and no terms were discussed. In effect, the Paintings were produced by Rockwell on a handshake, pursuant to which *The Post* may have had the right to reproduce the art work. It is significant that the Defendants have not provided one shred of evidence, written or otherwise, that relates specifically to the ownership of the three Paintings in issue in this case.

Moreover, the opinion and statements of Mr. Stuart Sr., whether given under oath or not, do not amount to a prior judgment on the ultimate issue. They are not a legal interpretation of the ultimate issue of ownership of the Paintings, which issue was not in dispute in the matter in which Mr. Stuart Sr.'s testimony was given. This ultimate issue has never been litigated. Mr. Stuart Sr.'s statements do not provide sufficient proof, taken alone, to support Defendants' claim of ownership.

Mr. Stuart Sr.'s affidavit and unsigned deposition transcript do not resolve the issue of ownership of the Paintings. In viewing Mr. Stuart Sr.'s affidavit and his unsigned deposition transcript in the light most favorable to the Plaintiffs, the issue remains regarding whether the "typical" agreement described by Mr. Stuart Sr. applied in the case of the three Paintings at issue. If Defendants' assertion that every Rockwell painting was subject to the same unsigned order form is to be believed, then Defendants have failed to meet their burden for their Summary Judgment by their failure to produce the order forms at issue. Furthermore, the Plaintiffs contend that the meaning of the unsigned order forms from the 1950s remains open to interpretation by the Court, upon presentation of appropriate evidence, as to whether the original canvasses were included in the terms "all rights" and "all art work." Accordingly, additional factual dispute remains regarding interpretation of these order forms.

    4.    The prior conduct of the parties, as demonstrated in Plaintiffs' Motion for Judgment on the Pleadings dated June 13, 2005. The Exhibits attached thereto are incorporated into this Reply to Defendants' Motion for Summary Judgment. In the interest of judicial economy, the voluminous Exhibits to Plaintiffs' Motion are not resubmitted with this Reply.

Specifically, the prior published statements of Mr. Stuart Sr., including the *Reader's Digest* article published in July 1979, in which he described the gift Rockwell made to him of *Saying Grace*, support Plaintiffs' contention that

7

the Defendants do not own the Paintings.  A copy of the *Reader's Digest* article is attached as Exhibit 2.  Plaintiffs dispute the assertion that the Defendants' owned the Paintings.  Thus, a material fact is at issue.

**III.     The Plaintiffs' Motion for Judgment on the Pleadings**

The Plaintiffs' Motion for Judgment on the Pleadings differs from the Defendants' Motion for Summary Judgment in that there are no material facts in dispute as to the actions of the parties *after* the Paintings appeared in reproduction on the covers, since at least 1963, when Mr. Stuart Sr. left *The Post*.  Nor has there been any material dispute regarding the Stuart family's actions in maintaining the Paintings and holding itself out to the public as the owners of the Paintings for over 40 years.

There are no disputes regarding the material facts underlying the laches and lapse of the statute of limitations claims made by the Plaintiffs.  Thus, there is no dispute as to the facts supporting Plaintiffs' Motion. The factual matters in dispute as to the Defendants' Motion do not rise to the level of material facts in dispute in the Motion filed by the Plaintiffs.  Therefore, as described fully in the Plaintiffs' Motion, the Plaintiffs are entitled to judgment in their favor.

**WHEREFORE**, the Plaintiffs respectfully request the Court deny the defendants' Motion for Summary Judgment as there are material facts in dispute as to the ownership of the Paintings.

Respectfully submitted,
Plaintiffs
William A. Stuart, M.D. and
Jonathan Stuart

By: _____
Sandra J. Akoury (ct 21279)
Law Offices of Sandra Akoury
426 Danbury Road
Wilton, Connecticut 06897

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile and U.S. mail, postage prepaid on this 6th day of July, 2005, to the following counsel and *pro se* parties of record:

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder, P,C.
350 Fairfield Avenue
Bridgeport, CT 06604

Kenneth J. Stuart Jr.
5 High Ridge Road
Wilton, CT 06897

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Paul J. Pacifico, Esq.
965 Post Road East
Westport, CT 06880

Peter R. Stern, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Mary E. Sommer, Esq.
Sandak, Hennessey & Greco, LLP
707 Summer Street
Stamford, CT 06901

_____
Sandra J. Akoury