UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

– – – – – – – – – – – – – – – – – – – – – – x

STUART & SONS, L.P., KENNETH STUART,
JR., EXECUTOR OF THE ESTATE OF
KENNETH STUART, SR.; TRUSTEE OF THE
KENNETH J. STUART TRUST; KENNETH
STUART, JR., WILLIAM STUART AND
JONATHAN STUART,

                Plaintiffs,

            - against -

THE CURTIS PUBLISHING COMPANY, INC.,
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY and THE
BENJAMIN FRANKLIN  LITERARY AND
MEDICAL SOCIETY, INC.,

                Defendants.

Case No. 301 CV 1580 (AHN)

July 19, 2005

– – – – – – – – – – – – – – – – – – – – – – x

**DEFENDANTS' MEMORANDUM IN OPPOSITION TO
PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME**

## I.     INTRODUCTION

The Defendants hereby submit this Opposition to Plaintiffs' Motion for Extension

of Time to file and serve their Reply in Support of their Motion for Judgment on the

Pleadings.

Plaintiffs' Motion for Extension of Time, the second one that they have requested

from the Court, is baseless and lacks the requisite good cause required by the Federal

Rules of Civil Procedure, the Local Rules of this Court, and Second Circuit case law.

Although Defendants are amenable to a one-week extension of time for Defendants to

file and serve their Reply in Support of their Motion for Judgment on the Pleadings

316087.1

(from July 19, 2005 to July 26, 2005), Plaintiffs have no good cause to amend the Scheduling Order in this matter to pursue further fact discovery that comes at a time when Defendants recently moved for summary judgment.  Further, Plaintiffs contend that they are purportedly awaiting third-party discovery but refuse to divulge the identity of the source until they supposedly receive the discovery.  Such an ambiguous request for an extension of time, coupled with the uncanny timing of this request for an extension of time should be denied outright, as it does not evidence the requisite good cause required by the Federal Rules of Civil Procedure and the Local Rules of this Court.

Accordingly, Defendants respectfully request the Court deny Plaintiffs' Motion for Extension of Time of thirty-days to accommodate Plaintiffs so that they can obtain so-called third party documents.

## II.    FACTS

### A.    Plaintiffs Have Had Ample Time to Conduct Discovery In This Matter and Are Now Seeking to Improperly Reopen Fact Discovery Without Good Cause

This suit has been pending since August 20, 2001, almost four years now.  On March 7, 2003, Stuart attempted to move for judgment on the pleadings, but it was denied, because "Stuart ha[d] not clearly established that no material fact exists as to the class of conversion at issue and when the conversion occurred for purposes of the running of the statute of limitations."  *See* Dkt. Nos. 27, 28 (Stuart & Son, L.P.'s Motion for Judgment on the Pleadings, dated March 7, 2003; Dkt. No. 36 (Order dated June 28, 2004 denying Stuart & Sons, L.P.'s Motion for Judgment on the Pleadings).  At the time, no discovery had been conducted between the parties and no scheduling order had been entered.

316087.1

The Court's June 28, 2004 Order denying Stuart's Motion for Judgment on the Pleadings also ordered discovery to proceed limited to the statute of limitations and laches issues for purposes of developing a more complete evidentiary record so that motions for summary judgment could be filed no later than September 1, 2004. *See id.* The June 28, 2004 Order also stated that if motions for summary judgment were not filed by September 1, then discovery would be opened to all allegations in the case. Other than Defendants' document requests, for which Stuart & Sons did not respond, no other discovery took place and no motions for summary judgment filed. Thereafter, the Court appointed Magistrate Judge Fitzsimmons to preside over settlement. Unfortunately, the parties could not reach settlement.

As a result, on February 24, 2005, in a telephonic ruling, Magistrate Judge Fitzsimmons ordered discovery to commence. *See* Dkt. No. 52 (Notification of Status Conference, dated Feb. 14, 2005). Discovery ended on April 15, 2005. Magistrate Judge Fitzsimmons also set forth a briefing schedule on summary judgment motions with initial moving papers to be filed on June 1, 2005.

During discovery and pursuant to the Magistrate Judge's ruling, Plaintiffs propounded only one set of document requests and took no other discovery. Defendants propounded document requests and contention interrogatories, for which Plaintiffs provided deficient Responses that merit striking certain paragraphs of their Second Amended Complaint as a sanction under Rule 37, Fed. R. Civ. P. and/or awarding costs and attorneys' fees. This issue is addressed in detail in Defendants' Opposition to Plaintiffs' Motion for Judgment on the Pleadings. *See* Dkt. No. 65.

