UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

------------------------- x

STUART & SONS, L.P., KENNETH STUART, JR.,
EXECUTOR OF THE ESTATE OF KENNETH
STUART, SR.; TRUSTEE OF THE KENNETH J.
STUART TRUST; KENNETH STUART, JR.,
WILLIAM STUART AND JONATHAN STUART,

        Plaintiffs,

    - against -

THE CURTIS PUBLISHING COMPANY, INC., THE
SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY and THE
BENJAMIN FRANKLIN LITERARY AND MEDICAL
SOCIETY, INC.,

        Defendants.

Case No. 301 CV 1580 (AHN)

July 26, 2005

------------------------- x

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
THEIR MOTION FOR SUMMARY JUDGMENT ON COUNT I OF
DEFENDANTS' COUNTERCLAIMS (OWNERSHIP OF THE PAINTINGS)**

316601.1

**TABLE OF CONTENTS**

A.  Plaintiffs Have Failed to Comply with the Federal Rules of Civil Procedure and the Local Rules of This Court .................................................................................. 1

  1.  Federal Rule of Civil Procedure 56(e) ............................................................. 1

  2.  District of Connecticut Local Rule 56 ............................................................. 2

B.  The Court Should Deem All Facts in Defendants' Local Rule 56(a)(1) Statement Admitted for Purposes of the Instant Motion ............................................. 3

C.  Default Judgments Should Be Entered Against Certain Plaintiffs on Defendants' Counterclaims ............................................................................................ 4

D.  Based on Defendants' and Mr. Rockwell's Pattern of Conduct, It is An Undisputed Material Fact That Defendants Own the Paintings .................................. 6

E.  Plaintiffs Fail to Meet Their Burden on Summary Judgment ..................................... 8

  1.  The Wording of the Confirmation Orders ....................................................... 9

  2.  The Admissibility of Mr. Stuart, Sr.'s Sworn Testimony ................................. 9

F.  Conclusion .................................................................................................................. 10

# TABLE OF AUTHORITIES

## CASES

*Anderson v. Liberty Lobby, Inc.,*
477 U.S. 242 (1986) .................................................................................................... 6, 8

*Coger v. State of Conn., Dept of Admin. Svcs.,*
309 F. Supp.2d 274 (D. Conn. 2004) ............................................................................ 8

*Metropolitan Prop. and Casualty Ins. Co. v. Espach,*
313 F. Supp.2d 109 (D. Conn. 2004) ............................................................................ 6

*Schering Corp. v. Pfizer Inc.,*
189 F.3d 218 (2d. Cir. 1999) ...................................................................................... 10

*Sec. and Exchange Comm'n. v. Global Telecom Svcs. L.L.C.,*
325 F. Supp.2d 94 (D. Conn. 2004) .............................................................................. 3

*Trustees of the Am. Fed. of Musicians & Employer's Pension Fund v. Scott,*
40 F. Supp.2d 503 (S.D.N.Y. 1999) .............................................................................. 7

*Trzaskos v. St. Jacques,*
39 F. Supp.2d 177 (D. Conn. 1999) .......................................................................... 3, 6

## STATUTES

Fed. R. Civ. P. 56(e) ............................................................................................... *passim*

Fed. R. Evid. 801 ........................................................................................................ 10

## TREATISES

*Weinstein's Federal Evidence* (2005) ............................................................................ 10

Defendants hereby submit this Reply Memorandum in Support of Their Motion for Summary Judgment on Count I of Defendants' Counterclaims (Ownership of the Paintings).

A.  **Plaintiffs Have Failed to Comply with the Federal Rules of Civil Procedure and the Local Rules of This Court**

Plaintiffs' Opposition neither provided a Local Rule 56(a)2 Statement nor submitted an affidavit in support of its Memorandum in Opposition. It only contains cursory allegations unsupported by the evidentiary record that do not come close to meeting Plaintiffs' obligations as the non-moving party under the Federal Rules of Civil Procedure and the Local Rules of this Court.

