# Law Offices Of Sandra Akoury
Talbot House
426 Danbury Road
Wilton, Connecticut 06897
Telephone – 203-563-9230
Facsimile – 203-563-0834
sam@akourylaw.com

**VIA FACSIMILE**

June 27, 2005



Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Re:   **Stuart, *et al.* v. The Curtis Publishing Company, Inc., *et al.***

Dear Karen:

This letter is written in response to your letter of June 20, 2005 regarding the refiling of the Plaintiffs' Motion for Judgment on the Pleadings ("Plaintiffs' Motion"), dated June 13, 2005. You will recall that the Defendants consented to the late filing of this Motion on my representation that there were no substantive changes to the document. You have acknowledged in your letter that there are "no substantive changes." Following is my response to the concerns you raised in your letter.

First, it appears that your primary concern is your claim that the Exhibit C in the June 13, 2005 copy of the Plaintiffs' Motion differed from the version of the Plaintiffs' Motion dated June 1, 2005. Although you agreed that there are "no substantive changes" to the Motion, you stated that there "appears to be a significant change" in the Exhibit C attached to the later version. You then noted the first copy of Exhibit C is dated October 2, 2001, while the later copy is dated December 10, 2004. However, the date is the *only* difference between the earlier copy of Exhibit C and the later one. The two "versions" of Exhibit C are in fact, *word for word*, the same document. Accordingly, there can have been no prejudice to the Defendants by the substitution of the later copy of Exhibit C. The later copy of Exhibit C is merely a clean copy that I obtained directly from the Court's website.

Regarding your statement that page 21 was missing from both the June 1, 2005 and the June 13, 2005 Plaintiffs' Motion, I apologize for this oversight. There was certainly no attempt to "hide" the content of the pleadings actually filed with the Court. Clearly, you have a complete copy of this Exhibit, as does the Court. However, although

I do not believe this is necessary, upon your request I will be happy to file with the Court a Motion to Substitute a complete copy of Exhibit B.

Finally, it has come to my attention that the Plaintiffs' Reply to Defendants' Answer and Counterclaim, dated December 10, 2004, was actually filed only on behalf of Plaintiff Stuart & Sons, L.P. This is evident from the document itself. Accordingly, I have filed today with the Court the enclosed Reply to Defendants' Counterclaims on behalf of William A. Stuart, M.D. and Jonathan Stuart. As Plaintiffs William A. Stuart, M.D. and Jonathan Stuart are not bound by the Reply dated December 10, 2004, they do not concede to Defendants' ownership of the Paintings at issue.

I hope this response has addressed your concerns. If you wish to discuss this matter further, please call me.

Very truly yours,

Sandra J. Akoury

Cc: Paul J. Pacifico, Esq.
Peter R. Stern, Esq.
Mary Sommer, Esq.
Kenneth J. Stuart Jr., *pro se*
William Bloss, Esq.