**Comparison Charts**

**Comparison of Plaintiffs' Second Amended Complaint with Curtis's Answers and Counterclaims With Explanation**

| Stuarts' Second Amended Complaint | Stuarts' Assertions | Curtis's Answer | Explanation |
|---|---|---|---|
| Page 4, ¶ 15 | Rockwell never signed a contract delivering title to any of the Paintings to either Defendant | Deny, Page 4, ¶ 15 | The "contracts" produced do not specify any of the Paintings in this case; moreover, none of those produced were signed and many did not cite specific Paintings; there are simply no reasonable doubts that could be resolved in favor of the Defendants. |
| Page 5, ¶ 18 | Defendants have never produced to [Plaintiffs] any documentation reflecting Rockwell's transfer of title to any of the Paintings to either Defendant | Deny, Page 4, ¶ 18 | No basis for denial. Defendants cannot point to any evidence in support of their denial; there are simply no reasonable doubts that could be resolved in favor of the Defendants. |
| Page 5, ¶ 20 | Defendants have no documents specifically concerning either (a) payments made in connection with the Paintings, or (b) the transfer of any rights related to the Paintings to either Defendant | Deny, Page 4, ¶ 20 | No invoices or amount paid per each of the three Paintings at issue in this case were produced; no cancelled checks made payable to Norman Rockwell were produced; there are simply no reasonable doubts that could be resolved in favor of the Defendants. |

| | | |
|---|---|---|
| Page 13, ¶ 71 | On June 2, 1986, a letter was sent to Beurt SerVaas confirming that Mr. Stuart Sr. was then the owner of Saying Grace and other works by Rockwell | Deny, Page 11, ¶ 71 | Certified mailing receipt attached to Supplemental Declaration as Exhibit A. |
| Page 16, ¶ 95 | Defendants were aware that they had no colorable legal claim to the Paintings in Aug., 2001 | Deny, Page 14, ¶ 95 | Knowledge of a colorable legal claim is not a material fact that would effect the outcome of this matter; there are simply no reasonable doubts that could be resolved in favor of the Defendants. |
| Page 16, ¶ 97 | Defendants knew or should have known on Aug. 1, 2001 and Aug. 3. 2001 that the claims to ownership of the Paintings made in letters to Sotheby's bearing those dates were long barred by the applicable statute of limitations. | Deny, Page 15, ¶ 97 | Defendants' were represented by counsel, who actually authored the letters to Sotheby's, and therefore "should have known." Regardless, the letters to Sotheby's have no bearing on the outcome of this matter, and there are simply no reasonable doubts the that could be resolved in favor of the Defendants. |

2

**Comparison of Curtis's Counterclaims with Plaintiffs' Replies with Explanation**

| Curtis's Answer and Counterclaims | Curtis's Assertions | Stuarts' Answers | Explanation |
|---|---|---|---|
| Page 21, ¶ 11 | "As confirmed by Mr. Stuart Sr., the Post, as successor-in-interest to Curtis, is the owner of the paintings entitled, "Saying Grace," "The Gossips," and "Walking to Church" | Denied, ¶ 11 | The assertions made in Defendants' counterclaims are not material issues of fact that would effect the outcome of Plaintiffs' claim for declaratory judgment, particularly in view of the claims that Defendants' failed to act within the statute of limitations and their laches, as they had actual knowledge of the ownership claims of the Stuarts. There are simply no reasonable doubts that could be resolved in favor of the Defendants. |
| Page 21, ¶ 13 | "The attempted consignment of the Paintings constituted conversion of the same." | Denied, ¶ 13 | The assertions made in Defendants' counterclaims are not material issues of fact that would effect the outcome of Plaintiffs' claim for declaratory judgment, particularly in view of the claims that Defendants' failed to act within the statute of limitations and their laches, as they had actual knowledge of the ownership claims of the Stuarts. There are simply no reasonable doubts that could be resolved in favor of the Defendants. |

3