UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Bridgeport

| | |
|---|---|
| STUART & SONS, L.P., : | |
| THE ESTATE OF KENNETH J. STUART : | |
| THE KENNETH J. STUART LIVING TRUST : | |
| KENNETH J. STUART JR. : | |
| WILLIAM A. STUART, M.D. : | |
| JONATHAN STUART : | |
| *Plaintiffs,* : | |
| : | |
| : | |
| - against - : | |
| : | Case No. 301 CV 1580 AHN |
| THE CURTIS PUBLISHING COMPANY, INC. : | |
| THE SATURDAY EVENING POST SOCIETY, A : | |
| DIVISION OF THE BENJAMIN FRANKLIN : | |
| LITERARY AND MEDICAL SOCIETY, and THE : | |
| BENJAMIN FRANKLIN LITERARY AND : | |
| MEDICAL SOCIETY, INC. : | |
| : | |
| *Defendants* : | August 19, 2005 |

**PLAINTIFFS' MEMORANDUM
IN FURTHER OPPOSITION TO DEFENDANTS'
<u>MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiffs hereby submit this memorandum in further opposition to the Defendants' Motion for Summary Judgment dated June 1, 2005 and to Defendants' subsequent pleadings dated July 22, 2005 and July 26, 2005 (collectively, "Reply Motions"). This Memorandum strictly addresses the discrete points raised in Defendants' Reply Motions, and must be reviewed in conjunction with them.

1. **Defendants' Motions**

    A. **Defendants' Procedural Claims**

Plaintiffs have responded to Defendants' procedural claims contained in Section A in their memorandum in further support of their motion for judgment on the pleadings, dated August 19, 2005 and submitted herewith, and the Court is respectfully invited to consider that Motion in conjunction with this opposition memorandum. In the interest of judicial economy, Plaintiffs arguments will not be repeated herein. It is noteworthy, however, that as with Defendants' prior motions, a significant portion of their argument centers on procedural matters, and almost nothing is devoted to the substance of Plaintiffs' documents and argument.

Regarding the Defendants' position that Plaintiffs failed to submit the Rule 56(a)(2) statement, said statement is submitted herewith in compliance with the Federal Rules of Civil Procedure. Significantly, while the Defendants are quick to point out that the Local Rule states that "failure to provide specific citations to evidence in the record … may result in the Court deeming certain facts that are supported by the evidence admitted," they fail to address that portion of the Rule that states the Court may grant the motion "if the undisputed facts show the movant is entitled to judgment as a matter of law." L.R.56(3). No such undisputed facts are present in this case, as described in Plaintiffs' Rule 56(a)(2) Statement. Therefore, the Defendants are not entitled to judgment.

**B.     Defendants' Request that the Court Deem Their "Facts" Admitted**

As noted above, and in Plaintiffs' Rule 56(a)(2) Statement submitted herewith, the Plaintiffs vehemently dispute the alleged facts contained in the Defendants' Statement. Moreover, the Defendants' Statement is inaccurate as to the facts allegedly admitted in the record. (Pls. Reply to Counterclaim, Dkt. Nos. 62, 64, 68.) Accordingly, the Plaintiffs respectfully request that the Court deny the Defendants' request that the "facts" be deemed admitted.

**C.     Defendants' Request that Default Judgments Enter**

Defendants' request that default judgments enter against the Plaintiffs for their late filing of the Replies to Defendants' Counterclaims is inappropriate. Although the Defendants are correct in pointing out the dates the individual plaintiffs filed their Replies, Defendants are not entitled to a default judgment. Not surprisingly, the Defendants have submitted no law in support of their request for a default. As the Replies were filed prior to the time Defendants noticed that no replies had been filed, Defendants missed their window of opportunity to request such a result from the Court.[1]

---

[1] Defendants' consistent recitation of their version of the discussions among counsel is completely inaccurate. However, as it has no relevance to the motions currently before the Court, Plaintiffs' counsel will not discuss this matter herein.

3

Accordingly, the Plaintiffs respectfully suggest that the Court need not review this issue.

### D.  The Defendants' and Mr. Rockwell's Pattern of Conduct

Defendants rely on a purported pattern of conduct by Mr. Rockwell in support of their motion.  This pattern allegedly included Mr. Rockwell's repeated cashing of checks which the Defendants contend contained an agreement, which for some unexplained reason, remains a secret from both the Court and the Plaintiffs.  Since neither checks nor agreements that in any way pertain to the actual Paintings at issue have been submitted by the Defendants, the Court may view this omission in the light most favorable to the Plaintiffs and infer that no such documents exist.  Moreover, the Defendants are attempting to have the Court infer that their unsigned, blank order forms apply to the Paintings at issue, and asking the Court to improperly interpret the language contained therein in Defendants' favor.

Defendants' proffered documents can only be described as an attempt to spin straw into gold – gold in the form of currently, very valuable Paintings, which they have consistently ignored for the last 50 years, only alleging ownership after the Paintings significantly increased in value.

As to the evidence of the original "deal" between Mr. Rockwell and *The Post*, which is circumstantially being pieced together by the Plaintiffs, Curtis cannot have it both ways.  There are numerous instances where the company,

4

on its letterhead, made representations that Mr. Rockwell owned the Paintings. (See, *e.g.*, Suppl. Decl., Exhs. J, N, O, P, Q, R) On the one hand, over the past 50 years, the Defendant companies have had numerous executives, boards and owners. They have produced no documents evidencing a continuity of their position as to ownership of any of Mr. Rockwell's original canvasses. In fact, the evidence indicates otherwise. There has been a shifting of positions over the years in Curtis's stance as to ownership. Therefore, as a matter of proof, there has been no continuity in the Defendants' course of conduct over the years. On the other hand, the Plaintiffs' actions have been strictly consistent over the last 50 years. Mr. Stuart Sr. held himself out publicly as owner of the Paintings from the time he received them as gifts from Mr. Rockwell. Moreover, Mr. Stuart Sr.'s position is supported by all known, available documents.

