UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Bridgeport

FILED
2005 AUG 19 P 3: 40
U.S. DISTRICT COURT
BRIDGEPORT, CONN

STUART & SONS, L.P.,
THE ESTATE OF KENNETH J. STUART
THE KENNETH J. STUART LIVING TRUST
KENNETH J. STUART JR.
WILLIAM A. STUART, M.D.
JONATHAN STUART
            *Plaintiffs,*

\- against -

THE CURTIS PUBLISHING COMPANY, INC.
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY, and THE
BENJAMIN FRANKLIN LITERARY AND
MEDICAL SOCIETY, INC.

            *Defendants*

Case No. 301 CV 1580 AHN

August 19, 2005

**PLAINTIFFS' LOCAL RULE 56(a)2 STATEMENT
IN OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 56(a)2 of the United States District Court for the District of Connecticut, Plaintiffs hereby submit this response to Defendants' Local Rule 56(a)1 statement ("Defendants' Statement"), including a statement of disputed material facts in opposition to the Defendants' Motion for Summary Judgment.

I.   **Response to Defendants' Local Rule 56(a)1 Statement**

In accordance with the requirements of Local Rule 56(a)2, Plaintiffs hereby respond to the separately numbered paragraphs contained in Defendants' Statement.

A.   **The Parties**

1.   Plaintiffs admit that Stuart & Sons, L.P. ("Stuart & Sons") purports to be a plaintiff in the instant action. However, Plaintiffs' response is limited by the Connecticut Superior Court's Decision in *Stuart, et al. v. Stuart, et al.*, 2004 WL 1730143, currently pending before the Connecticut Appellate Court (Dkt. No. 25642)("Connecticut Action"), regarding the legal existence of the alleged partnership known as Stuart & Sons, as described in Footnote 1 in Defendants' Statement.

2.   Plaintiffs admit the statements contained in Paragraph 2 regarding Kenneth Stuart Sr.'s ("Mr. Stuart Sr.") title and dates of employment as art director of *The Saturday Evening Post*. However, the Second Amended Complaint, as cited by the Defendants, does not contain the remaining allegations contained in Paragraph 2, and therefore, the Plaintiffs deny them.

3.   Plaintiffs admit the statements contained in Paragraph 3.

4.   Plaintiffs admit the statements contained in Paragraph 4.

5.   Plaintiffs admit the statements contained in Paragraph 5.

19. Plaintiffs admit the statements contained in Paragraph 19.

20. Plaintiffs admit the statements contained in Paragraph 20.

### C. Undisputed Material Facts of the Case

21. Plaintiffs admit the statements contained in Paragraph 21.

22. Plaintiffs admit the statements contained in Paragraph 22.

23. Plaintiffs admit the statements contained in Paragraph 23.

24. Plaintiffs admit the statements contained in Paragraph 24.

### D. Disputed Issues of Material Fact

25. Plaintiffs dispute that Norman Rockwell ("Mr. Rockwell") was sent a "confirmation order" or "standard purchase contract" with every check sent for payment of artwork which was being provided to the Defendants for reproduction. As stated in Plaintiffs' Objection to Motion for Summary Judgment (p. 3), the Defendants have offered no evidence that "confirmation orders" or "standard purchase contracts" were sent to Mr. Rockwell in connection with any of the Paintings in this dispute. Proof offered by Defendants in support of this allegation are blank, unsigned forms, bearing no date and no indication as to which painting of Mr. Rockwell, if any, they pertain to. Plaintiffs allege that this evidence, if admissible, is not probative of the ultimate issues in this case.

26. Plaintiffs acknowledge that the document referred to by the Defendants as a "confirmation order" states in part that "all Artwork is purchased outright." Plaintiffs dispute the interpretation of this language, or that it has any relevance to this case, as the documents do not pertain to the Paintings at issue.[1] In support of their position, Plaintiffs are submitting an Affidavit of Arthur Abelman, a witness competent to testify on the ultimate issues in this matter. (See Exh. B to Suppl. Decl., ¶¶ 8 – 10.) Defendants rely on Exh. D to Bloss Decl., ¶ 7 in support of this allegedly undisputed fact. However, the proffered paragraph fails to demonstrate the facts the Defendants allege. The paragraph reads as follows: "*When* Curtis purchased artwork for publication in The Saturday Evening Post, Curtis *typically* furnished Norman Rockwell with a copy of a standard Purchase Contract along with its payment check. Illustrative copies of this standard Purchase Contract are attached hereto as Exhibits A and B. Curtis did not require Norman Rockwell to sign such Purchase Contracts." (Emphasis added.)[2]

As noted in the Objection, the Defendants are seeking to have the Court improperly infer in their favor facts that are not contained in the document submitted. The Plaintiffs refer the Court to the Affidavit of Arthur Abelman, in which he disputes the Defendants' interpretation of the

---

[1] Plaintiffs attach Exhibits A and B hereto as examples of "contracts" used by the Defendants in the past. The Court is respectfully invited to note that Exhibit B does not state that "all Artwork is purchased outright." The Defendants have offered no proof that Exhibit A was used for the Paintings at issue.

[2] The Exhibits referred to in Mr. Stuart Sr.'s testimony consist of Exhibit A hereto, and a second copy of the same document that references a painting not at issue in this case.

