UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Bridgeport

STUART & SONS, L.P.,
THE ESTATE OF KENNETH J. STUART
THE KENNETH J. STUART LIVING TRUST
KENNETH J. STUART JR.
WILLIAM A. STUART, M.D.
JONATHAN STUART
                *Plaintiffs,*

- against -

THE CURTIS PUBLISHING COMPANY, INC.
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY, and THE
BENJAMIN FRANKLIN LITERARY AND
MEDICAL SOCIETY, INC.

                *Defendants*

Case No. 301 CV 1580 AHN

August 19, 2005

**SUPPLEMENTAL DECLARATION OF SANDRA J. AKOURY IN FURTHER
SUPPORT OF PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

I, SANDRA J. AKOURY, declare as follows:

1. I am an attorney admitted to the bar in the State of Connecticut and the United States District Court, District of Connecticut.

2. I am a solo practitioner representing Plaintiffs William A. Stuart, M.D. and Jonathan Stuart in this action, both of whom are sons of Kenneth J. Stuart Sr. ("Mr. Stuart Sr.").

1

3. Kenneth J. Stuart Jr., also a son of Mr. Stuart Sr., is a plaintiff in this action and has appeared *pro se*.

4. I respectfully submit this declaration in support of Plaintiffs' Motion for Judgment on the Pleadings, pursuant to Fed. R. Civ. P. 12(c), against the Defendants, The Curtis Publishing Company, Inc., The Saturday Evening Post Society, a Division of the Benjamin Franklin Literary and Medical Society, and the Benjamin Franklin Literary and Medical Society (collectively, "Defendants" or "Curtis"). All Plaintiffs join in this Motion and this Supplemental Declaration.

**Recently Discovered Relevant Documents**

5. Attached hereto as Exhibit A is a true copy of a Certified Mailing Receipt dated June 9, 1986. The receipt was produced by Arthur Abelman, Esq. ("Attorney Abelman"), and references a letter sent to "Beurt SerVaas, The Curtis Publishing Company, 1000 Waterway Boulevard, Indianapolis, Indiana 46202." The letter was signed for by D. Diaz Novak. The date of delivery clearly states "6/9/86." This date coincides with the letter dated June 2, 1986, sent by Arthur Ableman to Beurt SerVaas, which was submitted with Plaintiffs' Motion for Judgment on the Pleadings. Please see Exhibit X to Declaration of Sandra J. Akoury, June 10, 2005.

6. Attached hereto as Exhibit B is a true copy of an Affidavit executed by Arthur Abelman, Esq., dated August 10, 2005.

7.  Attached hereto as Exhibit C is a true copy of an Affidavit executed by Thomas R. Rockwell, dated August 17, 2005.

8.  Attached hereto as Exhibit D is a true copy of an article entitled *Keeping Posted*, written by Kenneth Stuart Sr. ("Mr. Stuart Sr.") and published in *The Saturday Evening Post*, May/June 1976 edition. The article clearly recounts the manner in which Mr. Stuart Sr. received the painting *Saying Grace* from Norman Rockwell ("Mr. Rockwell"). Also attached as part of Exhibit D is a true copy of the masthead of *The Saturday Evening Post*, May/June 1976 edition, which visibly lists Beurt SerVaas as the "Chairman" of "The Curtis Publishing Company" and Corey SerVaas as "Editor and Publisher." The publication by the Defendants of the provenance of *Saying Grace* constitutes an admission that on or before the date of publication of this article, the Defendants had actual knowledge that Mr. Stuart Sr. owned *Saying Grace*, and that Mr. Rockwell had given it to him.

9.  Attached hereto as Exhibit E is a true copy of a letter dated June 28, 1979 from Attorney Abelman to Henry H. Williams, Jr. of The Berkshire Bank & Trust Company. In the letter, Attorney Abelman confirms a meeting he had with Mr. Stuart Sr., in which they discussed the "form contract" that was used by Curtis in conjunction with its use of some of Mr. Rockwell's paintings. In that meeting, Mr. Stuart Sr. confirmed that Mr. Rockwell was entitled to the return of his original paintings from Curtis. Significantly, in a separate conversation with Attorney Abelman, Mr. Gardiner, Director of

3

Licensing and Royalties for Curtis, did not dispute the interpretation of Curtis's agreement with Mr. Rockwell as described in Exhibit E.

