UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

- - - - - - - - - - - - - - - - - - -x

STUART & SONS, L.P., KENNETH STUART, JR., :
EXECUTOR OF THE ESTATE OF KENNETH :
STUART, SR.; TRUSTEE OF THE KENNETH J. :
STUART TRUST; KENNETH STUART, JR., :
WILLIAM STUART AND JONATHAN STUART, :

                Plaintiffs,

        - against -                Case No. 301 CV 1580 (AHN)

THE CURTIS PUBLISHING COMPANY, INC., :
THE SATURDAY EVENING POST SOCIETY, A :   September 9, 2005
DIVISION OF THE BENJAMIN FRANKLIN :
LITERARY AND MEDICAL SOCIETY and THE :
BENJAMIN FRANKLIN LITERARY AND :
MEDICAL SOCIETY, INC., :

                Defendants.

- - - - - - - - - - - - - - - - - - -x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO PRECLUDE PLAINTIFFS FROM RELYING UPON THE
SUPPLEMENTAL DECLARATION OF SANDRA AKOURY AND THE
AFFIDAVITS AND DOCUMENTS ATTACHED THERETO IN FURTHER
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

320984.1

## I.   INTRODUCTION

Defendants hereby move to preclude Plaintiffs' from relying upon the Supplemental Declaration of Sandra Akoury in Further Opposition to Defendants' Motion for Summary Judgment.

## II.   FACTS

Plaintiffs filed a Motion for Permission to File a Supplemental Declaration and Local Rule 56(A)2 Statement ("Motion for Permission"). The Supplemental Declaration of Sandra Akoury in Further Opposition to Defendants' Motion for Summary Judgment (the "Supp. Akoury Decl.") attaches numerous affidavits and documents that Plaintiffs should have produced during fact discovery, which ended almost five months ago, but never did, as they are clearly responsive to Defendants' First Set of Document Requests.[1] There are three affidavits: Arthur F. Abelman, Esq. (Exh. B to the Supp. Akoury Decl); Mr. Thomas R. Rockwell (Exh. C to the Supp. Akoury Decl.); and Henry T. Dunker, Esq. (Exh. I to the Supp. Akoury Decl.), all of which Plaintiffs submit in an attempt to create disputed issues of fact.

On August 26, 2005, Defendants wrote the Court requesting it to reserve decision on whether to grant Plaintiffs' Request for Permission. The Court, *sua sponte*, granted Plaintiffs' motion.[2] (*See* letter dated Aug. 26, 2005 from Anthony F. LoCicero, Esq. to

---

[1] Defendants reserve their right to preclude Plaintiffs from relying in any pre-trial motions, proceedings, or at trial upon additional documents, not attached to the Supplemental Akoury Declaration, that Plaintiffs inexplicably and belatedly produced on August 19, 2005.

[2] Local Rule 7(a) states, in pertinent part: "To expedite a decision, or for other good cause, the Judge may, on notice to all parties, rule on a motion before expiration of the 21-day period ordinarily permitted for filing opposition papers." On September 1, 2005, over a week before Defendants could oppose Plaintiffs' Motion for Permission, the Court granted Plaintiffs' Motion for Permission. Defendants, however, did not receive notice of the Court's decision until September 7, 2005 via electronic docket delivery. (*See* Dkt. #84).

320984.1                                -1-

The Hon. Alan H. Nevas, attached hereto as Exh. A; Dkt. #84). As a result, on September 7, 2005, Plaintiffs filed their Local Rule 56(A)2 Statement. (*See* Dkt. # 85, 86).[3] Plaintiffs have yet to formally file the Supplemental Declaration of Sandra Akoury in Further Opposition to Defendants' Motion for Summary Judgment ("Supp. Akoury Decl."). However, Defendants will treat their discussion of the Supplemental Akoury Declaration as if it had been filed, since the Court granted Plaintiffs permission to do so.

