# EXHIBIT A

**AMSTER
ROTHSTEIN
& EBENSTEIN** LLP

*Intellectual Property Law*

90 Park Avenue
New York NY 10016

Main  212 336 8000
Fax    212 336 8001
Web   www.arelaw.com

*Partners*
Morton Amster
Jesse Rothstein (1934 - 2003)
Daniel Ebenstein
Philip H. Gottfried
Michael J. Berger
Neil M. Zipkin
Anthony F. Lo Cicero
Kenneth P. George
Abraham Kasdan, Ph.D.
Ira E. Silfin
Chester Rothstein
Craig J. Arnold
Kenneth M. Bernstein

*Senior Counsel*
Charles R. Macedo
Mark J. Rosenberg
Nancy M. Dodderidge
Joseph M. Casino

*Associates*
Neal L. Rosenberg
Patrick Boland*
John S. Economou
Michael V. Solomita
Holly Pekowsky
Michael P. Kenney
Marion P. Metelski

Max Vern
Dana R. Metes
Karl J. Kolbinger
Brian A. Comack
Richard S. Mandaro
Marc J. Jason
Elie H. Gendloff, Ph.D.
David Mitnick
Charles W. Rath
David A. Boag
Karen J. Bernstein
Matthieu Hausig
Jung S. Hahm
Reiko Kaji

Alan D. Miller, Ph.D.
Hsin-Hsin (Ginger) Liu
John A. Lepore
Norajean McCaffrey
Benjamin M. Halpern*
Matthew A. Fox
Michael J. Kasdan
Sasha B. Rieders
Rebecca R. Eisenberg

*\*Not admitted in New York*

August 26, 2005

**_via Federal Express_**

Anthony F. Lo Cicero
Direct 212 336 8110
E-mail alocicero@arelaw.com

Honorable Alan H. Nevas
United States District Judge
United States District Court
District of Connecticut
915 Lafayette Boulevard
Courtroom #3
Bridgeport, CT  06604

   Re: Stuart & Sons, L.P.
     v. The Curtis Publishing Company, Inc., et al.
     Case No. 301 CV 1580 AHN
     Our File: 8587/3

Dear Judge Nevas:

  We represent the defendants in the above entitled action.

  We are reviewing Plaintiffs' recently-filed Memorandum in Further Opposition to Defendants' Motion for Summary Judgment and Plaintiffs' Motion for Permission to Submit Supplemental Declaration and Local Rule 56(a)2 Statement in Further Opposition to Defendants' Motion for Summary Judgment, as well as the never-before-seen third-party documents produced by Plaintiffs, all of which we just received by mail on Wednesday, August 24, 2005.

  Pursuant to Local Rule 6(a), Defendants have 21 days from the filing of these two motions to oppose them. However, the Court may "on notice to all parties, rule on a motion before expiration of the 21-day ordinarily permitted for filing opposition papers." Plaintiffs just produced the never-before-seen third-party documents and have also submitted a supplemental declaration attaching additional "new" documents, including three affidavits, all of which may impact the outcome of Defendants' Motion for Summary Judgment on Count I of the Counterclaims (Ownership of the Paintings). Accordingly, Defendants respectfully request the Court reserve

319957.1

Honorable Alan H. Nevas -2- August 26, 2005

decision on these two motions until after we have had an opportunity to oppose and/or strike them, or seek to preclude the submitted documents (which had been requested in discovery), which will be by no later than Friday, September 9, 2005.[1]

  Thank you for your consideration.

          Respectfully submitted,

          AMSTER, ROTHSTEIN & EBENSTEIN LLP

          Anthony F. Lo Cicero

AFL/KJB:dpb/mk

cc: Peter R. Stern, Esq. (*via facsimile*)
   Mary E. Sommer, Esq. (*via facsimile*)
   Sandra Akoury, Esq. (*via facsimile*)
   Paul Pacifico, Esq. (*via facsimile*)
   Mr. Ken Stuart, Jr. (*via facsimile*)
   Gene R. Leeuw, Esq. (*via facsimile*)
   William M. Bloss, Esq. (*via facsimile*)

---

[1] The Supplemental Declaration with "new" documents and third-party affidavits, along with the never-before-seen discovery, may merit Defendants the opportunity to file a sur-reply to Plaintiffs' Motion for Judgment on the Pleadings. Defendants reserve their right to move for leave to file such a sur-reply, which will be on or before September 9, 2005.

