UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

- - - - - - - - - - - - - - - - - - - -x

STUART & SONS, L.P., KENNETH STUART, JR.,
EXECUTOR OF THE ESTATE OF KENNETH
STUART, SR.; TRUSTEE OF THE KENNETH J.
STUART TRUST; KENNETH STUART, JR.,
WILLIAM STUART AND JONATHAN STUART,

          Plaintiffs,

      - against -

THE CURTIS PUBLISHING COMPANY, INC.,
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY and THE
BENJAMIN FRANKLIN LITERARY AND
MEDICAL SOCIETY, INC.,

          Defendants.

Case No. 301 CV 1580 (AHN)

September 9, 2005

- - - - - - - - - - - - - - - - - - - -x

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION
TO STRIKE PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE,
REQUEST FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' FURTHER
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

319945.2

## I. INTRODUCTION

Defendants hereby move to strike Plaintiffs' Further Opposition to Defendant's Motion for Summary Judgment or, in the alternative, Request Leave to File a Response to Plaintiffs' Further Opposition to Defendants' Motion for Summary Judgment.

## II. BACKGROUND

### A. Facts

In a February 24, 2005 telephonic ruling, Magistrate Judge Fitzsimmons set forth a briefing schedule on summary judgment motions with initial moving papers to be filed on June 1, 2005, opposing papers to be filed on June 22, 2005, and reply papers to be filed on July 5, 2005.

On June 1, 2005, Plaintiffs filed their Motion for Judgment on the Pleadings and, on June 14, 2005, Plaintiffs subsequently filed an "Amended" Motion for Judgment on the Pleadings, with Defendants' consent.[1] Defendants filed their Opposition on July 6, 2005. (*See* Dkt. # 65). On July 20, 2005, Plaintiffs sought, and Defendants refused, a 30-day extension of time for Plaintiffs to file their Reply in Support of their Motion for Judgment on the Pleadings. Plaintiffs represented to Defendants that they were awaiting third-party discovery, and Defendants would not consent to the extension because Plaintiffs refused to divulge the names of those third parties, despite Plaintiffs' contention that "new" documents were expected long after fact discovery ended. Over

---

[1] The docket does not indicate that Plaintiffs filed their Motion for Judgment on the Pleadings on June 1, 2005, the date the Court set for filing summary judgment motions, despite the fact that Plaintiffs had served Defendants with the initial moving papers signed and dated June 1, 2005. Plaintiffs contacted Defendants and requested consent to amend their Motion for Judgment on the Pleadings which, without Defendants' knowledge, was not filed on June 1, 2005. Defendants consented to the amendment because Plaintiffs represented that the only change to be made to the amended motion was a font change to conform to the Local Rules. (*See* Dkt. #57). Plaintiffs should explain why there is no entry for the alleged June 1, 2005 filing of their Motion for Judgment on the Pleadings.

319945.2                                    -1-

Defendants' objection, the Court granted Plaintiffs' 30-day extension to file their Reply in Support of their Motion for Judgment on the Pleadings from July 19, 2005 to August 19, 2005. (*See* Dkt. # 70, 72, 76). Defendants filed an Amended Opposition on July 22, 2005 and Supplemental Declaration of William M. Bloss in Support thereof, because Plaintiffs Jonathan and William Stuart and Kenneth J. Stuart, Jr., *pro se*, individually and on behalf of the Estate and Trust, filed, without Defendants' consent, Replies to Defendants Counterclaims, respectively, over six months late and Plaintiff Stuart & Sons, L.P. filed and Amended Reply to Defendants Counterclaims, with Defendants' consent after Defendants filed their original Opposition papers. (*See* Dkt. # 73, 74). On August 19, 2005, Plaintiffs filed their Reply in Support of their Motion for Judgment on the Pleadings. (*See* Dkt. # 81).

Also on August 19, 2005, Plaintiffs improperly filed, without ever conferring with Defendants and without prior leave of Court, their Memorandum in Further Opposition to Defendants' Motion for Summary Judgment. (*See* Dkt. # 82).

**B.     Summary of the Argument**

Defendants respectfully request the Court Strike Plaintiffs' "Further Opposition," because Plaintiffs filed it without leave of Court, and they did not make any showing that Defendants' Reply brief raised "new" matters or evidence. In the alternative, Defendants request leave of Court to file a Response to Plaintiffs' Further Opposition (attached hereto as Exh. A). Plaintiffs' arguments, although repetitive, rely upon newly-produced documents that unduly prejudice Defendants, because they never had the opportunity to conduct further discovery or to use them on summary judgment.

