UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

------------------------------------x

STUART & SONS, L.P., KENNETH STUART,
JR., EXECUTOR OF THE ESTATE OF
KENNETH STUART, SR.; TRUSTEE OF THE
KENNETH J. STUART TRUST; KENNETH
STUART, JR., WILLIAM STUART AND
JONATHAN STUART,

                Plaintiffs,

- against -

THE CURTIS PUBLISHING COMPANY, INC.,
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY and THE
BENJAMIN FRANKLIN LITERARY AND
MEDICAL SOCIETY, INC.,

                Defendants.

------------------------------------x

Case No. 301 CV 1580 (AHN)

September 21, 2005

**DEFENDANTS' REQUEST FOR LEAVE TO FILE A SUR-REPLY
TO PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OF
THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

**I.  INTRODUCTION**

Defendants hereby seek leave of Court to file a Sur-Reply to Plaintiffs' Memorandum in Further Support of Their Motion for Judgment on the Pleadings ("Plaintiffs' Reply"), because Plaintiffs have injected into their Reply additional facts, new arguments, law, and evidence that were neither raised in their moving papers nor responsive to arguments made in Defendants' Opposition papers.  Defendants should be entitled to file a Sur-Reply because of the late disclosure of documents Plaintiffs rely upon in support of their Reply, which has deprived Defendants of the opportunity to conduct further discovery and to rebut in a responsive brief these additional facts, new arguments, law, and evidence.  As a result, Defendants are unduly prejudiced. Defendants propose to file the Sur-Reply by October 1, 2005.[1]  The undersigned attempted to determine the position of Attorney Akoury on this motion, but was not able to reach her.

**II.  BACKGROUND**

    **A.  Facts**

In a February 24, 2005 telephonic ruling, Magistrate Judge Fitzsimmons set forth a briefing schedule on summary judgment motions with initial moving papers to be filed on June 1, 2005, opposing papers to be filed on June 22, 2005, and reply papers to be filed on July 5, 2005.

On June 1, 2005, Plaintiffs filed their Motion for Judgment on the Pleadings and, on June 14, 2005, Plaintiffs subsequently filed an "Amended" Motion for Judgment on

---

[1] The attorney primarily responsible for drafting the sur-reply, Karen Bernstein, is currently out of the office due to the death of her mother.  The brief would have been filed with this motion, but Defendants request some consideration from the Court and parties in this respect due to Attorney Bernstein's circumstances.

321243.1

-1-

the Pleadings, with Defendants' consent.[2] Defendants filed their Opposition on July 6, 2005. (*See* Dkt. # 65). On July 20, 2005, Plaintiffs sought, and Defendants refused, a 30-day extension of time for Plaintiffs to file their Reply in Support of their Motion for Judgment on the Pleadings. Plaintiffs represented to Defendants that they were awaiting third-party discovery, and Defendants would not consent to the extension because Plaintiffs refused to divulge the names of those third parties, despite Plaintiffs' contention that "new" documents were expected long after fact discovery ended. Over Defendants' objection, the Court granted Plaintiffs' 30-day extension to file their Reply in Support of their Motion for Judgment on the Pleadings from July 19, 2005 to August 19, 2005. (*See* Dkt. # 70, 72, 76). Defendants filed an Amended Opposition on July 22, 2005 and Supplemental Declaration of William M. Bloss in Support thereof to address the belated Replies to Defendants' Counterclaims submitted by Plaintiffs Jonathan and William Stuart, Plaintiff Kenneth J. Stuart, Jr., *pro se*, individually and on behalf of the Estate and Trust, and also Plaintiff Stuart & Sons, L.P.'s Amended Reply to Defendants Counterclaims, which was submitted with Defendants' consent. (*See* Dkt. # 73, 74).[3] On August 19, 2005, Plaintiffs filed their Reply in Support of their Motion for Judgment on the Pleadings. (*See* Dkt. # 81). As a result of the additional facts, new arguments, law, and evidence raised in Plaintiffs' Reply and in the never-before-seen

