FILED

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Bridgeport

2005 SEP 30 P 12: 51

U.S. DISTRICT COURT
BRIDGEPORT, CONN

STUART & SONS, L.P.,
THE ESTATE OF KENNETH J. STUART
THE KENNETH J. STUART LIVING TRUST
KENNETH J. STUART JR.
WILLIAM A. STUART, M.D.
JONATHAN STUART
      *Plaintiffs,*

 - against -

THE CURTIS PUBLISHING COMPANY, INC.
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY, and THE
BENJAMIN FRANKLIN LITERARY AND
MEDICAL SOCIETY, INC.

      *Defendants*

Case No. 301 CV 1580 AHN

September 30, 2005

**PLAINTIFFS' OBJECTION TO DEFENDANTS'
REQUEST FOR LEAVE TO FILE A SUR-REPLY TO
PLAINTIFFS' MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiffs hereby object to the Defendants' Request for Leave to File a Sur-Reply to Plaintiffs' Motion for Judgment on the Pleadings ("Request"), dated September 21, 2005. The additional pleading proposed by Defendants should not be permitted for two reasons: (1) the Supplemental Declaration of Sandra J. Akoury ("Supplemental Declaration") was necessitated as a direct result of Defendants' material misstatements and failure to produce business records; and (2) there was no new law argued in either the Plaintiffs' Memorandum in Further Support or in their

1

Memorandum in Further Opposition, both dated August 19, 2005. This Objection is filed on behalf of all Plaintiffs. In addition to their objection, Plaintiffs suggest that Defendants' Request be denied in the interest of moving this matter forward toward a decision on the Motion for Judgment on the Pleadings and the Motion for Summary Judgment.

### I.   RECENT HISTORY OF THE PLEADINGS

As the Court is aware, the parties filed what were effectively cross-motions seeking the same result; that is, title to the three Norman Rockwell paintings ("Paintings") at issue. The Defendants' Motion for Summary Judgment was filed on June 1, 2005, pursuant to the schedule established in a telephone conference with Magistrate Judge Fitzsimmons. The Plaintiffs' Motion for Judgment on the Pleadings was also filed on June 1, 2005; however, the Court returned that Motion because it exceeded the page limit. Thereafter, the Plaintiffs' Motion for Judgment on the Pleadings was re-filed on June 14, 2005, with the consent of counsel.

In accordance with the established schedule, each party had the opportunity to submit a memorandum in opposition, and subsequently to reply to opposition papers. By agreement and upon motion, various dates for filing opposition papers were extended. (A listing of the relevant pleadings and the filing dates is attached as Exhibit A for the Court's convenience.) On July 18, 2005, Plaintiffs moved for an extension of time to file their final responsive papers. The basis for that motion was that the Plaintiffs learned that additional documents existed that address the core issues in this lawsuit. Plaintiffs' motion was granted over the Defendants' objection,

and as a result, the final pleadings addressing the Motion for Summary Judgment and the Motion for Judgment on the Pleadings were due no later than August 19, 2005.

Since that extended deadline passed, Defendants have filed *six* additional pleadings, each of which repeatedly misstates factors relevant to this matter. In addition, Defendants sent an *ex parte* letter to the Court in an attempt to circumvent the rules for seeking permission to file these additional pleadings, which were filed anyway. Defendants' recent pleadings are merely designed to divert the Court's attention from the real issues, thereby forestalling the Court's inevitable review of the significant dispositive evidence weighing in the Plaintiffs' favor. Plaintiffs have heretofore refrained from responding to Defendants' diversionary pleadings; however, Plaintiffs now feel compelled to file this objection in order to correct the record.

## II. ADDITIONAL PLEADINGS FILED BY THE PLAINTIFFS WERE NECESSITATED BY THE DEFENDANTS' MISSTATEMENTS

As stated above, Defendants' recent pleadings are solely designed to distract the Court from two significant points: (1) that the Plaintiffs' Supplemental Declaration was a direct response to Defendants' misrepresentations regarding the 1986 letter sent by Attorney Arthur Abelman to Beurt SerVaas; and (2) that most of the documents attached to the Supplemental Declaration should have been produced by the Defendants.

