UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

------------------------------x

STUART & SONS, L.P., KENNETH STUART, JR.,
EXECUTOR OF THE ESTATE OF KENNETH
STUART, SR.; TRUSTEE OF THE KENNETH J.
STUART TRUST; KENNETH STUART, JR.,
WILLIAM STUART AND JONATHAN STUART,

          Plaintiffs,

        - against -

THE CURTIS PUBLISHING COMPANY, INC.,
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY and THE
BENJAMIN FRANKLIN LITERARY AND
MEDICAL SOCIETY, INC.,

          Defendants.

------------------------------x

Case No. 301 CV 1580 (AHN)

October 6, 2005

**CURTIS' REPLY MEMORANDUM IN SUPPORT OF
THEIR REQUEST FOR LEAVE TO FILE A SUR-REPLY
TO PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OF
<u>THEIR MOTION FOR JUDGMENT ON THE PLEADINGS</u>**

323343.1

Curtis hereby submits this Reply in further support of their request for leave of Court to file a Sur-Reply to Plaintiffs' Reply.[1]

### A. Plaintiffs Still Have No Excuse for Their Belated Document Production

It appears from a reading of Plaintiffs' Opposition to Curtis' Request for Leave that Plaintiffs are doing everything in their power to avoid explaining to the Court why they delayed pursuit of the "new" documents, including the circumstances surrounding precisely how they obtained the "new" evidence. Plaintiffs should be held accountable to explain **in detail** exactly how and when they pursued this "new" discovery that they contend Curtis should have produced in response to Plaintiffs' document requests.

Plaintiffs have it wrong on the law concerning when a party should be entitled to file a sur-reply. Plaintiffs' Supplemental Declaration was not "a direct response to [Curtis'] [alleged] misrepresentations regarding the 1986 letter sent by Attorney Arthur Abelman to Beurt SerVaas." (Plaintiffs' Objection, at 3). The miraculous production of the copy of the certified-mail, return receipt and all of the documents appended to the Supplemental Declaration do nothing to advance Plaintiffs' Motion for Judgment on the Pleadings. In fact, quite the opposite. With respect to the 1986 letter Plaintiffs concede to what Curtis has been representing to the Court all along: The 1986 letter was **not** a demand for the return of the Paintings, nor was the 2001 letter. (*Compare* Dkt #73 (Curtis' Amended Opp.), at 7 ("Mr. SerVaas' letter made no demand of any kind on Mr. Stuart, Sr.") *with* Dkt. #81 (Plaintiffs' Reply), at 2,3) (the 1986 letter and the August

---

[1] A copy of the proposed Sur-Reply is attached hereto as Exh. A.

323343.1

-1-

2001 letters "merely [sought] *documentation* and neither request[ed] return of the Paintings")).

Further, Plaintiffs do not explain how they "learned that additional key documents existed," who gave them "access to those documents in July 2005," and why they did not "learn" of these documents shortly after the June 10, 2004 hearing before the Court on their original Motion for Judgment on the Pleadings when the subject of the certified mail, return receipt was raised. (*See* Dkt # 34; Dkt. # 90 (Plaintiffs' Opp. to Curtis' Request for Leave to File Sur-Reply, at 5)).

Plaintiffs try to deflect their bad faith during discovery in this litigation by arguing that Curtis should have produced the documents attached to the Supplemental Declaration. Plaintiffs are simply wrong on the facts and the law.

First, Curtis made every good-faith effort to locate and produce all documents responsive to Plaintiffs' First Set of Document Requests, subject to their objections.

Second, the law requires that a responding party produce all documents in their possession, custody, or control "after a reasonable inquiry . . . [so long as such a response to a discovery request is] not unreasonable or unduly burdensome or expensive . . . ." Fed. R. Civ. P. 26(g)(2) & 26(g)(2)(C). Thus, Curtis searched extensively for responsive documents to Plaintiffs' document requests and produced all documents that still exist in their files.

With respect to the May/June 1976 Post article, Plaintiffs make the unreasonable argument that Curtis should have produced it during discovery. However, none of Plaintiffs' document requests cover magazine articles concerning the Paintings or Norman Rockwell. Although Plaintiffs sought, and Curtis objected to, the production of

323343.1
-2-

all "[c]opies of the over, title page and Library of Congress/ISBN page of all books or catalogues that refer or relate to Rockwell, and which are in [Curtis'] possession," Curtis objected to the production of such documents because it would have been unduly burdensome and expensive for it to have gone through each every and every volume and issue ever published, and such a request was overly broad, unduly burdensome, sought documents not relevant to any claim or defense in this action, and was not limited in time. (*See* Defendants' Responses to Plaintiffs' First Set of Requests for the Production of Documents, attached hereto as Exh. B, Doc. Request 20). The Saturday Evening Post, one of the co-defendants in this action, was founded by Benjamin Franklin in or around 1728 and its archives consists of hundreds, if not, thousands of volumes.

