Exhibit B

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

------------------------x

STUART & SONS, L.P., KENNETH STUART, JR.,
EXECUTOR OF THE ESTATE OF KENNETH
STUART, SR.; TRUSTEE OF THE KENNETH J.
STUART TRUST; KENNETH STUART, JR.,
WILLIAM STUART AND JONATHAN STUART,

Plaintiffs,

-against-

THE CURTIS PUBLISHING COMPANY, INC., THE
SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY and THE
BENJAMIN FRANKLIN LITERARY AND MEDICAL
SOCIETY, INC.,

Defendants.

------------------------x

Case No. 301 CV 1580 (AHN)

**DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST
SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS**

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendants The Curtis Publishing Company, Inc., The Saturday Evening Post Society, a Division of the Benjamin Franklin Literary and Medical Society, and The Benjamin Franklin Literary and Medical Society, Inc., (collectively, "Defendants") hereby respond to Plaintiffs' First Set of Requests for the Production of Documents.

301778.1

-1-

## **GENERAL OBJECTIONS**

Unless otherwise indicated, the following General Objections apply to each Request of Plaintiffs' First Set of Requests for the Production of Documents.

1. Defendants object to these Requests to the extent they seek documents which is protected from discovery by the attorney-client privilege or work product immunity, or which is otherwise immune from discovery.

2. Where Defendants indicate in a specific response that it will produce responsive documents, they will be produced on an "outside-counsels'-eyes-only" basis until the entry of the Stipulated Protective Order.

3. Defendants object to these Requests to the extent they seek to compel Defendants to identify documents that is not in Defendants' possession, custody, or control.

4. Defendants object to these Requests to the extent any Request may compel Defendants to make a search or analysis of publicly available documents or records to the extent that such documents or records are not in Defendants' possession, custody or control.

5. Where Defendants agree to produce documents, they will do so by having made a good-faith and reasonable search. To the extent that responsive documents have been found, Defendants will produce them.

6. Defendants object to Plaintiffs' First Set of Requests for the Production of Documents, including the Definitions and Instructions on the ground and to the extent they seek documents beyond the scope of discovery permitted by the Federal Rules of

Civil Procedure, the Local Civil Rules for the District of Connecticut or any other applicable law or rule.

7. Defendants object to Plaintiffs' First Set of Requests for the Production of Documents Definition of "SerVaas Interests" as being inaccurate to the extent that it purports that "individuals, entity or entities" "purchased The Post and related entities in or about 1969." Defendants will interpret "SerVaas Interests" to mean Defendant Curtis Publishing Company, Inc.

8. A statement that Defendants will produce responsive, non-privileged documents is not a representation or admission that any such documents exist or ever existed.

## SPECIFIC RESPONSES

Subject to and without waiver of its objections, Defendants respond to Plaintiffs' Requests as follows. Responses referring back to a previous Response incorporate all objections stated in the previous Response.

**Document Request No. 1:**

All documents supporting The Post's claims of ownership of Rockwell's original artwork or illustrations, specifically with regard to the Paintings, including, without limitation, all contracts between The Post and Rockwell.

**Response to Document Request No. 1:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not limited in time. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure

by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 2:**

All correspondence between The Post and Rockwell and/or his family, heirs, successors and assigns.

**Response to Document Request No. 2:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not limited in time.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 3:**

All documents concerning the settlement of any claims between The Post and Rockwell, and/or his family, heirs, successors and assigns.

**Response to Document Request No. 3:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, seeks documents not relevant to any claim or defense in this action, and is not limited in time. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption. Defendants further object to this request on the grounds that Defendants may not be

permitted to disclose such documents pursuant to confidentiality obligations or agreements with third parties.

Subject to and without waiver of their General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 4:**

All documents supporting The Post's claim that the Paintings were purchased as part of the SerVaas Interests' purchase of The Post in or about 1969, including without limitation all listing of assets allegedly purchased by the SerVaas Interests.