Plaintiffs have no one but themselves to blame for their lack of diligence in pursuing discovery. Indeed, many of Defendants' document requests most likely cover

the alleged third-party discovery that Plaintiffs should have obtained in response to Defendants' document requests served <u>during discovery</u>.  It is simply too late, and the Court should not permit Plaintiffs to delay this matter any longer.  Defendants have recently moved for summary judgment and Plaintiffs have moved, albeit improperly for the second time, for judgment on the pleadings.  Defendants are readying for trial and will be prejudiced if the Court permits Plaintiffs to pursue unknown parties to obtain discovery that may very well be worthless to the litigation.  Plaintiffs' Motion for Extension of Time is speculative at best, as there are no guarantees that Plaintiffs will obtain any document discovery, let alone discovery that is relevant to this litigation.  To permit Plaintiffs to go on a fishing expedition while holding up this matter any longer would be contrary to the purposes of streamlining litigation.  The Court should not permit discovery to go on until the end of time.  This case must proceed in due course.

### B.     Plaintiffs' Motion Should Be Denied Because They Refuse to Divulge the Names of the So-Called "Third Parties" They Seek Documents From

Last week, Defendants contacted Plaintiffs to request a one-week extension of time to file and serve their Reply in support of their Motion for Summary Judgment on Count I of the Counterclaims (Ownership of the Paintings) as a result of Plaintiffs William and Jonathan Stuart's and Kenneth Stuart, Jr.'s (*pro se*, individual and on behalf of the Estate of Kenneth J. Stuart, Jr. and the Kenneth J. Stuart, Trust) inexcusable and untimely filing of their Replies to Defendants' Counterclaims, as well as Plaintiff Stuart & Sons, L.P. last-minute filing of its Amended Reply to Defendants' Counterclaims, all of which were filed and served either immediately after Defendants'

moved for summary judgment or on the very same day that Defendants opposed Plaintiffs' Motion for Judgment on the Pleadings.[1]

Plaintiffs William and Jonathan Stuart's counsel, Ms. Akoury, also asked for an extension of time to file their Reply in Support of their Motion for Judgment on the Pleadings, and advised Defendants that they are seeking documents from an unnamed third party that might help their case. Defendants' counsel inquired as to the identity of the so-called third party, but Ms. Akoury refused to divulge such information. Defendants asked Ms. Akoury why she did not obtain these co-called third party documents during discovery and she advised that it had not occurred to her until now.

Defendants advised that they were agreeable to a one-week extension but would not permit a thirty-day extension, especially considering fact discovery ended 90 days ago, without first knowing the identity of the third party. Ms. Akoury refused to divulge the identity of the third parties. Defendants wrote a confirmatory letter memorializing the conversation and reiterating its refusal to consent to a thirty-day extension from July 19 , 2005 to August 19, 2005. (*See* letter dated July 14, 2005 from Karen J. Bernstein, Esq. to Sandra Akoury, Esq., attached hereto as Exh. A).

The curious thing is that Plaintiffs had an affirmative duty to have thought of these so-called third parties when they were preparing their Responses to Defendants' document requests and contention interrogatories. Suddenly, Plaintiffs have arisen from their slumber and realized that they are on the losing end of this matter. In a desperate attempt through their Motion for Extension of Time, Plaintiffs are seeking to reopen fact discovery. Plaintiffs have no good cause for this extension motion.

---

[1] Defendants have submitted a separate Second Motion for Extension of Time to permit Defendants to clear up the mess left by Plaintiffs' inexcusable and untimely filing of their Replies to Defendants' Counterclaims.

316087.1

## III.    ARGUMENT

### A.    The Court Should Deny Plaintiffs' Motion for Extension of Time Because They Do Not Have the Requisite Good Cause to Amend the Scheduling Order Pursuant to the Federal Rules of Civil Procedure and the Local Rules

Federal Rule of Civil Procedure 16(b) states that a "schedule shall not be modified except upon a showing of good cause and by leave of the district judge . . . ." Fed. R. Civ. P. 16(b). "'Good cause' means that the schedule cannot reasonably be met despite that party's diligence." *Julian v. Equifax Check Svcs., Inc.*, 178 F.R.D. 10, 16 (D. Conn. 1998) (*citing* Fed. R. Civ. P. 16(b); other citations omitted).

Further, Local Rule 7(b)(2) of the United States District Court for the District of Connecticut ("L.R.") sets forth the standard for granting motions for extension of time:

> All motions for extension of time must be decided by a judge and will not be granted except for good cause. **The good cause standard requires a particularized showing that the time limitation in question cannot be**
>
> **reasonably be met despite the diligence of the party seeking the extension**.

*Id.* (emphasis added).