On the other hand, Defendants complied with Rule 56, Fed. R. Civ. P. and Local Rule 56(a)1's requirements by submitting a Local Rule 56(a)1 Statement specifically pointing to the evidentiary record to support their summary judgment motion and proffering an affidavit consisting of admissible documents. Defendants also complied with Local Rule 56(b) by serving Kenneth Stuart, Jr. with a Notice to Pro Se Litigant Opposing Motion for Summary Judgment and attaching to it a copy of the full text of Fed. R. Civ. P. 56 (*see* Dkt #56) (Defendants' Notice to Pro Se Litigants Regarding Summary Judgment, dated June 1, 2005).[1]

1.  **Federal Rule of Civil Procedure 56(e)**

Federal Rule of Civil Procedure 56(e) sets forth the requirement that the "adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response . . . must set forth **specific facts** showing that there is a genuine issue for trial. *If the adverse party does not so respond, summary judgment, if*

---

[1] Defendants served the Notice on Mr. Stuart, Jr., despite the fact that he did not enter an appearance on the docket until July 7, 2005 (*see* Dkt #67), even though he had been added as a Plaintiff to this action, *pro se*, individually and on behalf of the Estate of Kenneth J. Stuart, Sr. (the "Estate") and the Kenneth J. Stuart Trust (the "Trust") eight months prior on November 16, 2004 (Dkt #44, 45).

316601.1                                -1-

***appropriate, shall be entered against the adverse party***." Fed. R. Civ. P. 56(e) (emphases added). Plaintiffs have failed to comply with this Rule.

### 2. District of Connecticut Local Rule 56

Local Rule ("Local Rule" or "L.R.") 56(a)2 of the United States District Court for the District of Connecticut requires that "[t]he papers opposing a motion for summary judgment shall include a document entitled 'Local Rule 56(a)2 Statement,' ***which states in separately numbered paragraphs . . . whether each of the facts asserted by the moving party is admitted or denied***. The Local Rule 56(a)2 Statement must also include in a separate section entitled 'Disputed Issues of Material Fact' a list of each issue of material fact as to which it is contended there is a genuine issue to be tried." L.R. 56(a)2 (emphases added). Local Rule 56(a)3 requires that "[e]ach statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2, and each denial in an opponent's Local Rule 56(a)2 Statement, ***must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial[,]*** . . . and [such Local Rule Statements must be] in conformity with Fed. R. Civ. P. 56(e)." L.R. 56(a)3 (emphases added). Indeed, if a party does not comply with Local Rule 56, then, the Local Rule specifies that "[c]ounsel and pro se parties are hereby notified that ***failure to provide specific citations to evidence in the record*** . . . may result in the ***Court deeming certain facts that are supported by the evidence admitted*** . . . [and] the Court imposing sanctions including . . . when the opponent fails to comply, an ***order granting the motion*** if the undisputed facts show that the movant is entitled to judgment as a matter of law." L.R. 56(a)(3) (emphases added). Plaintiffs have failed to comply with the Local

316601.1

-2-

Rule. Accordingly, Plaintiffs' violation of the Federal Rules of Civil Procedure and the Local Rules alone merits a grant of Defendants' Motion for Summary Judgment.

**B.   The Court Should Deem All Facts in Defendants' Local Rule 56(a)(1) Statement Admitted for Purposes of the Instant Motion**

Courts in the District of Connecticut routinely grant summary judgment motions when the non-moving party has failed to comply with Local Rule 56. *See, e.g., Sec. and Exchange Comm'n. v. Global Telecom Svcs. L.L.C.*, 325 F. Supp.2d 94 (D. Conn. 2004) (granting summary judgment when non-moving party failed to comply with L.R. 56); *Trzaskos v. St. Jacques*, 39 F. Supp.2d 177 (D. Conn. 1999) (same).[2] Here, Plaintiffs have no excuse for their non-compliance with the Federal Rules of Civil Procedure and the Local Rules of this Court. Most of the Plaintiffs are represented by competent counsel who are admitted to practice law in the state of Connecticut and certainly know the Federal Rules of Civil Procedure and the Local Rules of this Court. Kenneth Stuart, Jr., while acting *pro se* individually and on behalf of the Estate and the Trust, is the Managing Partner of Stuart & Sons, L.P., one of the Plaintiffs in the instant litigation, and is represented in that capacity by counsel. In addition, Defendants gave Mr. Stuart, Jr. proper notice of his obligations as the non-moving *pro se* party to a summary judgment motion. Plaintiffs simply have no excuse for their non-compliance.