Significantly, the current owners of Curtis Publishing, the SerVaas family, had no significant ties to the Curtis Publishing Company of the 1940s, 1950s or 1960s. The surviving individuals knowledgeable of and familiar with Curtis Publishing during those years have all supported the Plaintiffs through their affidavits. (Supplemental Declaration of Sandra J. Akoury, Aug. 19, 2005, Exhs. B, C, I.) Although in name the first named Defendant is The Curtis Publishing Company, the individuals driving their specious claims had no participation in the Defendant companies or publications in the 1940s through the 1960s. Consequently, they could have no personal knowledge of the inner

5

workings of the "old" Curtis. Significantly, they have not produced one shred of pertinent evidence demonstrating any ownership of the Paintings at issue in this lawsuit – because none exists.

Doubtless, at the time the SerVaas family purchased the nearly-defunct "old" Curtis publishing company, they had every opportunity to ascertain a list of the actual assets they were purchasing. Had there been any indication that there were missing assets, *i.e.*, in the form of artwork, from Curtis's prior years in business, that was the appropriate time for them to seek redress in the courts or otherwise pursue any claim they believed they had to ownership of the original artwork not sold to the SerVaas family as part of their assumption of the assets of the "old" Curtis.

It is simply not credible to suggest, as the Defendants have done, that at the time the SerVaas family "went into debt" to purchase Curtis, an admittedly near-defunct publisher, that they would have made no effort to ascertain the exact assets they were purchasing – yet their responses to that specific request for documents yielded a claim that they had no documents evidencing the purchase of the company, rather, "they only bought stock." In fact, they had no basis whatsoever for their assertion that the Paintings were owned by Curtis in the early 1970's when the SerVaas family assumed control.

### E.   Plaintiffs' Burden on Summary Judgment

Defendants argue that the Plaintiffs have not met their burden in opposing the Motion for Summary Judgment. However, the Plaintiffs point to the Defendants' failure to provide any documents in support of their claim that actually pertain to the actual Paintings in issue.

The burden of proof on a motion for summary judgment is much more strict than on a trial on the merits. ***Kilfoyle v. Wright,*** 300 F. 2d 626 (1962) (C.A.5 Ala.) The party moving for summary judgment has the burden of establishing that it is entitled to summary judgment, and the court must examine the record in the light most favorable to the nonmoving party. ***Bell v. Dillary Dept. Stores, Inc.,*** 85 F. 3d 1451 (1996)(C.A. 10 Okla.). As the Plaintiffs discussed in their Memorandum of Law, "[i]n determining whether a genuine issue of material fact exists sufficient to preclude summary judgment, ambiguities must be resolved and all inferences drawn in favor of nonmoving party." ***Dellamore v. Stenros***, 886 F. Supp. 349, 351 (S.D.N.Y. 1995).

Here, the Defendants seek to have a significant inference drawn in their favor. In effect, they are asking the Court to consider unsigned contract forms, none of which specifically pertain to the Paintings at issue, and each of which contains a reference to what is being "purchased" that is vague and subject to interpretation, as positive proof that the Defendants purchased these Paintings. In addition, they ask the Court to simply rely on an

unsupported representation in their moving papers that Mr. Rockwell cashed checks containing some "form" agreement.

Moreover, the Defendants have made no attempt to contest the evidence submitted by the Plaintiffs in support of their opposition papers. Furthermore, the new documents and affidavits obtained by the Plaintiffs from third parties, many of which should have been produced by the Defendants but were not, undeniably refute the Defendants' arguments regarding the "pattern of conduct" by Mr. Rockwell and their predecessors in management of Curtis.

Clearly, the Defendants had the burden of establishing that they are entitled to summary judgment. In view of the commanding new evidence discovered by the Plaintiffs, the Defendants are not entitled to summary judgment.

**WHEREFORE**, the Plaintiffs respectfully request that the Defendants' Motion for Summary Judgment be denied.

**Respectfully submitted,
Plaintiffs
William A. Stuart, M.D. and
Jonathan Stuart**

**By: _____
Sandra J. Akoury (ct 21279)
Law Offices of Sandra Akoury
426 Danbury Road
Wilton, Connecticut 06897**

                         **Kenneth J. Stuart Jr.,** *pro se,*
                         **Individually, as Executor of the Estate of Kenneth J. Stuart, and as Trustee of the Kenneth J. Stuart Living Trust**

                         _____
                         **Kenneth J. Stuart Jr.**

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid on this 19th day of August, 2005, to the following counsel and *pro se* parties of record:

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder, P,C.
350 Fairfield Avenue
Bridgeport, CT 06604

Kenneth J. Stuart Jr.
5 High Ridge Road
Wilton, CT 06897

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Paul J. Pacifico, Esq.
965 Post Road East
Westport, CT 06880

Peter R. Stern, Esq.
McLauglin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Mary E. Sommer, Esq.
Sandak, Hennessey & Greco
707 Summer Street
Stamford, CT 06901

_____
Sandra J. Akoury