5

relationship between the Defendants and Mr. Rockwell. Defendants have offered no proof other than unsigned forms, the import of which is disputed by the Plaintiffs, to support their position. Furthermore, none of the documents offered pertain to the paintings in issue in this dispute. The Defendants are improperly seeking to have the Court draw an inference in their favor as to the relevancy of the offered documents. Plaintiffs point to the documents attached to the Supplemental Declaration as evidence they intend to offer in opposition to the Defendants' claims, along with the testimony of Arthur Abelman, Henry Dunker, and Thomas Rockwell, all witnesses competent to testify in this matter.

27.    Plaintiffs dispute the allegations in Paragraph 27. Defendants have offered no proof of payment for "the final paintings." The Defendants have offered no proof of payment for any paintings, much less the ones at issue. Furthermore, it is unclear what the Defendants intend to encompass in the phrase "the final paintings." In support of this statement, the Defendants offer a portion of the transcript of Mr. Stuart Sr.'s testimony. (Defs. Exh. E, at 57:23 – 58:16.) However, the transcript excerpt is absolutely irrelevant to the dispute between the parties. The excerpt refers only to the Defendants' copyrights in certain artworks, and in no way lends any support to the Defendants' allegations contained in Paragraph 27. The Plaintiffs intend to rely on the testimony of the witnesses stated herein to demonstrate the conduct between the Defendants and Mr. Rockwell.

28. Plaintiffs dispute that Mr. Rockwell sold the original canvasses to the Defendants. The document offered by Defendants in support of this allegation does not address the interpretation of the unsigned form contracts. Moreover, the Plaintiffs' proof, attached to the Supplemental Declaration, submitted herewith, demonstrates unequivocally that Mr. Rockwell controlled the disposition of the original canvasses. In addition to the documents attached to the Supplemental Declaration, Plaintiffs intend to rely on the testimony of Arthur Abelman, Henry Dunker, and Thomas Rockwell in support of their position.

29. Plaintiffs dispute the allegation contained in Paragraph 29. The Plaintiffs intend to rely on the documents attached to the Supplemental Declaration and the testimony of the witnesses described herein.

Respectfully submitted,
Plaintiffs
William A. Stuart, M.D. and
Jonathan Stuart

By: *[signature]*
Sandra J. Akoury (ct 21279)
Law Offices of Sandra Akoury
426 Danbury Road
Wilton, Connecticut 06897

Kenneth J. Stuart Jr., *pro se*,
Individually, as Executor of the Estate
of Kenneth J. Stuart, and as Trustee of
the Kenneth J. Stuart Living Trust

*[signature]*
Kenneth J. Stuart Jr.

7

Respectfully Submitted,
Stuart & Sons, L.P.

BY _____
Mary E. Sommer (ct04345)
Sandak Hennessey & Greco, LLP
707 Summer Street
Stamford, Ct 06901

# CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid on this 19th day of August, 2005, to the following counsel and *pro se* parties of record:

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder, P,C.
350 Fairfield Avenue
Bridgeport, CT 06604

Kenneth J. Stuart Jr.
5 High Ridge Road
Wilton, CT 06897

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Paul J. Pacifico, Esq.
965 Post Road East
Westport, CT 06880

Peter R. Stern, Esq.
McLauglin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Mary E. Sommer, Esq.
Sandak, Hennessey & Greco
707 Summer Street
Stamford, CT 06901

_____
Sandra J. Akoury

THE CURTIS PUBLISHING COMPANY  GS217A
INDEPENDENCE SQUARE
PHILADELPHIA 5

*We inclose our check*

for                                           *in payment for your*

*drawings, as follows:*

### IMPORTANT

This check is offered and accepted with the understanding that The Curtis Publishing Company buys *all* rights in covers, illustrations and cartoons appearing in its publications. It should be clearly understood by artists that; as the company retains all North American (including Canadian) serial rights, the second use of covers, cartoons and illustrations in North American (including Canadian) newspapers and periodicals is never permitted without our written authorization, and that the second use of such art work is not permitted anywhere else in the world prior to American publication.

Although all art work is purchased outright, and for reproduction in the Curtis publications, The Curtis Publishing Company will, on request, reassign to the artist the American book rights and the foreign rights under the following conditions: It shall be understood that under no circumstances may covers, illustrations or cartoons be reproduced as advertisements or in connection with advertising material, or for any commercial or business promotion purpose. Art work may be used on calendars only when the calendar is an "art calendar," carries no advertising, promotional or commercial text, and only with our specific consent. Where illustrations are used on book jackets it is understood that such book jackets may not be used in connection with advertising or be reproduced in advertisements.

*THE CURTIS PUBLISHING COMPANY*

D  000195

[Pennsylvania Sales Tax Unit Exemption Certificate — illegible]

Signature _____ Buyer's Title _____ Date _____

**THE CURTIS PUBLISHING COMPANY**
Independence Square
Philadelphia, Pennsylvania 19105

_____, 19___

To:

We hand you herewith our check for $ _____ in payment for the following editorial (or art) material:

Author:

Title(s):

This check is tendered with the understanding that The Curtis Publishing Company is acquiring all rights of every kind in this material. Further use of the material is permitted only on written authorization from The Curtis Publishing Company. However, upon the author's request, The Curtis Publishing Company will license non-exclusive book rights back to the author.

Endorsement of this check constitutes acceptance of the above agreement.

6414—JOB—REPRO