10. Attached hereto as Exhibit F is a true copy of a letter dated August 2, 1978 from Attorney Abelman to Thomas Rockwell, a son of Norman Rockwell. In the letter, Attorney Abelman stated, "the rights to the original canvasses always belonged to your father." This letter is consistent with the Plaintiffs' allegation that Mr. Rockwell owned the original paintings.

11. Attached hereto as Exhibit G is a true copy of a letter dated October 14, 1968 from Attorney Horace Manges to Norman Rockwell. In the letter, Attorney Manges opined that Mr. Rockwell owned the original paintings. He also provided the copyright law (Section 27), which specifically stated that "the assignment of the copyright [does not] constitute a transfer of the title to the material object." This letter also confirms that Mr. Rockwell gave two paintings to Ben Hibbs, former editor of *The Saturday Evening Post*, and two to Mr. Stuart Sr., and that there was no formal written agreement between Curtis and Mr. Rockwell regarding ownership of the originals.

12. Attached hereto as Exhibit H is a true copy of a letter dated September 24, 1962 from Henry T. Dunker Jr. to Norman Rockwell. Mr. Dunker is an attorney who represented Mr. Rockwell at the time the letter was written. The letter confirms that the arrangement between Mr. Rockwell and Curtis enabled Mr. Rockwell to retain ownership of his original canvasses.

4

13. Attached hereto as Exhibit I is a true copy of an Affidavit executed by Henry T. Dunker, Esq., dated August 15, 2005.

14. Attached hereto as Exhibit J is a true copy of a letter dated May 10, 1962 from Mr. Stuart Sr. to Norman Rockwell. Notably, the letter is on the Defendants' letterhead, and constitutes an admission by the Defendants that they had actual knowledge that Mr. Rockwell owned the original paintings he prepared for use by Curtis. In the letter, Mr. Stuart Sr. refers to "the verbal agreement that [Mr. Rockwell] had with Ben [Hibbs] and me that the originals will all be returned to [Mr. Rockwell]." Although this letter was written on their letterhead, the Defendants never produced this document.

15. Attached hereto as Exhibit K is a true copy of a letter dated September 23, 1958 from Stuart C. Henry, Director of The Berkshire Museum to Norman Rockwell. The letter thanks Mr. Rockwell for **his** gift of **his** painting, entitled *Shuffleton's Barbershop*, to the museum. *Shuffleton's Barbershop* appeared on the cover of *The Saturday Evening Post* on April 29, 1950. This letter is submitted to demonstrate that Mr. Rockwell's conduct corroborates the Plaintiffs' allegations that the originals were returned to Mr. Rockwell to retain or dispose of at his sole option.

16. Attached hereto as Exhibit L is a true copy of a letter dated March 4, 1957 from William Gold II to Norman Rockwell. The letter discusses a painting, *The County Agent*, which was purchased directly from Mr. Rockwell. *The County Agent* appeared as an illustration in *The Saturday*

5

*Evening Post* on July 24, 1948. This letter demonstrates that the Plaintiffs' allegations that the originals were returned to Mr. Rockwell to retain or dispose of at his sole option is corroborated by Mr. Rockwell's conduct.

17. Attached hereto as Exhibit M is a true copy of a handwritten letter dated August 14, 1951 from Garrett G. Buttel to Norman Rockwell. The letter states that the writer contacted Mr. Stuart Sr. and was referred to Mr. Rockwell for information on purchasing an original painting. The procedure described in this document is consistent with Plaintiffs' allegations that the original paintings were owned by Mr. Rockwell.

18. Attached hereto as Exhibit N are true copies of two letters, both dated January 26, 1951. The first letter is from Ben Hibbs, editor of *The Saturday Evening Post* to Norman Rockwell. The second letter is from Ben Hibbs to Robert Hale, Associate Curator of American Art at The Metropolitan Museum of Art. The second letter discusses the museum's plan to display Mr. Rockwell's painting entitled, *The Soldier's Return*, as part of an exhibition. Mr. Hibbs specifically states that the picture was, at the time, on display in his home. The first letter merely congratulates Mr. Rockwell on this achievement. *The Soldier's Return* appeared on the cover of *The Saturday Evening Post* on May 26, 1945. This letter supports the Plaintiffs' contention that Mr. Rockwell's art was distributed to certain individuals associated with *The Saturday Evening Post* with the full knowledge and consent of Curtis.