Plaintiffs should not be permitted to use the Supplemental Akoury Declaration and the affidavits and documents attached thereto without explaining why it took them so long to uncover these documents. Accordingly, Plaintiffs should be precluded from relying in any pre-trial motions, proceedings, or at trial on the Supplemental Akoury Declaration.

### III. ARGUMENT

#### A. Federal Rule of Civil Procedure 26(g)(3) Authorizes the Court to Order a Preclusion Order as a Sanction for Plaintiffs' Failure to Produce the Documents Attached to the Supplemental Akoury Declaration During Fact Discovery

Federal Rule of Civil Procedure 26(g)(3) states that "[if] without substantial justification, a certification is made in violation of the rule, the court, upon motion or upon its own initiative, shall impose upon the person who made the certification, . . . [and/or the party on whose behalf the] response . . . is made . . . an appropriate sanction, which may include an order to pay the amount of the reasonable expenses incurred because of the violation, including a reasonable attorney's fee." Fed. R. Civ. P.

---

[3] For some reason, it appears that the Supplemental Declaration of Sandra Akoury in support of Plaintiffs' Reply to their Motion for Judgment on the Pleadings was filed on September 7, 2005 but not the Supplemental Declaration of Sandra Akoury in Further Opposition to Defendants' Motion for Summary Judgment. (*See* Dkt. # 86).

320984.1 -2-

26(g)(3). Further, Fed. R. Civ. P. 26(g)(2) mandates that "[e]very discovery response . . . made by a party represented by an attorney shall be signed by at least one attorney of record . . . [or] [a]n unrepresented party shall sign the response . . . [t]he signature of the attorney or party constitutes a certification that to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry, the response . . . is . . . (b) not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation . . . ."

Here, Ms. Akoury, the attorney for Plaintiffs William and Jonathan Stuart signed Plaintiffs' Responses to Defendants' First Set of Document Requests. (*See* Plaintiffs' Responses to Defendants' First Set of Document Requests, attached hereto as Exh. B). Such a signature, pursuant to Fed. R. Civ. P. 26(g)(2), represents that she, on behalf of the remaining named Plaintiffs, made a "reasonable inquiry" in finding responsive documents to Defendants' document requests. However, it is untenable that Ms. Akoury never located Mr. Abelman, Mr. Thomas Rockwell, or Mr. Dunker until now. Such conduct should be sanctioned.

### B. Defendants Have Been Unduly Prejudiced by the Late Production of the Documents Attached to the Supplemental Akoury Declaration

The timing of Plaintiffs' belated discovery of documents is suspect since they could have obtained the documents from Messrs. Abelman, Mr. Thomas Rockwell, and Mr. Dunker during fact discovery. It is curious that the production was made after summary judgment briefing had already been closed. The withheld production should be seen for what it is: a desperate attempt by Plaintiffs to oppose summary judgment. Without any

reason for the delay, Defendants now have no choice but to spend additional monies on motion practice over this issue.

Accordingly, because Defendants have been unduly prejudiced by Plaintiffs' deliberate delay in producing the "new" documents, the sanction of preclusion is warranted.

### C. Plaintiffs Offer No Excuse for the Unreasonable Delay in Locating the Documents Attached to the Supplemental Akoury Declaration

The District of Connecticut recognizes that the "Court need not consider late-filed evidence, especially where the record does not reflect that the evidentiary material was unavailable or unknown to the party opposing the motion at the time of its filing the original opposition to summary judgment." *Hale Propeller*, 151 F. Supp.2d at 201 (citations, internal brackets, and quotations omitted).