319957.1

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Bridgeport

STUART & SONS, L.P., :
THE ESTATE OF KENNETH J. STUART :
THE KENNETH J. STUART LIVING TRUST :
KENNETH J. STUART JR. :
WILLIAM A. STUART, M.D. :
JONATHAN STUART :
           *Plaintiffs,* :
   :
   :
  - against - :
   : Case No. 301 CV 1580 AHN
THE CURTIS PUBLISING COMPANY, INC. :
THE SATURDAY EVENING POST SOCIETY, A :
DIVISION OF THE BENJAMIN FRANKLIN :
LITERARY AND MEDICAL SOCIETY, and THE :
BENJAMIN FRANKLIN LITERARY AND :
MEDICAL SOCIETY, INC. :
   :
           *Defendants* : January 21, 2005

**PLAINTIFFS' RESPONSE TO DEFENDANTS' FIRST SET**
**OF**
**REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

The Plaintiffs submit the following response to the Defendants' First Set of Requests for the Production of Documents dated July 30, 2004.

**REQUESTS**

1.    All documents concerning any arbitration, litigation or other proceeding concerning Stuart & Sons, including the matter of *Stuart v. Stuart*, No. CV 02 0193031, Superior Court of the State of Connecticut, District of Stamford.

1

Objection. Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; and (3) it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. The request as stated includes several thousand documents related to the matter, which was litigated over a ten year period, not including the appeals now pending, and was eventually tried before the Connecticut Superior Court (Adams, J.) ("Connecticut Action") in late 2003 over the course of eight weeks. The evidentiary documents and trial transcripts are readily available to the Defendants as public records.

In addition, as to the Connecticut Action, this request is irrelevant as all members of the Stuart family claiming an interest in the Paintings are now part of this lawsuit.

2. All documents concerning income tax returns of Stuart, Sr. from 1986-1991.

Objection. Plaintiffs object to this document request on the grounds that it is (1) irrelevant; and (2) not likely to lead to the discovery of relevant and admissible evidence. In addition, all responsive documents maintained by any of the Plaintiffs were submitted into evidence in the Connecticut Action, and are therefore readily available to the Defendants as public records.

3. All documents supporting the Stuart & Sons' claims asserted in its Complaint that monies were paid to maintain and insure the Paintings as well as to satisfy tax obligations arising out of the alleged ownership of the Paintings.

Objection. The Plaintiffs cannot accurately respond to this request for the following reason: all documents related to the expenses of Stuart & Sons were submitted into evidence in the Connecticut Superior Court action. The evidence presented at trial in the Connecticut Court was disputed. The judgment of the Connecticut Superior Court is currently on appeal; thus the Plaintiffs are unable to answer this request at this time.

4. All documents supporting the Stuart & Sons' claims asserted in its Complaint that in the last 20 or so years of his life, Stuart, Sr. and his family did financial planning and took other actions based upon their alleged ownership of the Paintings.

Objection. Plaintiffs object to this document request on the grounds that it is (1) irrelevant; and (2) not likely to lead to the discovery of relevant and admissible evidence. In addition, responsive documents were submitted into evidence in the Connecticut Action, and are therefore readily available to the Defendants as public records.

5. All documents supporting the Stuart & Sons' claims asserted in its Complaint that during his relationship with Rockwell, Stuart, Sr. received other artwork from Rockwell, including the Paintings.

Objection. Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; and (3) it is not likely to lead to the discovery of relevant and admissible evidence.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

6. All documents supporting the Stuart & Sons' claims asserted in its Complaint that because Post artwork did not have significant economic value to the Post during Stuart, Sr.'s tenure as Art Director, the distributions of the Paintings took place in the ordinary course of business and without any formal corporate action, such as a resolution of the Post's board of directors.

Objection. Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague; and (3) the information sought is more readily available to the Defendants than to the Plaintiffs.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

4

7. All documents supporting the Stuart & Sons' claims asserted in its Complaint that Stuart, Sr. came to own *The Gossips* and *Walking to Church*, in or about 1953.