319945.2

## III. ARGUMENT

### A. The Burden of Proof on Seeking Leave to File a Sur-Reply

The general rule in this Court is that a sur-reply is not permitted. *See* L.R. 7(d) (a reply brief "must be strictly confined to a discussion of matters raised by the responsive brief . . ."). *See also United States v. Borkoski*, 154 F. Supp.2d 262, 265 (D. Conn. 2001); *Marczeski v. Law*, 122 F. Supp.2d 315, 318 n.2 (D. Conn. 2000). However, unlike the instant case, a sur-reply is warranted when **new matter** is raised in the **moving party's** reply papers to prevent the moving party from gaining an "unfair advantage to the answering party." *Bayway Refining Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) (*quoting Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992) (citations omitted)); *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y.), *vacated in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990); *United States v. Intl. Bus. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975)).

A sur-reply is not warranted, as in the instant case, when information was available to the opposing party **at the time of the filing** of the original opposition and the moving party provides no explanation for the late submission of evidence. *See Hale Propeller, LLC v. Ryan Marine Products Pty., Ltd.*, 151 F. Supp.2d 183, 200 (D. Conn. 2001) (*citing Mulberry Phosphates, Inc. v. City of Toledo*, No. 96-3231, 1997 U.S. App. LEXIS 23161, at *9 (6th Cir. Aug. 29, 1997)).

Accordingly, because Plaintiffs could have obtained the documents attached to the Supplemental Akoury Declaration before the time of the filing of their original Opposition, the Court should strike their sur-reply.

### B. Leave of Court Must Be Sought Before Filing a Sur-Reply

Leave of Court must be sought **before** filing a sur-reply. *See Borkoski*, 154 F. Supp.2d at 265 (granting motion to strike the government's sur-reply because it "did not seek leave to file its 'Reply,' which should have properly been captioned a 'sur-reply' . . ." and thus it "violate[d] Local Rule [7(d)] . . ."); *Marczeski v. Law*, 122 F. Supp.2d 315, 318 n.2 (D. Conn. 2000) (emphasis added) (The "Local Rules allow the opposing party to file a memorandum in opposition to the initial motion . . . Any further memoranda, such as a surreply, may be filed **only** with leave of court . . .").

Here, Plaintiffs simply filed their improperly captioned "Memorandum in Further Opposition" (which should have properly been captioned a "sur-reply") without leave of Court. (*See* Dkt. #82). Accordingly, Plaintiffs' "Further Opposition" "suffers from a fundamental procedural defect," because a "sur-reply memorandum shall not be accepted without prior leave of court." *The Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 494 (S.D.N.Y. 1990); *Marczeski v. Law*, 122 F. Supp.2d at 318 n.2d. Thus, the Court should strike Plaintiffs' "Further Opposition."

### C. Plaintiffs Fail to Explain How Defendants' Reply Brief Allegedly Raises New Issues or Arguments

There were no "new" arguments raised in Defendants' Reply papers which could justify a sur-reply. As the moving parties, Defendants properly "address[ed] in [their] reply papers new issues raised in the opposition papers so as to avoid giving an unfair

advantage to the answering party who took it upon [themselves] to argue those previously unforeseen issues." *Buffalo Reinsurance Co.*, 735 F. Supp. at 494 (*citing United States v. Int'l. Business Machines Corp.*, 66 F.R.D. 383, 385 (S.D.N.Y. 1975)). In other words, "[e]ach point [in the Defendants'] reply brief directly respond[ed] to an issue raised in [Plaintiffs'] opposition papers" (*id.* at 495-96); namely, (1) Defendants have met their burden of proof on summary judgment, because there is no genuine issue of material fact that Defendants own the paintings (*see* Dkt. #77 (Defendants' Reply Memorandum of Law in Support of Their Motion for Summary Judgment, at 6-8); and (2) a pattern of conduct is appropriate on summary judgment. (*See id.*, at 6-9).

Here, Plaintiffs seek to advance arguments already made in their Opposition papers that Defendants properly disposed of in their Reply papers. As the non-moving party, Plaintiffs should not be entitled to argue the same point twice, especially when Defendants followed the strict requirements of Local Rule 7(d), but Plaintiffs did not. Because Defendants' Reply brief "respond[ed] to matters placed in issue by [Plaintiffs] in [their] opposition brief and [Defendants] [did] not spring upon [Plaintiffs] new reasons for the entry of summary judgment," the Court should strike Plaintiffs' "Further Opposition." *Litton Indus.*, 767 F. Supp. at 1235.