---

[2] The docket does not indicate that Plaintiffs filed their Motion for Judgment on the Pleadings on June 1, 2005, the date the Court set for filing summary judgment motions, despite the fact that Plaintiffs had served Defendants with the initial moving papers signed and dated June 1, 2005. Plaintiffs contacted Defendants and requested consent to amend their Motion for Judgment on the Pleadings which, without Defendants' knowledge, was not filed on June 1, 2005. Defendants consented to the amendment because Plaintiffs represented that the only change to be made to the amended motion was a font change to conform to the Local Rules. (*See* Dkt. #57). Plaintiffs should explain why there is no entry for the alleged June 1, 2005 filing of their Motion for Judgment on the Pleadings.

[3] *See also* Defendants' Amended Opp., at 12 n.2 for a discussion of the belated Replies.

-2-

321243.1

documents attached to the Akoury Reply Declaration, Defendants should be entitled to respond limited to the same.

### B. The Law Permits the Court to Grant Defendants' Request for Leave to File a Sur-Reply

The general rule in this Court is that a sur-reply is not permitted.  *See* L.R. 7(d). This is because the reply brief "must be strictly confined to a discussion of matters raised by the responsive brief . . . ."  *See id*; *United States v. Borkoski*, 154 F. Supp.2d 262, 265 (D. Conn. 2001); *Marczeski v. Law*, 122 F. Supp.2d 315, 318 n.2 (D. Conn. 2000).  However, in situations like the instant case, a sur-reply is warranted to prevent the moving party from gaining an "unfair advantage to the answering party" when "**new matter** is raised in the **moving party's** reply papers . . . ."  *Bayway Refining Co. v. Oxygenated Mktg. & Trading A.G.*, 215 F.3d 219, 226-27 (2d Cir. 2000) (emphases added) (*quoting Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992) (citations omitted)); *Bonnie & Co. Fashions, Inc. v. Bankers Trust Co.*, 945 F. Supp. 693, 708 (S.D.N.Y. 1996); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, 735 F. Supp. 492, 495 (S.D.N.Y.), *vacated in part on other grounds*, 739 F. Supp. 209 (S.D.N.Y. 1990); *United States v. Intl. Bus. Machs. Corp.*, 66 F.R.D. 383, 384 (S.D.N.Y. 1975)).  Indeed, courts in the Second Circuit will grant leave to file a sur-reply when affidavits are submitted in support of a reply brief that raise additional facts, new arguments, law, and evidence.  *See Doe v. Karadzic*, 866 F. Supp. 734, 736 n.1 (S.D.N.Y.), *rev'd. on other grounds*, 70 F.3d 232 (2d Cir. 1995).

Here, Plaintiffs' Reply relies upon "new" documents attached to the Supplemental Declaration of Sandra Akoury in Further Support of Plaintiffs' Motion for

Judgment on the Pleadings ("Akoury Reply Decl.") and they cite new law and present new arguments and evidence in their Reply that were not made in their moving papers. Thus, Plaintiffs did not "strictly confine[] [their arguments contained in their Reply] to a discussion of matters raised" in Defendants' Amended Opposition papers.

Accordingly, the Court should grant leave for Defendants' to file a Sur-Reply to Plaintiffs' Motion for Judgment on the Pleadings.[4]

### C. Defendants Should Be Entitled to File a Sur-Reply to Address the Additional Facts, New Arguments, Law, and Evidence Contained in Plaintiffs' Reply

Defendants' Amended Opposition to Plaintiffs' Motion for Judgment on the Pleadings raised the issues: (1) Plaintiffs' Motion for Judgment on the Pleadings should be denied based on the law of the case doctrine; (2) there still remain genuine issues of facts as to when the conversion of the Paintings took place for purposes of determining when the statute of limitations commenced, thus precluding the grant of Plaintiff's motion; and (3) Plaintiffs' litigation misconduct warrants sanctions. That is all that Plaintiffs had to respond to in their Reply.