First, the additional documents filed by the Plaintiffs in the Supplemental Declaration and the subsequent pleadings were necessitated as a direct result of the Defendants' repeated misrepresentations to the Court that they did not receive Attorney Abelman's 1986 letter addressing a core issue in this lawsuit. As a

reminder, on June 2, 1986, Attorney Abelman sent a certified letter to Beurt SerVaas, ostensibly the Chairman of Curtis Publishing, stating that Kenneth Stuart Sr. ("Mr. Stuart Sr.") had obtained the painting *Saying Grace* as a gift from Norman Rockwell, and further directed Mr. SerVaas to the "numerous books" detailing ownership and whereabouts of Rockwell's work for information regarding other Rockwell paintings owned by Mr. Stuart Sr. (Exh. X to Akoury Declaration, June 13, 2005 and Ex. A to Supplemental Declaration, August 19, 2005.)

In their pleadings, Defendants repeatedly "denied that [Curtis] ever received this letter or that Plaintiffs can produce the certified mailing receipt" (Memorandum in Opposition to Motion for Judgment on the Pleadings, July 6, 2005, Dkt. # 65, p. 2; Amended Memorandum of Law in Opposition to Motion for Judgment on the Pleadings, July 22, 2005, Dkt. # 73, p. 7.) In response to this denial, and necessarily after it first appeared in pleadings in July 2005, the Plaintiffs sought and obtained the certified mailing receipt of Attorney Abelman's 1986 letter. This document was submitted both in support of Plaintiffs' Motion for Judgment on the Pleadings and in opposition to the Defendants' Motion for Summary Judgment.

The certified mailing receipt is evidence that Defendants received Attorney Abelman's June 2, 1986 letter, written in response to Mr. SerVaas's May 13, 1986 letter to Mr. Stuart Sr. This document, along with the 1976 *Saturday Evening Post* article discussed below, directly contradicts Defendants' representation that they did not have notice of Mr. Stuart Sr.'s ownership claim, and thus that the statute of limitations for conversion of the Paintings could not have commenced until 2001. Stated simply, the Defendants' statement that they did not have notice of Mr. Stuart Sr.'s ownership claim is disproved by their own evidence. Production of the certified

mail receipt defeats Defendants' conversion claims, while simultaneously supporting findings that the statute of limitations and doctrine of laches bar any other ownership claims of Defendants.

Second, many of the documents submitted with the Supplemental Declaration should have been produced by the Defendants, as they are business records of the Defendants. During the process of obtaining the certified mailing receipt, the Plaintiffs learned that additional key documents existed, and for the first time, were given access to those documents in late July 2005. Those documents included several letters on *Saturday Evening Post* letterhead, and subsequently led the Plaintiffs to Attorney Henry Dunker and Thomas Rockwell, both of whom provided affidavits in support of the Plaintiffs in this matter.[1] (See Exh. C and I to Supplemental Declaration.) That the Plaintiffs were forced to pursue these documents from third parties at substantial cost, rather than receiving them in discovery in accordance with the rules of procedure, should weigh heavily against the Defendants' attempts to preclude these documents from the Court's review of the relevant evidence.

In addition to the several letters on *Saturday Evening Post* letterhead, which were obtained from third parties and not the Defendants, a significant document is the article written by Mr. Stuart Sr., which was published in *The Saturday Evening Post* in 1976. This article was not produced by the Defendants. Clearly, Defendants should not benefit from having withheld documents by being permitted to reargue their position.

As noted, the Plaintiffs were forced to obtain these business records of *The Saturday Evening Post* from third parties, at substantial cost. Under the rules of

---

[1] As is obvious from the dates of these two affidavits, they were obtained shortly before the extended deadline for filing the Plaintiffs' opposition memoranda.

practice the Plaintiffs are entitled to, and will seek, the attorneys' fees and costs incurred to obtain these documents that should have been produced by the Defendants.