Third, Curtis made it abundantly clear in their General Objections contained in their Responses to Plaintiffs' document requests that:

> 3. Defendants object to these Requests to the extent they seek to compel Defendants to identify documents that is [sic] not in Defendants' possession, custody, or control[;] [and]
>
> 4. Defendants object to these Requests to the extent any Request may compel Defendants to make a search or analysis of publicly available documents or records to the extent that such documents are not in Defendants' possession, custody or control . . .
>
> 8. A statement that Defendants will produce responsive, non-privileged documents is not a representation or admission that any such documents exist or ever existed.

(Exh. B, at 2-3). Plaintiffs never challenged these objections.

Fourth, only *some* of documents attached to the Supplemental Declaration were of the type of documents Curtis *might* have maintained at one time in the ordinary course of business but no longer exist in their files. This does not excuse Plaintiffs from failing

323343.1                              -3-

to adequately explain when, how, and from whom they uncovered the *majority* of the documents attached to the Supplemental Declaration and why they waited until recently to produce them. (*See* Exhs. A, B (Abelman Affidavit, Exh. B), E, F, G, H, I (Dunker Affidavit, Exh. A), K, L, M, N (Jan. 26, 1951 letter from unidentified signatory to Mr. Hale), S, T, U, V (letter from Washington County Museum of Fine Arts to Norman Rockwell), W, X & Y). Plaintiffs do not have "every right to rebut arguments" concerning their litigation misconduct when they still have not explained at all why they did not produce the belated evidence sooner when they had control over them for years. (Dkt. # 90, (Plaintiffs' Opp. to Defendants' Request for Leave, at 9)). Plaintiffs are not entitled to any attorneys' fees and costs.

The fact that Curtis did not have the documents that Plaintiffs belatedly produced still does not excuse them from thoroughly explaining to the Court and to Curtis why they should have produced them in response to Curtis' document requests; why they waited so long to produce them; and how exactly they obtained the "new" documents.

**B.    Plaintiffs New Arguments Concerning Adverse Possession**

Plaintiffs raised adverse possession for the first time in its Reply, and Curtis is therefore entitled to address this issue. Plaintiffs' citation to *U.S. v. Restrepo* is taken out of context. The *Restrepo* court simply stated that "[r]eference to a claim in a footnote, without its having been identified in the manner required by rule 28 [of the Federal Rules of Appellate Procedure] as one of the issues presented for review, as part of the argument, and as part of the relief sought, would be insufficient to present the claim for review on direct appeal." *U.S. v. Restrepo*, 986 F.2d 1462, 1463 (2d Cir. 1993). *Restrepo* dealt with appellate review and is irrelevant to the instant motion. The point is that

Plaintiffs' attempt to "slip in" a footnote the affirmative defense of adverse possession in a dispositive motion is improper and was waived long ago. *See Oliver v. Cole Gift Centers, Inc.*, 85 F. Supp.2d 109, 111 (D. Conn. 2000) (*citing Blonder-Tongue Lab., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 350 (1971); 2 MOORE'S FEDERAL PRACTICE P 8.07[1] ("[a] defendant who fails to raise an affirmative defense by presenting it in the initial responsive pleading may be deemed to have waived the defense").

### C.  Plaintiffs' Summary Arguments

In a nutshell, Plaintiffs summarily dismiss Curtis' Request for Leave to File a Sur-Reply concerning Paragraphs 5-10 of their opening motion, which address various new arguments made in Plaintiffs' Reply brief in support of their Motion for Judgment on the Pleadings that were not responsive to Curtis' Amended Opposition, that misrepresent the law on a motion for judgment on the pleadings by inappropriately placing the burden of proof on Curtis, and make unsupported arguments concerning Plaintiffs' discovery obligations. Even worse, they contain highly inflammatory remarks concerning the SerVaas family that Curtis should be entitled to address on the record.