**Response to Document Request No. 4:**

Defendants object to this Request on the grounds that the SerVaas' purchased the stock of Curtis, and did not "purchase The Post." Defendants further object to this Request on the grounds that it is unduly burdensome and seeks documents not relevant to any claim or defense in this action. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 5:**

All documents concerning The Post's inclusion of the Paintings on any insurance policies, including without limitation, any claims made by The Post regarding missing, stolen or lost artwork or illustrations.

**Response to Document Request No. 5:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and seeks documents not relevant to any claim or defense in this action. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents, to the extent that any exist.

**Document Request No. 6:**

Copies of all annual reports of The Post, whether audited or unaudited, from 1969 to the present.

**Response to Document Request No. 6:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any claim or defense in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents, to the extent that any exist.

**Document Request No. 7:**

All documents concerning the inclusion of the Paintings on any income tax returns of The Post.

**Response to Document Request No. 7:**

Defendants object to this Request on the grounds that it is overly broad, vague and ambiguous, unduly burdensome, seeks documents not relevant to any claim or defense in this action and is not limited in time. Defendants further object to this

Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, no such documents exist.

**Document Request No. 8:**

All documents concerning The Post's attempts to exercise it's claimed ownership of the Paintings since 1986.

**Response to Document Request No. 8:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous to the extent that it seeks documents concerning "The Post's attempts to exercise its claimed ownership of the Paintings." Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption. Defendants further object to this Request on the grounds that it is not relevant to any claim or defense in this action.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 9:**

All documents concerning any attempt by The Post or the SerVaas Interests to locate or exercise ownership of any Rockwell artwork or illustrations created for The Post, including the Paintings, and including without limitation, any lawsuits filed by The Post against any former employees of The Post other than the present Action.

301778.1                                  -7-

**Response to Document Request No. 9:**

Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Request on the grounds in is not relevant to any claim or defense in this action to the extent that it seeks documents concerning "any Rockwell artwork or illustrations for The Post," and seeks documents concerning "**any** attempt by The Post or the "SerVaas Interests" to locate or exercise ownership of **any** Rockwell artwork or illustrations for The Post, and seeks documents concerning "**any** lawsuits filed by the The Post against **any** former employees of The Post other than the present Action." Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption. Defendants further object to this request to the extent it is not limited in time.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 10:**

All documents concerning any attempt by The Post or the SerVaas Interests to locate or exercise ownership of artwork or illustrations of any artist or illustrator, other than Rockwell, who created artwork or illustrations for The Post, including without limitation, all other lawsuits filed by The Post against any former employees of The Post other than the present Action.

**Response to Document Request No. 10:**

Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. Defendants further object this Request on the grounds that it seeks documents not relevant to **any** claim or defense in this action to the extent that it seeks documents "concerning any attempt by The Post or the SerVaas Interests to locate or exercise ownership of artwork or illustrations of **any** artist or illustrator, other than Rockwell," and seeks documents concerning "**all other lawsuits** filed by The Post against any former employees of The Post other than the present Action." Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 11:**

All documents since 1986 in which The Post asserted its ownership, or held itself out to the public, as the owner of the Paintings.

**Response to Document Request No. 11:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and vague and ambiguous. Defendants further object to this Request on the grounds that it is not relevant to any claim or defense in this action. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

301778.1                                                            -9-

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 12:**

Identify all court cases that refer to, reflect or relate to The Post's claims of ownership of artwork or illustrations created for The Post, including, without limitation, the court location, case title, judge, and disposition, if any.

**Response to Document Request No. 12:**

Defendants object to this Request as improper to the extent it seeks "identification."

**Document Request No. 13:**

All documents concerning receipts received by, or payments made by, The Post in connection with the Paintings.

**Response to Document Request No. 13:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not limited in time. Defendants further object to this Request as vague and ambiguous and not relevant to any claim or defense in this action. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 14:**

All documents concerning licenses, transfers, or conveyances of any Rockwell artwork or illustrations from The Post to any third party.

**Response to Document Request No. 14:**

Defendants object to this Request on the grounds that it is overly broad and vague and ambiguous to the extent that it seeks documents "concerning licenses, transfers, or conveyances of **any** Rockwell artwork or illustrations from The Post to **any** third party." Defendants further object to this Request as unduly burdensome, not relevant to any claim or defense in this action, and not limited in time. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption. Defendants further object to this Request on the grounds that Defendants may not be permitted to disclose such documents pursuant to confidentiality obligations or agreements with third parties.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 15:**

All documents concerning Stuart Sr.'s employment with The Post.