Accordingly, what Plaintiffs are asking the Court for is a thirty-day extension of time to conduct discovery -- discovery that should have been conducted during the discovery period. Discovery that may never materialize. Plaintiffs fail to particularize their good cause. In other words, Plaintiffs' foot dragging does not rise to the level of good cause required to reopen fact discovery and permit Plaintiffs an extension motion when Defendants have already moved for summary judgment and are readying for trial. Such last-minute discovery only serves to prejudice Defendants from pursuing their case. Plaintiffs' Motion should be denied.

316087.1

### B.    Plaintiffs Had Ample Time to Conduct Discovery and Now Improperly Seek to Reopen Fact Discovery to Suit Their Needs

Magistrate Judge Fitzsimmons set forth the scheduling order in this case. Fact discovery ended on April 15, 2005 and not one word was uttered from Plaintiffs about any discovery extensions. Now, three months later, Plaintiffs seek to reopen fact discovery because they are desperate to find some way of convincing the Court that they are entitled to Judgment on the Pleadings or that they can defeat Defendants' summary judgment motion through the discovery of alleged new evidence. This is a bold effort to deflect Defendants' argument made in their Opposition to Plaintiffs' Motion for Judgment on the Pleadings that the "evidentiary record has not changed since Stuart & Sons last moved for judgment on the pleadings and Plaintiffs cite no new law [or facts] that merits a second review of their Motion for Judgment on the Pleadings." (Dkt. No. 65). There is no reason to provide Plaintiffs an extension when the basis of their extension motion consists of a "strong possibility" that "potentially definitive documents" from third-parties will somehow magically create a new evidentiary record for the Court to rule in their favor. (*See* Plaintiff's [sic] Second Motion for Extension of Time, at 1-2). Indeed, the whole purpose of the Court's June 28, 2004 Order was to create a discovery period for the parties to build an evidentiary record and move for summary judgment.

Courts in the Second Circuit will not permit parties to reopen fact discovery just so they can try to defeat dispositive motions because "'[a] party who both fails to use the time available and takes **no steps** to seek more time **until after** a summary judgment has been filed need not be allowed more time for discovery absent a strong showing of need.'" *NAS Electronics v. Transtech Electronics PTE, Ltd.*, 262 F. Supp.2d 134, 151-52

316087.1

(S.D.N.Y. 2003) (*citing Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 927-28 (2d Cir. 1985) (emphases added)).

To permit Plaintiffs to continue to abuse the litigation system and reopen fact discovery is an anathema to the efficient administration of justice.

## C.     Defendants Will Be Prejudiced if Plaintiffs' Motion for Extension is Granted

For almost four years, the instant litigation has been ongoing but with no results. Plaintiffs have had more than enough time to develop their case and now want to delay the matter further. Enough is enough. Plaintiffs' Second Motion for Extension of Time should be denied to the extent that it seeks a thirty-day extension to file their Reply in Support of their Motion for Judgment on the Pleadings. At a maximum, a one-week extension of time from July 19, 2005 to July 26, 2005 for Plaintiffs' filing suffices to match Defendants' extension, except Defendants have good cause for their extension, which Plaintiffs consented to, because they have been inconvenienced by Plaintiffs' litigation misconduct.

Defendants have been defending this action for over four years. There has been mediation and other attempts to settle this matter with no success. Fact discovery commenced and Defendants pursued it with vigor. Fact discovery has ended.

Plaintiffs, on the other hand, have taken virtually no discovery. As time marches on, memories fade and people die. This matter must come to a conclusion. The parties are in the midst of summary judgment briefing and should not be delayed yet again by some alleged "possibility" that documents will materialize three months past the discovery deadline and while briefing on summary judgment is underway. If Plaintiffs intend on using these so-called "mystery" documents, if they ever materialize, in an

attempt to defeat the dispositive motions currently pending before the Court or at trial, Defendants will move to preclude them.

## IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court deny Plaintiffs' Second Motion for Extension of Time requesting an extension of thirty days to file and serve their Reply in Support of their Motion for Judgment on the Pleadings.

Respectfully submitted,

William M. Bloss (CT 01008)
KOSKOFF KOSKOFF & BIEDER P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421

Anthony F. Lo Cicero (CT 04670)
Karen J. Bernstein (CT 24254)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000

ATTORNEYS FOR DEFENDANTS

Dated:   July ____, 2005          By:
_____
        New York, New York                 William M. Bloss (CT 01008)

Of Counsel:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

316087.1

-9-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is one of the attorneys for defendants in the above-captioned action and that on the date which appears below, served copies of the foregoing DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFFS' SECOND MOTION FOR EXTENSION OF TIME by causing copies thereof to be served as follows:

### *via Facsimile and First Class Mail*

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.:  (212) 448-0066

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.:  (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.:  (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.:  (203) 325-8608

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897
Fax No.:  (203) 431-8236

Dated: Bridgeport, Connecticut          _____
        July___, 2005                             William M. Bloss

316087.1