Accordingly, Defendants respectfully request the Court deem all the facts set forth in Defendants' Local Rule 56(a)1 Statement admitted.

---

[2] The *Trzaskos* court applied former Local Rule 9, which was substantively the same as the current Local Rule 56.

316601.1

-3-

### C. Default Judgments Should Be Entered Against Certain Plaintiffs on Defendants' Counterclaims[3]

In a last-minute, desperate attempt to counter Defendants' uncontroverted summary judgment motion, Plaintiffs William and Jonathan Stuart improperly attach as Exhibit 2 to their Opposition a "Reply" to Defendants' Counterclaims disputing ownership of the Paintings. See Dkt #62 (Response to Defendants' Answer to Amended Complaint by Jonathan Stuart and William Stuart, dated June 27, 2005).[4] Such an inexcusably late Reply should be disregarded for the following reasons.

On June 21, 2005,[5] Defendants sought confirmation from Sandra Akoury, Esq., counsel for Plaintiff William and Jonathan Stuart that Plaintiffs admitted in their Reply, filed on December 13, 2004, that Defendants' own the Paintings. See letter dated June 20 [sic], 2005, from Karen J. Bernstein, Esq. to Sandra Akoury, Esq., attached to the Declaration of Karen J. Bernstein in support of Defendants' Reply Memorandum in Support of Their Motion for Summary Judgment on Count I of Defendants' Counterclaims (Ownership of the Paintings) ("Bernstein Decl.") as Exh. A.

On June 27, 2005, Ms. Akoury's letter surprisingly revealed that a Reply to Defendants' Counterclaims on behalf of William and Jonathan Stuart had never been filed and that she

---

[3] Contrary to Plaintiffs' representations made in their Opposition, Defendants **never** consented to William and Jonathan Stuart's or Kenneth Stuart, Jr.'s unilateral and untimely filing of their "Replies" to Defendants' Counterclaims and, according to counsel for those parties, never filed Replies to Defendants' Counterclaims until six months later. See Opp., at 5.

[4] Plaintiffs also now improperly seek to incorporate inadmissible exhibits from their Motion for Judgment on the Pleadings and attach William and Jonathan Stuart's untimely Reply to Defendants' Counterclaims, and a 1979 Reader's Digest article, which are inadmissible hearsay, to their Opposition under the guise of "judicial economy" without submitting affidavits in support of their Opposition. See Opp., at 7-8. The Court should disregard all of these. Arguments made in Plaintiffs' Motion for Judgment on the Pleadings do not relieve Plaintiffs of their burden; that is, to prove there are no genuine issues of material fact that should go to trial on Defendants' ownership of the Paintings. Without an affidavit attaching admissible exhibits and an accompanying Rule 56(a)2 Statement, Plaintiffs fail to set forth specific disputed material facts in the evidentiary record.

[5] Inadvertently dated June 20, 2005.

316601.1                                -4-

was filing a Reply on their behalf, without Defendants' consent, over six months too late. *See* letter dated June 27, 2005 from Sandra Akoury, Esq. to Karen J. Bernstein, Esq., attached to the Bernstein Decl. as Exh. B (without attachment). Such inexcusable failure to file a timely Reply to Defendants' Counterclaims merits a default judgment against Plaintiffs William and Jonathan Stuart on Defendants' Counterclaims.