19.   Attached hereto as Exhibit O is a true copy of a letter dated February 3, 1950 from Elsa C. Mohr, Secretary to Mr. Stuart Sr., to Norman Rockwell. The letter indicates that two of Mr. Rockwell's paintings, which were reproduced as covers on *The Saturday Evening Post*, were being returned to him. This letter, which is on the Defendants' letterhead, demonstrates conduct of the parties in the ordinary course of business, and essentially constitutes an admission by the Defendants that it was routine procedure for the Defendants to return Mr. Rockwell's original artwork to him. Although this letter is on the Defendants' letterhead, it was also not produced in discovery by the Defendants.

20.   Attached hereto as Exhibit P is a true copy of a letter dated July 8, 1949 from Mr. Stuart Sr. to Norman Rockwell. The letter indicates that Curtis would have *Little Dog Stopping the Big Truck* (a/k/a *Traffic Conditions),* which appeared on the cover of *The Saturday Evening Post* on July 9, 1949, "on exhibition, for six or seven months *before sending it back"* to Mr. Rockwell. (Emphasis added.) The letter also refers to an earlier conversation between the two, in which Mr. Rockwell advised that either Mr. Stuart Sr. or Ben Hibbs could have the original if they so desired. This letter, on the Defendants' letterhead, demonstrates the conduct of the parties in the ordinary course of business, and, again constitutes an admission by the Defendants that the original artwork created by Mr. Rockwell for use by Curtis was routinely

returned to him. Although this letter is once again on the Defendants' letterhead, it was not produced in discovery by the Defendants.

21.     Attached hereto as Exhibit Q is a true copy of a letter dated May 28, 1947 from Gene (Davis) of *The Saturday Evening Post* to Norman Rockwell. The letter thanks Mr. Rockwell for his gift to Mr. Davis of the original painting *Storyteller*, which appeared on *The Saturday Evening Post* cover on October 13, 1945. This letter, on the Defendants' letterhead, demonstrates the conduct of the parties in the ordinary course of business, and constitutes an admission that the original works of art were returned to Mr. Rockwell to be disposed of in whatever way he deemed appropriate. This letter was also not produced in discovery by the Defendants.

22.     Attached hereto as Exhibit R are true copies of two letters, the first dated March 24, 1939, and the second dated March 28, 1939. The first letter, from an unnamed party at *The Saturday Evening Post*, requests that Mr. Rockwell return the original of his painting *The Druggist*, which appeared on the cover of *The Saturday Evening Post* on March 18, 1939, for the purpose of exhibiting it at the New York World's Fair. The second letter from "Pete" at *The Saturday Evening Post* to Mr. Rockwell thanks Mr. Rockwell for returning the original of *The Druggist*. Upon information and belief, "Pete" was Pete Martin, the art editor of *The Saturday Evening Post* prior to Mr. Stuart Sr. This letter, on the Defendants' letterhead, constitutes an admission by the Defendants that Mr. Rockwell owned his original paintings, and that Curtis

8

had to request that they be "returned" for Curtis's use. Notably, the writer thanks Mr. Rockwell for returning *The Druggist*, indicating that Mr. Rockwell was under no obligation to return his original paintings to Curtis. This letter was also not produced in discovery by the Defendants.

23. Attached hereto as Exhibit S is a true copy of a letter dated June 15, 1961 from James W. Weston to Norman Rockwell. The letter concerns Mr. Weston's desire to purchase an original painting by Mr. Rockwell. Mr. Weston indicates in the letter that he was advised by Bob Hill of Curtis to contact Mr. Rockwell directly to discuss purchasing a painting. This letter demonstrates a contemporaneous acknowledgement by Curtis that Mr. Rockwell owned his original artwork.

24. Attached hereto as Exhibit T is a true copy of a letter dated November 14, 1959 from Joe Petro to *Norman Rockwell*. In the letter, Mr. Petro explains that *The Saturday Evening Post* referred a purchase offer directly to Mr. Rockwell, although the original painting was shipped from *The Saturday Evening Post*. The procedure described in this document is consistent with the Plaintiffs' position that while some paintings may have been transiently stored at the Defendants' offices, the ownership was always vested in Mr. Rockwell.