Plaintiffs provide absolutely no excuse for why they did not produce the documents attached to the Supplemental Akoury Declaration, including the three affidavits (and exhibits attached thereto) during discovery instead of waiting until August 19, 2005, when they filed their Motion for Permission. These newly-produced documents are clearly responsive to Defendants' Document Request Number 6, which sought "[a]ll documents supporting the [Plaintiffs'] claims asserted in its Complaint that because Post artwork did not have significant economic value to the Post during Stuart, Sr.'s tenure as Art Director, the distributions of the Paintings took place in the ordinary course of business and without any formal corporate action, such as a resolution of the Post's board of directors." Plaintiffs responded that "to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to

Defendant's counsel at a mutually convenient time." (*See* Plaintiffs' Response to Defendants' First Set of Requests for the Production of Documents attached hereto as Exh. A).

A noted authority has opined that the "concept of control extends to situations in which the party has the practical ability to obtain materials in the possession of another, even if the party cannot compel the other person or entity to produce the requested materials." 7 Moore's Federal Practice, § 34.14[2][b] (3d Ed. 2004); Fed. R. Civ. P. 26(g)(3). Thus, at a minimum, Plaintiffs knew about Messrs. Abelman and Mr. Thomas Rockwell and could have contacted them sooner to obtain documents attached to his affidavit and to the Akoury Supplemental Declaration.

Plaintiffs have known for years that Mr. Abelman represented their father (the late Ken Stuart, Sr.) and Norman Rockwell and did absolutely nothing during fact discovery to contact Mr. Abelman and Mr. Thomas Rockwell, Norman Rockwell's son. Further, the subject of Plaintiffs' Motion for Judgment on the Pleadings (which was brought over two years ago and now, inappropriately, again) centered on whether there remained disputed issues of material fact concerning a 1986 letter from Mr. Abelman to Beurt SerVaas of the Post and whether the 1986 letter constituted a demand and refusal of the return of the Paintings commencing the statute of limitations on conversion of the Paintings, but no documents were obtained from Mr. Abelman, Mr. Thomas Rockwell, or Mr. Dunker to support their Motion for Judgment on the Pleadings. (*See* Dkt. # 26, 27, 28, 57, 58). Plaintiffs also knew about Mr. Abelman and Mr. Thomas Rockwell, because Plaintiffs and Defendants produced documents with their names on them during fact

discovery.[4] Further, Plaintiffs do not provide any information on how or why it took them so many years to locate Mr. Dunker.

Accordingly, the fact that Plaintiffs produced the affidavits and documents attached to the Akoury Supplemental Declaration evidences that Plaintiffs could have obtained those documents much sooner. Plaintiffs obviously had the "practical ability" to obtain materials in the possession of Messrs. Abelman, Mr. Thomas Rockwell, and Mr. Dunker even if Plaintiffs could not compel these three gentlemen to produce the requested materials but they did nothing until they realized that they needed such documents to attempt to oppose summary judgment. Thus, because the documents attached to the Supplemental Akoury Declaration were available to Plaintiffs years ago and they should have been produced during fact discovery, pursuant to Fed. R. Civ. P. 26(g)(3), Defendants should be precluded from relying in any pre-trial motions, proceedings, or at trial upon the documents attached to the Supplemental Akoury Declaration.

### D. In Any Event, The Abelman, Rockwell and Dunker Affidavits Are Incompetent

Federal Rule of Civil Procedure 56(e) sets forth that "opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." Fed. R. Civ. P. 56(e). In addition, "Rule 56(e)'s requirement . . . means that an affidavit's hearsay assertion that would not be admissible at trial if

---

[4] If it so pleases the Court, Defendants can provide the documents produced during discovery by Defendants to Plaintiffs that contain writings from Mr. Abelman and Mr. Thomas Rockwell, as well as documents produced by Plaintiffs to Defendants that contain writings from Mr. Abelman.

testified to by the affiant is insufficient to create a genuine issue for trial." *Rossi v. W. Haven Bd. of Ed.*, 359 F. Supp.2d 178, 181-82 (D. Conn. 2005) (citation and internal quotations omitted; ellipses in original). Likewise, an affiant stating that he was "told" something does "not constitute competent evidence" and thus will not be considered in opposition to a motion for summary judgment. *See Sarno v. Douglas Elliman-Gibbons & Ives, Inc.*, 183 F.3d 155, 160 (2d Cir. 1999).