<u>Objection</u>.   Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague; and (3) the information sought is more readily available to the Defendants than to the Plaintiffs.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

8. All documents concerning Stuart, Sr.'s alleged ownership of *Saying Grace*.

<u>Objection</u>.   Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague; and (3) the information sought is more readily available to the Defendants than to the Plaintiffs.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

9. All documents concerning Stuart & Sons' alleged ownership of the Paintings.

Objection. Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; and (3) the information sought is more readily available to the Defendants than to the Plaintiffs.

In addition, as to the Connecticut Action, this request is irrelevant as all members of the Stuart family claiming an interest in the Paintings are now part of this lawsuit.

10. All documents concerning receipts and payments concerning the Paintings.

Objection. Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

11. All documents concerning licenses, transfers, or conveyances of the Paintings from Stuart, Sr. to the Ken and Katherine Stuart Collection.

Other than credits in publications, there are no documents of which the Plaintiffs are aware.

12.     All documents concerning the Paintings from 1955-present.

<u>Objection</u>.     Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; and (3) it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. In addition, the request as stated includes documents in the public domain, which documents are not more readily available to the Plaintiffs than to the Defendants.

13.     All documents supporting the Stuart & Sons' claims asserted in its Complaint that Stuart, Sr. did not hide his alleged ownership of the Paintings from the Post.

<u>Objection</u>.     Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; and (2) it is vague and irrelevant. In addition, the request as stated includes documents in the public domain, which documents are not more readily available to the Plaintiffs than to the Defendants.

In addition, Plaintiffs refer Defendants to their answer to Request 11 above regarding publications.

14.  All documents supporting the Stuart & Sons' claims asserted in its Complaint that the Post was fully aware of Stuart, Sr.'s authority to distribute, and the fact that he personally distributed, artwork that had appeared in the Post to a variety of people and institutions, including at least one President of the United States.

Objection.  Apart from documents that will be otherwise produced, Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague; and (3) the information sought is more readily available to the Defendants than to the Plaintiffs.

15.  All documents supporting the Stuart & Sons' claims asserted in its Complaint that alleged ownership of the Paintings was ultimately transferred to Stuart & Sons under Connecticut law before Stuart, Sr. passed away in February 1993.

Objection.  The Plaintiffs cannot accurately respond to this request for the following reason: the transfer of assets into Stuart & Sons in 1993 was recently declared void by judgment of the Connecticut Superior Court (Adams, J.). The transfers declared void allegedly included some paintings. In addition, the evidence presented at trial in the Connecticut Court was disputed and imprecise. The judgment of the Connecticut Superior Court is currently on appeal; thus the Plaintiffs are unable to answer this request at this time.

In addition, as to the Connecticut Action, this request is irrelevant as all members of the Stuart family claiming an interest in the Paintings are now part of this lawsuit.

16. All documents evidencing the partnership formation of Stuart & Sons.

Objection. Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; and (2) it is vague and irrelevant.

17. All documents concerning Stuart & Sons' audited annual reports and audited quarterly reports from 1992 to the present.

No such documents exist now, nor have any such documents ever existed to the best of Plaintiffs' knowledge.

18. All advertising, brochures, catalogs, marketing and promotional materials and Internet website pages concerning, using or depicting the Paintings.

Objection. Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; and (3) it is not reasonably calculated to lead to the discovery of relevant and admissible evidence. In addition, the request as stated includes documents in the public domain, which documents are not more readily available to the Plaintiffs than to the Defendants.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

19. All documents supporting the Stuart & Sons' claims asserted in its Complaint that prior to August 16, 2001, Stuart & Sons had the reasonable expectation of entering into a business relationship with one or more potential purchasers of the Paintings.

Objection. Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; and (2) it is vague and irrelevant.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

20. All documents supporting the Stuart & Sons' claims asserted in its Complaint that as of August 2001, Stuart & Sons had a business relationship with the Rockwell Museum.