### D. Defendants are Unduly Prejudiced by the Filing of the Further Opposition Because It Relies Upon Documents Belatedly Produced After Fact Discovery

If Plaintiffs had produced the documents attached to the Supplemental Akoury Declaration in response to Defendants' document requests, as they should have during fact discovery, Defendants could have conducted further discovery on those newly-produced documents. Further, Defendants' Motion for Summary Judgment is based on

319945.2                                    -5-

the documents that had been produced during fact discovery and not on the recent, belatedly-produced documents. Thus, Defendants are disadvantaged by not having the opportunity to have conducted discovery concerning the recent documents or responded to the arguments made in Plaintiffs' "Further Opposition" that rely on the newly-produced documents.

Accordingly, Defendants should be entitled to file a Response to Defendants' "Further Opposition" should the Court deny Defendants' Motion to Strike.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court strike Plaintiffs' Further Opposition to Defendants' Motion for Summary Judgment or, in the alternative, grant leave for Defendants to file a Response to Plaintiffs' "Further Opposition."

Respectfully submitted,

Anthony F. Lo Cicero (CT 04670)
Karen J. Bernstein (CT 24254)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000

William M. Bloss (CT 01008)
KOSKOFF KOSKOFF & BIEDER P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421

ATTORNEYS FOR DEFENDANTS

Dated: September 7, 2005
New York, New York

By: _____
Karen J. Bernstein (CT 24254)

319945.2

-6-

Of Counsel:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

319945.2                                -7-

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that she is one of the attorneys for defendants in the above-captioned action and that on the date which appears below, served copies of the foregoing DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO STRIKE PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by causing copies thereof to be served as follows:

### ***via Facsimile and First Class Mail***

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

319945.2

-8-

        Mr. Kenneth Stuart, Jr.
        5 High Ridge Road
        Wilton, CT 06897
        Fax No.: (203) 431-8236

Dated: New York, New York
      September 9, 2005

_____
Karen J. Bernstein

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

------------------------------x

STUART & SONS, L.P., KENNETH STUART, JR.,
EXECUTOR OF THE ESTATE OF KENNETH
STUART, SR.; TRUSTEE OF THE KENNETH J.
STUART TRUST; KENNETH STUART, JR.,
WILLIAM STUART AND JONATHAN STUART,

          Plaintiffs,

    - against -

THE CURTIS PUBLISHING COMPANY, INC.,
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY and THE
BENJAMIN FRANKLIN LITERARY AND
MEDICAL SOCIETY, INC.,

          Defendants.

Case No. 301 CV 1580 (AHN)

September 9, 2005

------------------------------x

**DEFENDANTS' [PROPOSED] RESPONSE TO PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

320985.1

Defendants hereby respond to Plaintiffs' Further Opposition to Defendants' Motion for Summary Judgment.

### A. The Court Should Deem All Facts Contained in Defendants' Local Rule 56(A)1 Statement Admitted

The "Disputed Issues of Material Fact" section of Plaintiffs' Local Rule 56(A)2 statement does not conform to the Federal Rules of Civil Procedure or the Local Rules of this Court, because the L.R. 56(A)2 Statement does not specifically point to the evidentiary record in the instant action in contravention of Local Rule 56(a)3.[1]

A review of Plaintiffs' belated Local Rule 56(A)2 Statement reveals that it also improperly contains arguments previously made in Opposition papers; *e.g.*, the "confirmation order" and "improper inference" arguments (*compare* Opp., at 4 *with* L.R. 56(A)2 Statement, at ¶¶ 25, 26); the semantics with the wording of the "confirmation orders" argument (*compare* Opp., at 7 *with* L.R. 56(A)2 Statement, at ¶ 26); and the "there is no evidence that Rockwell sold the Paintings to the Defendants" argument (*compare* Opp., at 6 *with* L.R. 56(A)2 Statement, at ¶ 28).

The purpose of submitting a separate statement is to aid the Court in determining which material issues of fact may or may not be in dispute. Plaintiffs' Local Rule 56(A)2 Statement offers the Court no guidance on which specific facts **in the record** should go

---

[1] Local Rule 56(a)3 mandates that "each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a **specific citation** to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial[,] . . . and [such Local Rule Statements must be] in conformity with Fed. R. Civ. P. 56(e). Otherwise, failure to provide specific citations to evidence in the record . . . may result in the Court deeming certain facts that are supported by the evidence admitted . . . [and] the Court imposing sanctions including . . . when the opponent fails to comply, an order granting the motion if the undisputed facts show that the movant is entitled to judgment as a matter of law." L.R. 56(a)(3) (emphasis added).

to trial. The only citations to the "record" are to the belatedly-produced exhibits attached to Messrs. Abelman's, Rockwell's, and Dunker's affidavits, which Defendants should be precluded from relying on. (*See* Defendants' Motion to Preclude Plaintiffs from Relying Upon the Supplemental Declaration of Sandra Akoury and the Affidavits and Documents Attached Thereto in Further Opposition to Defendants' Motion for Summary Judgment which was filed separately with the Court).