However, Plaintiffs' Reply raised additional facts, new arguments, law, and evidence **for the very first time** that neither had been raised in Plaintiffs' initial moving papers nor in Defendants' Amended Opposition papers that entitled Defendants

---

[4] Currently before the Court is Defendants' Motion to Preclude Plaintiffs' from Relying Upon the Documents Attached to the Supplemental Declaration of Sandra Akoury in Further Opposition to Defendants' Motion for Summary Judgment (Dkt # 86), which are identical to the documents attached to the Akoury Reply Decl.. For the same reasons outlined in Defendants' Memorandum of Law in Support of Their Motion to Preclude Plaintiffs From Relying Upon the Supplemental Declaration of Sandra Akoury and the Affidavits and Documents Attached Thereto in Further Opposition to Defendants' Motion for Summary Judgment, Defendant respectfully request the Court preclude Plaintiffs from relying upon the Akoury Reply Declaration and the belated documents attached thereto. Incidentally, the Akoury Reply Declaration was filed on September 7, 2005, almost three weeks after Plaintiffs filed their Reply in Support of the Motion for Judgment on the Pleadings on August 19, 2005. (*See* Dkt # 86). For purposes of this Request for Leave and the [Proposed] Sur-Reply only, Defendants treat the Akoury Reply Declaration as if it had been timely filed. However, nothing contained herein constitutes a waiver of Defendants' right to argue at a later time that the filing of the Akoury Reply Declaration was untimely and therefore should be excluded, along with the documents attached thereto.

to submit a Sur-Reply. Specifically,: Defendants should be entitled to Sur-Reply to the following additional facts, new argument, law, and evidence.

(1) Plaintiffs' Reply argues that Defendants never "submit[ted] their 'demand' letter to the Court to support" their "claim that they made no demand for return of the Paintings until August 2001," and they attach the "missing" "certified mail receipt" related to 1986 correspondence between Mr. SerVaas and Mr. Abelman, then-Norman Rockwell's attorney. (*See* Plaintiffs' Reply, at 2, 3). Plaintiffs also insert a chart in their Reply that purports to show the "many times the Defendants missed opportunities to allege their claim of ownership, but failed to do so." (Plaintiffs' Reply, at 8).

(2) Plaintiffs cite in their Reply brief to a never-before-produced May/June 1976 issue of *The Saturday Evening Post*, which Plaintiffs have never proffered in any pleading, motion, or at oral argument that allegedly "recounts [Ken Stuart, Sr's] relationship with Mr. Rockwell and the manner in which he acquired *Saying Grace*" to somehow prove that the "'Editor and Publisher' [of the Post]. . . had **actual knowledge** of Mr. Stuart Sr.'s ownership" of the Painting. (*See* Plaintiffs' Reply, at 3) (emphasis added).

(3) Plaintiffs make numerous arguments related to the Connecticut General Statute on adverse possession (Conn. Gen. Stat. § 47-31), but Plaintiffs have never asserted the Connecticut statute on adverse possession in its Complaints, as a defense to Defendants' Counterclaims or in any other motion. (*See* Plaintiffs' Reply, at 3 n. 4).

(4) Plaintiffs submit "new" evidence in an attempt to rebut Defendants' argument that Plaintiffs' Motion for Judgment on the Pleadings should not be considered a second time based on the Law of the Case Doctrine. (*See* Plaintiffs' Reply, at 4).

(5)   Plaintiffs attach as Exhibit C to their Reply a chart that allegedly shows "why Defendants' denials of the allegations in Plaintiffs' Complaint do not rise to the level of a *material* fact." (Plaintiffs' Reply, at 5) (emphasis in original).

(6)   "Defendants have offered the Court no credible explanation of their failure to act"; *i.e.*, demand the Paintings back. (Plaintiffs' Reply, at 5).

(7)   "Defendants have merely made a sweeping statement that Stuart & Sons did not respond [to the Defendants documents [*sic*] requests." (Plaintiffs' Reply, at 6).