### III. THERE WAS NO NEW LAW ARGUED IN THE PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OR IN THEIR MEMORANDUM IN FURTHER OPPOSITION

As one basis for their Request to file a sur-reply, Defendants' have stated that the Plaintiffs have "injected into their reply ... new arguments, [and] law ... that were neither raised in their moving papers nor responsive to arguments made in Defendants' Opposition papers." Although Plaintiffs agree that this is the standard under which the law permits a sur-reply, it is inapplicable in the instant case. Plaintiffs raised no new law or arguments in either their Memorandum in Further Support of the Motion for Judgment on the Pleadings ('Memorandum in Further Support") or in their Memorandum in Further Opposition to the Motion for Summary Judgment ("Memorandum in Further Opposition").

The "new" evidence, as discussed above, consists largely of documents that were or should have been in the possession of the Defendants. Plaintiffs have gained "no unfair advantage" as the lynchpin document, the certified mailing receipt, was a direct rebuttal of the Defendants' misrepresentations that they had never received Attorney Abelman's letter. Had the Defendants reported candidly that they had in fact received that letter, no additional documents would have been sought or obtained by the Plaintiffs. Defendants now seek an opportunity to provide excuses to

the Court for their misrepresentations and their failure to provide the Plaintiffs with the 1976 *Saturday Evening Post* article.

Defendants now seek to hide behind the procedural remedy of filing a sur-reply brief to attempt to convince the Court to preclude significant documents. Simply put, the Defendants repeatedly denied to the Court and to the Plaintiffs that they ever received the 1986 letter, which was not accurate. Furthermore, they failed to produce the 1976 article and the other *Saturday Evening Post* letters. They now claim they are "unfairly prejudiced" by Plaintiffs' having uncovered these previously concealed documents.

The Court should not condone the Defendants' actions by providing them yet another opportunity to repeat their prior misstatements and to benefit from their failure to provide complete and accurate disclosure as required by the rules of this Court.

## IV. SPECIFIC POINTS RAISED IN DEFENDANTS' REQUEST

Plaintiffs respond as follows to the specific points raised in Defendants' Request (pp. 5 and 6).

1. Plaintiffs' argument that no demand letter was ever submitted to the owners is in direct response to Defendants' statement in that they demanded return of the Paintings in 2001. (Memorandum of Law in Opposition to Motion for Judgment on the Pleadings, Dkt. # 65, p. 2, Amended Memorandum of Law in Opposition to Motion for Judgment on the Pleadings, July 22, 2005, Dkt. # 73, p. 6.) Thus, it is not a

"new argument" as Defendants claim, but merely a rebuttal, as permitted in a reply memorandum.

2.  It is unacceptable for the Defendants to claim that the article which appeared in the *Defendants'* magazine, the May/June 1976 issues of *The Saturday Evening Post*, is "never-before-produced." Clearly, a copy of an article published by the Defendants is, and has always been, more readily available to the Defendants than to the Plaintiffs. The only evidentiary consideration that should be afforded this article is why the *Defendants* never produced it to Plaintiffs in the first instance, rather than force the Plaintiffs to go to third parties, at great expense, to learn that the article even existed and to obtain a copy.

3.  Contrary to Defendants' claim that the Plaintiffs made "numerous arguments related to the Connecticut General Statute on adverse possession," Plaintiffs merely inserted one footnote in their Memorandum in Further Support that referenced that statute. As determined in ***U.S. v. Restrepo***, arguments made in footnotes are not "adequately raised or preserved for appellate review." ***U. S. v. Restrepo***, 986 F. 2d 1462, 1463 (2nd Cir. 1993). Accordingly, the Court may choose to disregard Plaintiffs' footnote entirely. This footnote alone does not provide sufficient basis for the Defendants' request to file a sur-reply.