### D.  The June 28, 2004 Order

Plaintiffs are limited in scope to arguments made in their initial moving papers and in response to Curtis' Amended Opposition. The June 28, 2004 Order was not raised in Plaintiffs' moving papers as authority for why they were filing their identical Motion for Judgment on the Pleadings (that was denied over a year ago) and why it was brought a second time. Plaintiffs should have anticipated that Curtis would argue the Law of the Case doctrine, especially when Plaintiffs resubmitted their original Motion for Judgment on the Pleadings, save one case. Curtis only raised the June 28, 2004 Order in their

Amended Opposition to reference the facts concerning Plaintiffs' first Motion for Judgment on the Pleadings. Plaintiffs' point raised in their Reply about how the June 28, 2004 Order gave them a second bite at the apple is an entirely new point in contravention of Local Rule 7(d). Curtis is entitled to address this new argument in a sur-reply.

Further, by virtue of Curtis' argument that Plaintiffs' second Motion for Judgment on the Pleadings contained no new arguments or evidence meriting the Court's consideration again, Plaintiffs proffer the "new" evidence. Wholesale production of the belated evidence is not a permissible rebuttal to Curtis' Amended Opposition. Curtis should be entitled to directly address the "new" extrinsic materials, although inappropriate on a motion for judgment on the pleadings, which were submitted over four years *after* the instant suit began, months *after* fact discovery closed, *after* Plaintiffs' initial moving papers on the instant motion, and *after* Curtis filed its Amended Opposition. Curtis has been unduly prejudiced by Plaintiffs' production of belated "evidence." *See Johns-Manville Corp. v. Guardian Indus. Corp.*, 116 F.R.D. 97, 105-107 (E.D. Mich. 1987) (applying the Law of the Case doctrine in finding defendants' bad faith attempt to reopen a prior decision using belated evidence because they waited 10 months from the time the action was filed to the beginning of trial to produce evidence to escape liability and failed to adequately explain why it them took so long to produce the "belated evidence").

### E. Plaintiffs' Request for Conversion of Their Motion for Judgment on the Pleadings to One for Summary Judgment

Plaintiffs' attempt to minimize their belated request for conversion of their Motion for Judgment on the Pleadings into one for summary judgment. This request should not be taken lightly. Curtis could not "have [reasonably] recognized the possibility that the motion might be converted into one for summary judgment [and] was taken by surprise and deprived of a reasonable opportunity to meet facts outside the pleadings"; namely, Plaintiff's belated evidence. *National Ass'n of Pharm. Mfrs., Inc. v. Ayerst Lab.*, 850 F.2d 904, 911 (2d Cir. 1988) (citation omitted). Plaintiffs' initial moving papers did not indicate they were seeking to convert their motion to one for summary judgment. There was no indication in the title of their motion papers to put Curtis on notice of their intention. The fact that Plaintiffs waited until *after* Curtis filed its Amended Opposition to submit the belated evidence has put Curtis at a significant advantage in not being given a reasonable opportunity to challenge such belated evidence in a sur-reply. This reason alone should be enough to deny Plaintiffs' request for a conversion of their Motion for Judgment on the Pleadings into one for summary judgment.

\* \* \*

Curtis respectfully requests that the Court grant its Request for Leave to file a Sur-Reply. Although Curtis believes any "new" evidence at this late date should be precluded, if the Court deems it necessary, Curtis should be given an opportunity to

address the belated evidence. Doubtless, the "new" evidence unduly prejudices Curtis' ability to defend against Plaintiffs' Motion for Judgment on the Pleadings.

                                            Respectfully submitted,

William M. Bloss (CT 01008)
KOSKOFF KOSKOFF & BIEDER P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 336-4421

Anthony F. Lo Cicero (CT 04670)
Karen J. Bernstein (CT 24254)
AMSTER, ROTHSTEIN & EBENSTEIN LLP
90 Park Avenue
New York, NY 10016
Tel: (212) 336-8000

ATTORNEYS FOR DEFENDANTS

Dated: October 6, 2005
       New York, New York

By: _____
     Karen J. Bernstein (CT 24254)

Of Counsel:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

323343.1

-8-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is one of the attorneys for defendants in the above-captioned action and that on the date which appears below, served copies of the foregoing CURTIS' REPLY IN FURTHER SUPPORT OF THEIR REQUEST FOR LEAVE TO FILE A SUR-REPLY TO PLAINTIFFS' MEMORANDUM IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS by causing copies thereof to be served as follows:

*via Facsimile and First Class Mail*

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897
Fax No.: (203) 431-8236

Dated: New York, New York
October 6, 2005

_____
Karen J. Bernstein

323343.1

-9-