**Response to Document Request No. 15:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and not limited in time. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client

privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 16:**

All documents concerning The Post's alleged copyrights of the Paintings, including without limitation any renewals of said copyrights.

**Response to Document Request No. 16:**

Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Request on the grounds that it is not relevant to any claim or defense in this action. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 17:**

All documents concerning The Post's relationship with the Norman Rockwell Museum of Stockbridge, Inc. ("Museum"), including without limitation, all correspondence and all documents that refer to, reflect or relate to the Paintings, Kenneth Stuart Sr., Stuart & Sons, L.P., or any member of the Stuart family,

**Response to Document Request No. 17:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, vague and ambiguous, and not relevant to any claim or defense in this action to the extent it seeks documents from "**any** member of the Stuart Family." Defendants further object to this Request on the grounds that it is not limited in time. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption.

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 18:**

All documents that refer to, reflect or relate to Joan SerVaas's position, past or present, as a director of the Museum.

**Response to Document Request No. 18:**

Defendants object to this Request on the grounds that it is overly broad and unduly burdensome. Defendants further object to this Request to the extent that it seeks documents which are protected from disclosure by the attorney-client privilege, the attorney work product doctrine or any other applicable privilege or exemption. Defendants further object to this Request on the grounds that it seeks documents not relevant to any claim or defense in this action to the extent that it seeks documents relating to Joan SerVaas' position, past or present as a director of the Museum. Ms. SerVaas is not a named party in this action.

**Document Request No. 19:**

The list of paintings allegedly attached to letter of Kenneth Stuart Sr. dated September 9, 1955.

**Response to Document Request No. 19:**

Subject to and without waiver of the foregoing General and Specific Objections, Defendants will produce non-privileged documents.

**Document Request No. 20:**

Copies of the cover, title page and Library of Congress/ISBN page of all books or catalogues that refer to, reflect or relate to Rockwell, and which are in The Post's possession.

**Response to Document Request No. 20:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any claim or defense in this action. Defendants further object to this Request on the grounds that it is not limited in time.

**Document Request No. 21:**

All documents concerning any sale, including but not limited to, any auction sale, of any artwork or illustration by Rockwell that were commissioned by The Post.

**Response to Document Request No. 21:**

Defendants object to this Request on the grounds that it is overly broad, unduly burdensome, and seeks documents not relevant to any claim or defense in this action. Defendants further object to this Request on the grounds that it is not limited in time.

                                      Respectfully submitted,

                                      Anthony F. Lo Cicero (CT 04670)
                                      Karen J. Bernstein (CT 24254)
                                      AMSTER, ROTHSTEIN & EBENSTEIN LLP
                                      90 Park Avenue
                                      New York, NY 10016
                                      Tel: (212) 336-8000

                                      William M. Bloss (CT 01008)
                                      KOSKOFF KOSKOFF & BIEDER P.C.
                                      350 Fairfield Avenue
                                      Bridgeport, CT 06604
                                      Tel: (203) 336-4421

                                      ATTORNEYS FOR DEFENDANTS

Dated:  February 18, 2005           By: _____
           New York, New York                    Anthony F. Lo Cicero (CT 04670)
                                                           Karen J. Bernstein (CT 24254)

Of Counsel:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

301778.1                                                  -15-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is one of the attorneys for defendants in the above-captioned action and that on the date which appears below, served copies of the foregoing DEFENDANTS' RESPONSE TO PLAINTIFFS' FIRST SET OF REQUESTS FOR THE PRODUCTION OF DOCUMENTS by causing copies thereof to be served as follows:

### *Via Facsimile and First Class Mail*

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897
Fax No.: (203) 762-9826

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880
Fax No.: (203) 221-8068

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905
Fax No.: (203) 325-8608

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016
Fax No.: (212) 448-0066

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897
Fax No.: (203) 431-8236

Dated: New York, New York
       February 18, 2005

_____
Karen J. Bernstein

301778.1                    -16-