Based on Ms. Akoury's June 27, 2005 letter, Defendants wrote to Ken Stuart, Jr., *pro se*, individually and on behalf of the Estate and Trust, because apparently they, too, did not file a Reply to Defendants' Counterclaims. *See* letter dated June 28, 2005 from Karen J. Bernstein, Esq. to Kenneth J. Stuart, Jr., attached to the Bernstein Decl. as Exh. C. Mr. Stuart, Jr. did not respond to the letter and instead, without Defendants' consent, filed a Reply to Defendants' Counterclaims six months late. Like William and Jonathan Stuart's inexcusable late filing of their Reply to Defendants' Counterclaims, Ken Stuart, Jr.'s late filing of his Reply merits a default judgment against Ken Stuart, Jr., the Estate and the Trust on Defendants' Counterclaims.[6]

A default judgment on Defendants' Counterclaims ought to be entered against Plaintiffs William and Jonathan Stuart and Kenneth J. Stuart, Jr., *pro se*, on behalf of the Estate and the Trust for the untimely filing of their Replies to Defendants' Counterclaims. As a result,

---

[6] In addition, after seeing Defendants' June 21, 2005 letter to Ms. Akoury, counsel for Stuart & Sons, L.P. telephoned Defendants to seek their consent to the amendment of their Reply that had been filed in December, 2004, because they realized that they simply did not read Defendants' Counterclaims. A review of the Reply to Defendants' Counterclaims filed in December, 2004 revealed that it was identical to the Reply Stuart & Sons filed in 2001 in response to Defendant's Counterclaims. However, some of the paragraphs asserted in Defendants' Counterclaims filed on October 4, 2001 (Dkt #7) were not asserted in Defendants' most recent Counterclaims filed in November, 2004. Plaintiff Stuart & Sons, however, filed the exact same Reply to Defendants' Counterclaims that had been filed and served in 2001. Counsel for Stuart & Sons admitted that she did not look closely to notice that Defendants no longer asserted some of the Counterclaims that had been previously pled. In the spirit of cooperation, Defendants consented to the amendment. A week or so later, Plaintiffs Stuart & Sons, L.P. submitted an amended Reply to Defendants' Counterclaims and filed it conveniently on the same day as its Opposition to Defendants' Motion for Summary Judgment. *See* Dkt #64 (Amended Answer to Special Defenses and Counterclaims by Stuart & Sons, L.P., dated July 6, 2005).

the Court should consider Defendants' Motion for Summary Judgment be directed to the only remaining party in the litigation on Defendants' Counterclaims: Plaintiff Stuart & Sons, L.P.

### D. Based on Defendants' and Mr. Rockwell's Pattern of Conduct, It is An Undisputed Material Fact That Defendants Own the Paintings

Defendants have demonstrated without dispute that it was Mr. Rockwell's practice to cash the checks given to him by Curtis pursuant to the terms and conditions of the standard confirmation orders. *See* Defendants' Motion for Summary Judgment, at 3 (*citing* SUMF, at ¶ 27, 29). Because Defendants cannot find the specific confirmation orders relating to the Paintings at issue here, Plaintiffs seek to dismiss Defendants' undisputed offer of proof by characterizing it as an attempt by Defendants to have the court "[d]raw[] inferences" in Defendants' favor. Such an argument is unsupported. (Opp., at 5).

It is well settled that the Court determines whether summary judgment is appropriate when there are no genuine issues of material fact; *i.e.*, that no reasonable jury could find for the non-moving party. *See Anderson v. Liberty Lobby*, Inc., 477 U.S. 242, 249 (1986). Indeed, courts in the District of Connecticut have granted summary judgment not because they drew inferences in the moving party's favor but because they found no genuine issue of material fact based on a pattern of conduct determined by reviewing the evidentiary record. This is precisely the type of evidence Defendants have proffered in the instant motion. *See, e.g., Trzaskos v. St. Jacques*, 39 F. Supp.2d 177 (D. Conn. 1999) (finding pattern of conduct based on arresting officer's reasonable suspicion of former arrestee's illegal conduct);[7] *Metropolitan Prop. and Casualty Ins. Co. v. Espach*, 313 F. Supp.2d 109, 113 (D. Conn. 2004)

---

[7] Incidentally, the teenage passenger opposing summary judgment failed to submit the-then Local Rule 9(c)2 Statement, the predecessor to Local Rule 56, and thus the court deemed admitted the officer's separate statement of undisputed fact.