25. Attached hereto as Exhibit U is a true copy of a letter dated November 4, 1957 from W. L. Wade, S.J. to Norman Rockwell. In the letter, Father Wade states that he was advised by *The Saturday Evening Post* that "the only way to acquire [a painting] was to write to [Mr. Rockwell] direct." The

9

procedure described in this document is consistent with Plaintiffs' allegations that the original paintings were always owned by Mr. Rockwell.

26. Attached hereto as Exhibit V are true copies of letters dated June 10, 1957, June 7, 1957, and September 26, 1957. The first letter, dated June 7, 1957, is from Bruce Etchison, Director of the Washington County Museum of Fine Arts, to Mr. Stuart Sr. The letter expresses Mr. Etchison's desire to obtain an original painting from Mr. Rockwell for his museum. The second letter, from Mr. Stuart Sr. to Mr. Rockwell, transmits the first letter, and suggests that Mr. Rockwell "think it over" and choose a painting to "aim their way." At the bottom of this second letter is a handwritten note by Mr. Rockwell indicating the price he is asking for the painting. The third letter, dated September 26 of that year, merely thanks Mr. Rockwell for the "chance to obtain this work" for the museum. This series of letters supports Plaintiffs' contention that, although requests for Mr. Rockwell's art may have been made to Curtis, those requests were referred directly to Mr. Rockwell for his decision, because he always owned the originals, could dispose of them in any manner he chose, and was entitled to any monies generated from the sale of those original works of art.

27. Attached hereto as Exhibit W is a true copy of a letter dated March 4, 1957 from Stacy Holmes to Norman Rockwell. The letter thanks Mr. Rockwell for providing a price for *The Mermaid*, which appeared on the cover of *The Saturday Evening Post* on August 20, 1955. The procedure described in this document is consistent with Plaintiffs' allegations that the original

paintings were owned by Mr. Rockwell, and he, in his sole discretion, could dispose of them in any manner he desired.

28. Attached hereto as Exhibit X is a true copy of a letter dated December 14, 1938 from Celia Mendelsohn of American Artists to Norman Rockwell. The letter refers to an offer Mr. Rockwell received to create covers for *Good Housekeeping* magazine. The author stated that she advised *Good Housekeeping* that she believed Mr. Rockwell's price for preparing covers for Curtis "ran anywhere from $1750. for a simpler picture, to $2500. for a more difficult or complicated picture, *with the originals belonging to*" Mr. Rockwell. This letter is consistent with Plaintiffs' allegations that the original paintings were always owned by Mr. Rockwell.

29. Attached hereto as Exhibit Y is a true copy of a letter dated March 26, 1959 from Edward E. Forrer, Adjuster, to Norman Rockwell. Mr. Forrer states in the letter that Mr. Rockwell had "presented [Dr. Schoelles] with" an original painting. The painting described by Mr. Forrer appeared on the cover of *The Saturday Evening Post* on October 21, 1933. This letter is consistent with Plaintiffs' allegations that the original paintings were always owned by Mr. Rockwell, without qualification, and he could dispose of them in any manner he deemed appropriate.

30. Attached hereto as Exhibit Z is a true copy of a letter dated September 23, 1948 from Mr. Stuart Sr. to Norman Rockwell. The letter discusses a painting entitled *Bridge Players*, which appeared on the cover of

11

*The Saturday Evening Post* on May 15, 1948. The letter indicates that Mr. Stuart Sr. will locate the painting for Mr. Rockwell. This letter, which is on the Defendants' letterhead, once again was never produced by the Defendants. The letter essentially constitutes an admission that although his original paintings may have sometimes been transiently stored by Curtis, the originals always belonged to Mr. Rockwell.

31. Plaintiffs respectfully request the Court to consider the annexed documents, in considering the Plaintiffs' Objection to the Defendants' Motion for Summary Judgment, as well as the Plaintiffs' Motion.

32. Under penalty of perjury, I hereby declare the foregoing statements to be true and correct to the best of my knowledge.

Wilton, Connecticut
August 19, 2005

By: _____
Sandra J. Akoury (ct 21279)

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid on this 19th day of August, 2005, to the following counsel and *pro se* parties of record:

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604

Kenneth J. Stuart Jr.
5 High Ridge Road
Wilton, CT 06897

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Paul J. Pacifico, Esq.
965 Post Road East
Westport, CT 06880

Peter R. Stern, Esq.
McLauglin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Mary E. Sommer, Esq.
Sandak, Hennessey & Greco
707 Summer Street
Stamford, CT 06901

/Sandra J. Akoury