Mr. Abelman's affidavit is not based on personal knowledge and he does not affirmatively state that he is competent to testify to the matters stated therein. His affidavit contains classic hearsay in that, for example, he states that "Mr. Rockwell told me, on several occasions, that it was the regular practice of *The Post* to return paintings to him after they had been reproduced in the magazine." "Mr. Rockwell told me that *The Post* returned most of his original paintings to him through" Ken Stuart, Sr. "Mr. Stuart Sr. told me that it was the regular practice of *The Post* to return the original artwork to the artist . . . ." (Exh. B, Supp. Akoury Decl.). Further, Mr. Abelman's affidavit contains double hearsay in that it purports to show the truth of the matter that he had an alleged conversation with Mr. Gardiner of the Post in a letter to another person, Mr. Williams (attached as Exh. C to Mr. Abelman's affidavit). Mr. Abelman's affidavit also states in generalities that he is "aware of several other entities and individuals who own original paintings by Mr. Rockwell," but does not so identify those alleged "entities" or "individuals." Plaintiffs should be precluded from relying upon Mr. Abelman's affidavit and exhibits thereto attached to his affidavit in any pre-trial motions, proceedings, or at trial.

Mr. Thomas Rockwell's affidavit suffers from an even worse deficiency. It is not relevant to the instant suit. His affidavit is based on personal knowledge, he does not purport to have any personal knowledge concerning Norman Rockwell's actions with respect to the Paintings in suit, and he does not state that he is competent to testify to the matters stated therein. His affidavit does not state that he personally went to Philadelphia with his father and saw his father "retrieve" the Paintings in suit. (*See* Exh. C attached to the Supplemental Akoury Declaration). Accordingly, Plaintiffs should be precluded from relying upon Mr. Thomas Rockwell's affidavit and exhibit thereto in any pre-trial motions, proceedings, or at trial.

It is questionable why Plaintiffs even submitted Mr. Dunker's affidavit. First, it is not based on personal knowledge. Second, it merely attaches a letter that Plaintiffs could have produced without the affidavit. Third, the letter has now been waived as it contained attorney-client privileged information. Since Mr. Dunker's affidavit fails to state that he is competent to testify to the matters stated therein, it belies his statement that "The letter attached as Exhibit A was based on the facts recited in the letter **as I understood them to be when I wrote the letter**." (Exh I, Supp. Akoury Decl.) (emphasis added). Accordingly, Plaintiffs should be precluded from relying on Mr. Dunker's affidavit and exhibits attached thereto in any pre-trial motions, proceedings, or at trial.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiffs be precluded from relying upon the Supplemental Akoury Declaration and the affidavits and exhibits attached thereto.

Respectfully submitted,

Anthony F. Lo Cicero (CT 04670)
Karen J. Bernstein (CT 24254)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000

William M. Bloss (CT 01008)
KOSKOFF KOSKOFF & BIEDER P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421

ATTORNEYS FOR DEFENDANTS

Dated: September 9, 2005
New York, New York

By: _____
Karen J. Bernstein (CT 24254)

Of Counsel:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is one of the attorneys for defendants in the above-captioned action and that on the date which appears below, served copies of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO PRECLUDE PLAINTIFFS FROM RELYING UPON THE SUPPLEMENTAL DECLARATION OF SANDRA AKOURY AND THE AFFIDAVITS AND DOCUMENTS ATTACHED THERETO IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by causing copies thereof to be served as follows:

***via Facsimile and First Class Mail***

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

        Mr. Kenneth Stuart, Jr.
        5 High Ridge Road
        Wilton, CT 06897
        Fax No.: (203) 431-8236

Dated: New York, New York
      September 9, 2005

_____
Karen J. Bernstein

-11-

320984.1