Responsive documents are available for copying or inspection at Plaintiffs' counsel's offices, at a mutually convenient time. In addition, in accordance with the Connecticut Superior Court's injunction order of June 2002, some documents may be located at Special Master Peter Truebner's office in Stamford, Connecticut. Defendant's

counsel are invited to arrange with Special Master Truebner a mutually convenient time to inspect or copy said documents.

21. All documents supporting the Stuart & Sons' claims asserted in its Complaint that Stuart & Sons loaned the Paintings to the Rockwell Museum and offered them a first opportunity to purchase the Paintings at less than the market price for the Paintings.

Responsive documents are available for copying or inspection at Plaintiffs' counsel's offices, at a mutually convenient time. In addition, in accordance with the Connecticut Superior Court's injunction order of June 2002, some documents may be located at Special Master Peter Truebner's office in Stamford, Connecticut. Defendant's counsel are invited to arrange with Special Master Truebner a mutually convenient time to inspect or copy said documents.

22. All documents supporting the Stuart & Sons' claims asserted in its Complaint that Stuart & Sons entered into and all but completed negotiations with Sotheby's to sell the Paintings at auction in 2001.

Responsive documents are available for copying or inspection at Plaintiffs' counsel's offices, at a mutually convenient time. In addition, in accordance with the Connecticut Superior Court's injunction order of June 2002, some documents may be located at Special Master Peter Truebner's office in Stamford, Connecticut. Defendant's

counsel are invited to arrange with Special Master Truebner a mutually convenient time to inspect or copy said documents.

23.     All documents supporting the Stuart & Sons' claims asserted in its Complaint that on at least one other occasion following the death of Stuart, Sr. in 1993, employees reporting to members of the SerVaas family contacted Stuart, Jr. to inquire about Rockwell artwork in Stuart & Son's possession.

Objection.   Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; (3) it is not likely to lead to the discovery of admissible evidence; and (4) the information sought is more readily available to the Defendants than to the Plaintiffs.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

24.     All documents concerning when Stuart & Sons first learned that the Post was claiming ownership to the Paintings.

Objection.   Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; (3) it is not likely

to lead to the discovery of admissible evidence; and (4) the information sought is more readily available to the Defendants than to the Plaintiffs.

Notwithstanding the Plaintiffs' objection, to the extent such documents exist and are in the possession or control of the Plaintiffs, they will be made available to Defendant's counsel at a mutually convenient time.

25.   All documents concerning Corey SerVaas, Beurt SerVaas and the Post.

Objection.   Apart from documents that will be otherwise produced, Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; (2) it is vague and irrelevant; (3) it is not likely to lead to the discovery of admissible evidence; and (4) the information sought is more readily available to the Defendants than to the Plaintiffs.

26.   All documents supporting the Stuart & Sons' claims asserted in its Complaint that the Post wrongfully interfered with Stuart & Sons' alleged ownership of the Paintings.

Objection.   Apart from documents that will be otherwise produced, Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; and (2) it is vague.

13

27. All documents supporting the Stuart & Sons' claims asserted in its Complaint that as a result of the Post's wrongful claim to ownership of the Paintings, Stuart & Sons has suffered actual economic harm, including but in no way limited to lost capital through value diminution, suppressed liquidity, interest and attorneys' fees.

<u>Objection</u>.  Apart from documents that will be otherwise produced, Plaintiffs object to this document request on the grounds that: (1) it is overly broad and unduly burdensome; and (2) it is vague.

**PLAINTIFFS,
WILLIAM STUART
JONATHAN STUART**

By /s/ Sandra J. Akoury
Sandra J. Akoury (ct 21279)
Law Offices of Sandra J. Akoury
426 Danbury Road
Wilton, Connecticut 06897
203-563-9230

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid, and via electronic mail, on this 21st day of January, 2005, to the following counsel and *pro se* parties of record:

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder, P,C.
350 Fairfield Avenue
Bridgeport, CT 06604

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Peter R. Stern, Esq.
McLauglin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Mary E. Sommer, Esq.
Sandak, Hennessey & Greco, LLP
707 Summer Street
Stamford, CT 06901

Paul J. Pacifico, Esq.
965 Post Road East
Westport, CT 06880

Kenneth J. Stuart Jr.
5 High Ridge Road
Wilton, CT 06897

Sandra J. Akoury