Further, the Court should disregard the exhibits of the "examples of 'contracts' used by the Defendants in the past." (*See* Pltfs' L.R. 56(A)2 Statement, at 5 n.1). Such an improper attempt to attach exhibits to a separate statement should not be permitted.

Accordingly, the Court should deem the undisputed material facts contained in Defendants' Local Rule 56(A)1 Statement as admitted.

### B. Plaintiffs Cite to No Legal Authority in Their "Further Opposition" to Support Their Arguments

Plaintiffs' "merely colorable" arguments -- unsupported by the evidentiary record -- does not discharge their burden in opposing summary judgment.

Except for the section on the burden on summary judgment, which was explained in Defendants' moving papers, there is absolutely no legal authority cited in Plaintiffs' "Further Opposition."

### C. The Default Judgment

Plaintiffs contend that "Defendants missed their window of opportunity to request . . . [a default judgment] from the Court." (Further Opp., at 3). This is unsupported by any law that says there is a statute of limitations on moving for default judgment. To the contrary, a court may grant default judgments even when the motion for default is made

a year after the date of default. *See Cablevision of So. Conn., L.P. v. Smith*, 141 F. Supp.2d 277, 283 (D. Conn. 2001). Accordingly, default judgments should be entered against Plaintiffs William and Jonathan Stuart and Kenneth J. Stuart, Jr., *pro se*, individually and on behalf of the Estate and the Trust on Defendants' Counterclaims because of their failure to reply to Defendants' Counterclaims.

### D. Pattern of Conduct

Like a broken record, Plaintiffs argue again, without any legal authority, that summary judgment motions cannot be decided based on a pattern of conduct. (*See* Opp., at 3, 4-5; Further Opp., at 4). To the contrary, Defendants' Reply brief cited to authority that holds otherwise. (*See* Reply brief, at 6-8). Further, there has been no "shifting of positions [concerning ownership of the Paintings] over the years." (*See* Further Opp., at 5). Defendants have consistently evidenced from the record that there is no genuine issue of material fact that they own the Paintings.

Assuming, *arguendo*, that the Court deems the affidavits and documents attached to the Supplemental Akoury Declaration admissible, which Defendants strenuously argue they are not, Defendants make the following argument.[2]

Plaintiffs admit that it is an undisputed material fact that the Paintings in suit were created before 1954. (*See* SUMF, at ¶¶ 21-23; Plaintiffs' Local Rule 56(A)2 Statement, at ¶¶ 21-23). A comparison of the September 9, 1955 letter (attached as Exhibit A to Defendants' Counterclaims) from Kenneth Stuart, Sr. to James Donna, Norman Rockwell's former attorney, with the newly-produced 1962 letter from

---

[2] Any arguments Defendants may make related to the affidavits or documents attached to the Akoury Supplemental Declaration not to be deemed a waiver of Defendants' Motion to Preclude submit to the Court separately.

320985.1                                     -3-

Mr. Dunker to Norman Rockwell, further proves there is no genuine issue of material fact that Defendants own the Paintings.

Specifically, Mr. Stuart, Sr., on behalf of the Post, stated in the 1955 letter that "[o]ur company [*e.g.*, The Post] owns all rights to Norman's paintings, including the originals"; Norman mentioned to me in the **fall of 1954** that he **would like** any originals of his which we did [the Post] did not intend to keep made available to his heirs . . . I told him **at that time** we couldn't **go back to the paintings he made for us in the past**, but those he was working on could be grouped and kept available for his heirs if they ever asked for them." (*See* Exh. A, attached is the September 9, 1955 from Ken Stuart, Sr. to John J. Donna, Esq. attached hereto) (emphases added).