(8)   "Defendants' Requests for Production were overly broad, vague, burdensome, and in many cases, not likely to lead to admissible evidence." (Plaintiffs' Reply, at 6).

(9)   "[I]f the Defendants believed that the Plaintiffs had acted improperly during discovery by failing to produce documents, their course of action should have been to take the appropriate actions defined in Fed. R. Civ. P. 37(2)(B) . . . Therefore, sanctions for discovery issues are . . . premature [and] . . . are not appropriate." (Plaintiffs' Reply, at 6-7).

(10)   How the "SerVaas family . . . 'went into debt' to purchase a struggling Curtis . . . ." (Plaintiffs' Reply, at 9).

(11)   Plaintiffs' request for the Court to convert Plaintiffs' Motion for Judgment on the Pleadings to a Motion for Summary Judgment. (*See* Plaintiffs' Reply, at 10).

Accordingly, in contravention of Local Rule 7(d), Plaintiffs' Reply was not confined to any "new" arguments raised in Defendants' Amended Opposition. Thus, Plaintiffs' did indeed "spring upon" Defendants the "newly-discovered" documents attached to the Akoury Reply Declaration, which adds facts, new arguments, and evidence to this motion for judgment on the pleadings, which Defendants have been

deprived of an opportunity to rebut.  *See Litton Indus. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), *rev'd on other grounds*, 967 F.2d 742 (2d Cir. 1992).  Defendants should be permitted to file a Sur-Reply.

    **D.    Defendants are Unduly Prejudiced by the Additional Facts, New Arguments, Law, and Evidence Relied Upon in Plaintiffs' Reply Brief**

If Plaintiffs had produced the "new" documents during fact discovery that they rely upon in their Reply papers and which are clearly responsive to Defendants' document requests, Defendants could have conducted further discovery on those newly-produced documents.  Further, Defendants are put at a significant disadvantage by not having the opportunity to respond to the arguments made in Plaintiffs' Reply that rely on the newly-produced documents.  Plaintiffs should not be permitted to use new documents and defenses never raised in their pleadings, motions papers, or at oral argument at this late stage of the litigation.  *Roe v. City of N.Y.,* 151 F. Supp. 2d 495, 508 (S.D.N.Y. 2001) (finding prejudice "where the amendment raises new theories of recovery or would require additional discovery"); *Rich v. New York Stock Exchange*, 522 F.2d 153, 159-160 (2d Cir. 1975) (holding that Federal Rules' liberal amendment policy should not be used to remedy a party's lack of diligence).  Such a tactic is tantamount to "trial by ambush."  *See Ginns v. Towle*, 361 F.2d 798, 801 (2d Cir. 1966) (the "basic purpose of the federal rules, particularly those concerning discovery and disclosure, is to eliminate trial by ambush . . . .").

**III.    CONCLUSION**

For the foregoing reasons, Defendants respectfully request the Court grant their Request for Leave to File a Sur-Reply to Defendants' Motion for Judgment on the Pleadings.

                    Respectfully submitted,

                    Anthony F. Lo Cicero (CT 04670)
                    Karen J. Bernstein (CT 24254)
                    AMSTER, ROTHSTEIN & EBENSTEIN LLP
                    90 Park Avenue
                    New York, NY 10016
                    Tel: (212) 336-8000

                    William M. Bloss (CT 01008)
                    KOSKOFF KOSKOFF & BIEDER P.C.
                    350 Fairfield Avenue
                    Bridgeport, CT 06604
                    Tel: (203) 336-4421

                    ATTORNEYS FOR DEFENDANTS

Dated:   September 21, 2005          By: _____
                                                 William M. Bloss (CT 01008)

<u>Of Counsel</u>:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is one of the attorneys for defendants in the above-captioned action and that on the date which appears below, served copies of the foregoing DEFENDANTS' REQUEST FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS by causing copies thereof to be served as follows:

### *via Facsimile and First Class Mail*

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897
Fax No.: (203) 431-8236

Dated: September 21, 2005        _____
                                                    William M. Bloss