4.  Plaintiffs' arguments related to the "Law of the Case Doctrine" are in direct response to Defendants' assertions in their opposition papers. (Memorandum of Law in Opposition to Motion for Judgment on the Pleadings, Dkt. # 65, pp. 6 – 8, Amended Memorandum of Law in Opposition to Motion for Judgment on the Pleadings, July 22, 2005, Dkt. # 73, pp. 11 – 14.) Plaintiffs are entitled to respond to arguments raised by the Defendants; in fact, that is the very purpose for permitting

reply pleadings. Defendants are not entitled to submit yet another reargument of their position.

5 – 7. Again, Plaintiffs' arguments noted in these paragraphs are simply responses to the statements made in Defendants' opposition, as Plaintiffs are entitled to do under the rules. Defendants' displeasure at the Plaintiffs' arguments do not provide a basis for permitting a sur-reply.

8 – 9. Although Plaintiffs do not believe the present motions are the proper forum for resolving discovery disputes, as with paragraphs 5 – 7, Plaintiffs merely responded to Defendants' "complaints" about the discovery responses they received from Plaintiffs. (Memorandum of Law in Opposition to Motion for Judgment on the Pleadings, Dkt. # 65, pp. 12 – 15, Amended Memorandum of Law in Opposition to Motion for Judgment on the Pleadings, July 22, 2005, Dkt. # 73, pp. 19 – 22.) As has been repeatedly stated by the Plaintiffs, Defendants have been given every responsive document that the Plaintiffs have in their possession. As Defendants went to great lengths to complain about the discovery they received, the Plaintiffs had every right to rebut those arguments in their reply brief. The Defendants should not be permitted yet another chance to rehash the same arguments.

10. This statement to which the Defendants are objecting is completely immaterial to the issues before the Court. This statement clearly provides no legitimate basis to permit Defendants a chance to submit a sur-reply.

11. Plaintiffs' reference to a conversion of Plaintiffs' Motion to a Motion for Summary Judgment is not a new argument. It is merely acknowledgment that pursuant to the federal rules, the Court may take this action *sua sponte* if the Court, in its discretion, elects to consider extrinsic evidence. Fed. R. Civ. P. 12(c). Thus, the

Court may choose this course of action without being prompted to do so by the Plaintiffs.

For the reasons stated above, Defendants' arguments do not demonstrate any new law or arguments raised by the Plaintiffs that require a responsive pleading from Defendants.

**WHEREFORE**, the Plaintiffs respectfully request that the Court deny the Defendants' Request for Leave to File a Sur-Reply, and that a hearing or conference be scheduled at the Court's earliest convenience to dispose of any remaining evidentiary issues or in the alternative, to expeditiously dispose of the Motion for Summary Judgment and the Motion for Judgment on the Pleadings.

Respectfully submitted,
The Plaintiffs

| Stuart & Sons, L.P. Stuart | William A. Stuart, M.D. and Jonathan |
|---|---|
| By: _/s/ Mary E. Sommer/_ <br> Mary E. Sommer (ct 04345) <br> Sandak, Hennessey & Greco, LLP <br> 707 Summer Street <br> Stamford, Connecticut 06901 | By: _/s/ Sandra J. Akoury/_ <br> Sandra J. Akoury (ct 21279) <br> Law Offices of Sandra Akoury <br> 426 Danbury Road <br> Wilton, Connecticut 06897 |

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid on this 30th day of September, 2005, to the following counsel and *pro se* parties of record:

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604

Kenneth J. Stuart Jr.
5 High Ridge Road
Wilton, CT 06897

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Paul J. Pacifico, Esq.
965 Post Road East
Westport, CT 06880

Peter R. Stern, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Mary E. Sommer, Esq.
Sandak, Hennessey & Greco, LLP
707 Summer Street
Stamford, CT 06901

_____
Sandra J. Akoury

11