316601.1

-6-

(granting summary judgment in insurer's favor because no "implied permission" from car owner to third-party driver based on "**course of conduct** consisting of a prolonged, frequent, and habitual use with knowledge and acquiescence." Driver did not have reasonable belief that he had authorization to drive car sine he had only a learner's permit).

Here, there are express terms in the confirmation order, as well as an implied pattern of conduct between Defendants and Mr. Rockwell, to support a grant of summary judgment of ownership in Defendants' favor. In particular, Defendants have proffered confirmation orders, sworn oral testimony, a sworn affidavit, and a letter that undeniably assert that there was a pattern of conduct between Defendants and Mr. Rockwell whereby Defendants purchased ALL paintings "outright." There is no ambiguity here and Plaintiffs fail to point to the evidentiary record to hold otherwise. *See* Exh. C, Bloss Decl. The words "all artwork is purchased outright" could not be clearer and no reasonable jury would find otherwise that Defendants own the Paintings. Further, contrary to Plaintiffs' mischaracterization of the confirmation orders as "unsigned order forms," the confirmation orders did not require a signature because there was no signature line. All that was needed was for the artist to cash or deposit the check. (Opp., at 5-7).

It is axiomatic in contract law that to deposit of a check, which accompanies a contract with "unequivocal" terms, constitutes acceptance to the terms and conditions of that contract. *See Trustees of the Am. Fed. of Musicians & Employer's Pension Fund v. Scott*, 40 F. Supp.2d 503, 507 (S.D.N.Y. 1999) (court held deposit of settlement checks accompanied by settlement agreement, which "unequivocally stated that check was in full settlement of all obligations owed" constituted acceptance of terms and conditions of settlement agreement).

The same law and reasoning should apply here. Even if the specific confirmation orders specific to the Paintings cannot be uncovered, Defendants' pattern of conduct of submitting

316601.1

-7-

confirmation orders with checks sent to Mr. Rockwell evidences a "prolonged, frequent or habitual use" of the confirmation orders with "unequivocal terms" that the "check is offered and accepted with the understanding that . . . all artwork is purchased outright." Exh. C, Bloss Decl. Likewise, Mr. Rockwell had a reasonable belief, evidence by his 1970 letter to Ms. Milligan, that he agreed to the terms and conditions set forth in the confirmation orders. Defendants proffered the 1985 sworn testimony, as well as the signed and notarized affidavit of Ken Stuart, Sr., Defendants' former Art Director, wherein Mr. Stuart, Sr. confirmed under oath years after he left *The Post* that Mr. Rockwell received a confirmation order with each check he received for the paintings he created for Defendants. What motivation would Mr. Stuart, Sr. have to say otherwise? Why would Mr. Rockwell write to Ms. Mulligan that he "sold" paintings to Defendants if it were not true? All of these statements, taken in their totality, evidence the undisputed material fact that there was a pattern of conduct whereby Mr. Rockwell sold the Paintings to Defendants and in return he received payment and some reproduction rights.

E.  **Plaintiffs Fail to Meet Their Burden on Summary Judgment**

It is well settled that "[i]f the nonmoving party submits evidence which is 'merely colorable,' or is not 'significantly probative,' summary judgment may be granted." *Coger v. State of Conn., Dept of Admin. Svcs.*, 309 F. Supp.2d 274, 280 (D. Conn. 2004) (*quoting Anderson v. Liberty Lobby*, 477 U.S. 242, 249-50)). Indeed, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment . . . ." *Id.* at 247-48. Without pointing specifically to the record in a proper Local Rule 56(a)2 Statement, as they should have, Plaintiffs fail to meet their burden in opposing summary judgment.