The 1962 letter indicates that Norman Rockwell was concerned about ownership of the paintings. (In particular, Mr. Dunker, Norman Rockwell's attorney at the time, points out that Ken Stuart, Sr.'s 1955 letter "may be disregarded in respect of the question of ownership of the originals [because] [i]t does not dismiss the critical issue, viz., the understanding that existed between you and the Post . . . .") In it, Mr. Dunker admits that the 1955 letter "might furnish the Post with legal grounds for the defense of the statute of limitations with respect to the originals submitted **prior to 1954,**" *e.g.*, **originals like the Paintings at issue**. Mr. Dunker also opines that the 1955 letter "could be used to establish that [Norman Rockwell] [was] entitled to the return of at least some of [the paintings] . . . submitted prior to 1954, **but which ones would be up to the Post**" -- evidencing that the Post would decide which original paintings it wanted to return to Norman Rockwell. Thus, the 1962 Letter evidences Norman Rockwell was concerned about his ownership of the Paintings because he knew that the

320985.1                                   -4-

Post controlled and owned them. Further, Mr. Dunker opined that use of the 1955 letter "would be strictly an approach to fall back on because **its use would contradict [Norman Rockwell's] position that [he] retained ownership of all paintings submitted since**" **1955**. This particular statement cannot be disputed and even evidences that Norman Rockwell's attorney himself believed that the Post owned the Paintings created by Norman Rockwell for the Post before 1955.

Mr. Dunker's admissions contained in the September 24, 1962 letter are, therefore, consistent with Ken Stuart, Sr.'s statement made to Mr. Donna that the Post owns the Paintings. Mr. Donna was Norman Rockwell's attorney in 1955 and Mr. Stuart, Sr. stated in his letter that Mr. Donna "point[ed] out" in a letter he sent to Mr. Stuart initially that the Post owns the Paintings. Accordingly, if anything, Mr. Dunker's September 24, 1962 letter confirms that Norman Rockwell's attorney knew that the Post owned the Paintings.

### E. The General and Unsupported Comments Contained in Plaintiffs' "Further Opposition" Do Not Advance Plaintiffs' Position

Plaintiffs make several unnecessary comments throughout their "Further Opposition" that Defendants seek to address briefly.

Plaintiffs contend that the "surviving individuals knowledgeable of and familiar with Curtis Publishing during those years have all supported the Plaintiffs through their affidavits." (Further Opp., at 5). It is unknown whether there may be more persons alive who can provide further information concerning the Paintings. After all, it took Plaintiffs an inexplicably long time to contact Messrs. Abelman, Mr. Thomas Rockwell,

and Mr. Dunker. It is very possible there may be more individuals who suddenly appear in this litigation.

Plaintiffs also contend that "[a]lthough in name the first named Defendant is The Curtis Publishing Company, the individuals driving their specious claims had no participation in the Defendant companies or publication in the 1940s through the 1960s." (Further Opp., at 5). The same can be said for the Plaintiffs, since none of them worked for the Defendants, let alone were alive at the time.

Plaintiffs further argue that the "SerVaas family . . . had nearly every opportunity to ascertain a list of the actual assets they were purchasing." (Further Opp., at 6). Throughout the "Further Opposition," Plaintiffs also contend that the SerVaas family "'went into debt' to purchase Curtis," without attribution as to where the quoted language, "went into debt" came from. (Further Opp., at 6).

The SerVaas family is not a named Defendant in this lawsuit. If Plaintiffs had a good-faith basis to sue the SerVaas family, they would have so named them in this case. Plaintiffs should not be permitted to spit vitriol through their briefs.

Further, Plaintiffs accusations that "Defendants made no attempt to contest evidence submitted by the Plaintiffs in support of their opposition papers" is belied by the lack of any evidentiary support in Plaintiffs' Opposition brief. (Further Opp., at 8).

Finally, Plaintiffs state that Defendants should have produced documents that Plaintiffs obtained is simply unfounded. (Further Opp., at 8). Defendants produced all documents in their possession, custody, or control in conformity with the Federal Rules of Civil Procedure.

### F.  CONCLUSION

For the foregoing reasons, Defendants respectfully request the Court grant Defendants' Motion for Summary Judgment on Count I (Ownership of the Paintings).

                                          Respectfully submitted,

                                          Anthony F. Lo Cicero (CT 04670)
                                          Karen J. Bernstein (CT 24254)
                                          AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                          90 Park Avenue
                                          New York, NY 10016
                                          Tel: (212) 336-8000

                                          William M. Bloss (CT 01008)
                                          KOSKOFF KOSKOFF & BIEDER P.C.
                                          350 Fairfield Avenue
                                          Bridgeport, CT 06604
                                          Tel: (203) 336-4421

                                          ATTORNEYS FOR DEFENDANTS

Dated: September __, 2005          By: _____
       New York, New York                       Karen J. Bernstein (CT 24254)

<u>Of Counsel</u>:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is one of the attorneys for defendants in the above-captioned action and that on the date which appears below, served copies of the foregoing DEFENDANTS' [PROPOSED] RESPONSE TO PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT by causing copies thereof to be served as follows:

***via Facsimile and First Class Mail***

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897
Fax No.: (203) 431-8236

Dated: New York, New York
        September __, 2005                    _____
                                              Karen J. Bernstein