1.  **The Wording of the Confirmation Orders**

Plaintiffs' attempts to discredit Defendants' proffer of the sworn testimony of Kenneth Stuart, Sr., the signed and notarized affidavit of Kenneth Stuart, Sr., and the 1970 letter from Mr. Rockwell to Ms. Milligan must fail. Plaintiffs represent in their Opposition that in his sworn testimony and affidavit, "Mr. Stuart, Sr. stated that such payment confirmation was *typically* sent to Rockwell" and try to create disputed issues by saying that Mr. Stuart's affidavit did speak directly to the Paintings at issue and "[i]n neither document [presumably, the confirmation order and affidavit] does Mr. Stuart Sr. state that *The Post* sent a form contract with *every* painting purchased from Rockwell." (Opp., at 6) (italics in original). A close inspection of Mr. Stuart, Sr.'s signed and notarized affidavit reveals that indeed Mr. Stuart affirmed that "Curtis **typically** furnished Normal Rockwell with a copy of a standard Purchase Contract along with its payment check," and then he attached "illustrative copies" of the purchase contract/confirmation order as exhibits to his affidavit. Exh. D, Bloss Decl. (emphasis added). The word "typical" is defined as (a) "[e]xhibiting the traits or characteristics peculiar to its kind, class, or group" and/or (b) "[o]f or relating to a representative specimen." WEBSTER'S II NEW COLLEGE DICTIONARY, at 1193 (1999). Taking the definition (b) of "typical," one can determine that Mr. Stuart, Sr.'s sworn statement means what it says: That Defendants' regular course of conduct was to send a confirmation order and check to Mr. Rockwell for his services. Mr. Rockwell cashed the check that was sent, and confirmed this by stating that he received a "copy of the contract which [he] got with every original [he] sold to The Saturday Evening Post." Exh. F, Bloss Decl.

2.  **The Admissibility of Mr. Stuart, Sr.'s Sworn Testimony**

Plaintiffs complain that Mr. Stuart, Sr.'s sworn testimony was not signed, yet they rely on it to support their position that there remain disputed facts. (Opp., at 6). However,

316601.1

-9-

Plaintiffs waived any admissibility arguments when they adopted Mr. Stuart, Sr.'s sworn testimony in arguing that "Mr. Stuart, Sr. stated that 'once [*The Post* and Rockwell] knew each other,' (Transcript, at 50:1) documents were not signed and no terms were discussed." Opp., at 6 (brackets in original). As a result, by relying on Mr. Stuart, Sr.'s sworn testimony, Plaintiffs are estopped from arguing admissibility of the statements contained therein. *See* Fed. R. Evid. 801(d)(2)(B); *Weinstein's Federal Evidence*, § 801.31[1] (2005) (a statement is not hearsay when offered against a party who "manifested an adoption or belief in its truth"); *Schering Corp. v. Pfizer Inc.*, 189 F.3d 218, 239 (2d. Cir. 1999).

**F.    Conclusion**

For the foregoing reasons, Defendants respectfully request the Court grant their Motion for Summary Judgment on Count I of Defendants' Counterclaims (Ownership of the Paintings) and grant the relief requested in their initial moving papers.

Respectfully submitted,

Anthony F. Lo Cicero (CT 04670)
Karen J. Bernstein (CT 24254)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000

William M. Bloss (CT 01008)
KOSKOFF KOSKOFF & BIEDER P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421

ATTORNEYS FOR DEFENDANTS

Dated: July 26, 2005
    New York, New York

By: _____
     Karen J. Bernstein (CT 24254)

<u>Of Counsel</u>:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is one of the attorneys for defendants in the above-captioned action and that on the date which appears below, served copies of the foregoing DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT ON COUNT I OF DEFENDANTS' COUNTERCLAIMS (OWNERSHIP OF THE PAINTINGS) by causing copies thereof to be served as follows:

### *via Facsimile and First Class Mail*

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897
Fax No.: (203) 431-8236

Dated: New York, New York
       July 26, 2005

_____
Karen J. Bernstein

316601.1