UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Bridgeport

| | |
|---|---|
| STUART & SONS, L.P., : | |
| THE ESTATE OF KENNETH J. STUART : | |
| THE KENNETH J. STUART LIVING TRUST : | |
| KENNETH J. STUART JR. : | |
| WILLIAM A. STUART, M.D. : | |
| JONATHAN STUART : | |
| *Plaintiffs,* : | |
| : | |
| : | |
| - against - : | |
| : | Case No. 301 CV 1580 AHN |
| THE CURTIS PUBLISHING COMPANY, INC. : | |
| THE SATURDAY EVENING POST SOCIETY, A : | |
| DIVISION OF THE BENJAMIN FRANKLIN : | |
| LITERARY AND MEDICAL SOCIETY, and THE : | |
| BENJAMIN FRANKLIN LITERARY AND : | |
| MEDICAL SOCIETY, INC. : | |
| : | |
| *Defendants* : | October 14, 2005 |

**PLAINTIFFS' OBJECTION TO
DEFENDANTS' NOTICE OF MOTION TO
PRECLUDE THE SUPPLEMENTAL DECLARATION**

Plaintiffs hereby object to the Defendants' Motion to Preclude the Plaintiffs' Supplemental Declaration dated September 9, 2005. The Defendants' Motion to Preclude should not be permitted as the document the Defendants seek to strike, the Supplemental Declaration of Sandra J. Akoury ("Supplemental Declaration"), was necessitated as a direct result of Defendants' material misstatements and failure to produce their business records. In addition to their objection, Plaintiffs suggest that Defendants' Motion be denied in the interest of moving this matter forward toward a

1

decision on the Motion for Judgment on the Pleadings and the Motion for Summary Judgment.

I.      **RECENT HISTORY OF THE PLEADINGS**

As the Court is aware, the parties filed what were effectively cross-motions seeking the same result; that is, title to the three Norman Rockwell paintings at issue. The Defendants' Motion for Summary Judgment was filed on June 1, 2005, pursuant to the schedule established in a telephone conference with Magistrate Judge Fitzsimmons. The Plaintiffs' Motion for Judgment on the Pleadings was also filed on June 1, 2005; however, the Court returned that Motion because it exceeded the page limit. Thereafter, the Plaintiffs' Motion for Judgment on the Pleadings was re-filed on June 14, 2005, with the consent of counsel.

In accordance with the established schedule, each party had the opportunity to submit a memorandum in opposition, and subsequently to reply to opposition papers. By agreement and upon motion, various dates for filing opposition papers were extended. On July 18, 2005, Plaintiffs moved for an extension of time to file their final responsive papers. The basis for that motion was that the Plaintiffs learned that additional documents existed that address the core issues in this lawsuit. Plaintiffs' motion was granted over the Defendants' objection, and as a result, the final pleadings addressing the Motion for Summary Judgment and the Motion for Judgment on the Pleadings were due no later than August 19, 2005.

Since that extended deadline passed, Defendants have filed *seven* additional pleadings, each of which repeatedly misstates factors relevant to this matter. In addition, Defendants sent two *ex parte* letters to the Court in an attempt to circumvent

the rules for seeking permission to file these additional pleadings, which were filed anyway. Defendants' recent pleadings are merely designed to divert the Court's attention from the real issues, thereby forestalling the Court's inevitable review of the significant dispositive evidence weighing in the Plaintiffs' favor. Plaintiffs have heretofore refrained from responding to Defendants' diversionary pleadings; however, Plaintiffs now feel compelled to file this objection in order to correct the record.

II. **ADDITIONAL PLEADINGS FILED BY THE PLAINTIFFS WERE NECESSITATED BY THE DEFENDANTS' MISSTATEMENTS**

As stated above, Defendants' recent pleadings are solely designed to distract the Court from two significant points: (1) that the Plaintiffs' Supplemental Declaration was a direct response to Defendants' misrepresentations regarding the 1986 letter sent by Attorney Arthur Abelman to Beurt SerVaas; and (2) that most of the documents attached to the Supplemental Declaration should have been produced by the Defendants.

First, the additional documents filed by the Plaintiffs in the Supplemental Declaration and the subsequent pleadings were necessitated as a direct result of the Defendants' repeated misrepresentations to the Court that they did not receive Attorney Abelman's 1986 letter addressing a core issue in this lawsuit. As a reminder, on June 2, 1986, Attorney Abelman sent a certified letter to Beurt SerVaas, ostensibly the Chairman of Curtis Publishing, stating that Kenneth Stuart Sr. ("Mr. Stuart Sr.") had obtained the painting *Saying Grace* as a gift from Norman Rockwell, and further directed Mr. SerVaas to the "numerous books" detailing ownership and

3

whereabouts of Rockwell's work for information regarding other Rockwell paintings owned by Mr. Stuart Sr. (Exh. X to Akoury Declaration, June 13, 2005 and Ex. A to Supplemental Declaration, August 19, 2005.)

In their pleadings, Defendants repeatedly "denied that [Curtis] ever received this letter or that Plaintiffs can produce the certified mailing receipt" (Memorandum in Opposition to Motion for Judgment on the Pleadings, July 6, 2005, Dkt. # 65, p. 2; Amended Memorandum of Law in Opposition to Motion for Judgment on the Pleadings, July 22, 2005, Dkt. # 73, p. 7.) In response to this denial, and necessarily after it first appeared in pleadings in July 2005, the Plaintiffs sought and obtained the certified mailing receipt of Attorney Abelman's 1986 letter. This document was submitted both in support of Plaintiffs' Motion for Judgment on the Pleadings and in opposition to the Defendants' Motion for Summary Judgment.

The certified mailing receipt is evidence that Defendants received Attorney Abelman's June 2, 1986 letter, written in response to Mr. SerVaas's May 13, 1986 letter to Mr. Stuart Sr. This document, along with the 1976 *Saturday Evening Post* article discussed below, directly contradicts Defendants' representation that they did not have notice of Mr. Stuart Sr.'s ownership claim, and thus that the statute of limitations for conversion of the Paintings could not have commenced until 2001. Stated simply, the Defendants' statement that they did not have notice of Mr. Stuart Sr.'s ownership claim is disproved by their own evidence. Production of the certified mail receipt defeats Defendants' conversion claims, while simultaneously supporting findings that the statute of limitations and doctrine of laches bar any other ownership claims of Defendants.

4

Second, many of the documents submitted with the Supplemental Declaration should have been produced by the Defendants, as they are business records of the Defendants. During the process of obtaining the certified mailing receipt, the Plaintiffs learned that additional key documents existed, and for the first time, were given access to those documents in late July 2005. Those documents included several letters on *Saturday Evening Post* letterhead, and subsequently led the Plaintiffs to Attorney Henry Dunker and Thomas Rockwell, both of whom provided affidavits in support of the Plaintiffs in this matter.[1] (See Exh. C and I to Supplemental Declaration.) That the Plaintiffs were forced to pursue these documents from third parties at substantial cost, rather than receiving them in discovery in accordance with the rules of procedure, should weigh heavily against the Defendants' attempts to preclude these documents from the Court's review of the relevant evidence.

In addition to the several letters on *Saturday Evening Post* letterhead, which were obtained from third parties and not the Defendants, a significant document is the article written by Mr. Stuart Sr., which was published in *The Saturday Evening Post* in 1976. This article was not produced by the Defendants. Clearly, Defendants should not benefit from having withheld documents by being permitted to reargue their position.

As noted, the Plaintiffs were forced to obtain these business records of *The Saturday Evening Post* from third parties, at substantial cost. Under the rules of practice the Plaintiffs are entitled to, and will seek, the attorneys' fees and costs

---

[1] As is obvious from the dates of these two affidavits, they were obtained shortly before the extended deadline for filing the Plaintiffs' opposition memoranda.

incurred to obtain these documents that should have been produced by the Defendants.

**WHEREFORE**, the Plaintiffs respectfully request that the Court deny the Defendants' Motion to Preclude, and that a hearing or conference be scheduled at the Court's earliest convenience to dispose of any remaining evidentiary issues or in the alternative, to expeditiously dispose of the Motion for Summary Judgment and the Motion for Judgment on the Pleadings.

Respectfully submitted,
The Plaintiffs

Stuart & Sons, L.P.                    William A. Stuart, M.D. and Jonathan Stuart

By:_____          By: _____
Mary E. Sommer (ct 04345)              Sandra J. Akoury (ct 21279)
Sandak, Hennessey & Greco, LLP         Law Offices of Sandra Akoury
707 Summer Street                      426 Danbury Road
Stamford, Connecticut 06901            Wilton, Connecticut 06897

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via U.S. mail, postage prepaid on this 14th day of October, 2005, to the following counsel and *pro se* parties of record:

William M. Bloss, Esq.
Koskoff, Koskoff & Bieder, P,C.
350 Fairfield Avenue
Bridgeport, CT 06604

Kenneth J. Stuart Jr.
5 High Ridge Road
Wilton, CT 06897

Anthony F. LoCicero, Esq.
Karen J. Bernstein, Esq.
Amster, Rothstein & Ebenstein, LLP
90 Park Avenue
New York, NY 10016

Paul J. Pacifico, Esq.
965 Post Road East
Westport, CT 06880

Peter R. Stern, Esq.
McLaughlin & Stern, LLP
260 Madison Avenue
New York, NY 10016

Mary E. Sommer, Esq.
Sandak, Hennessey & Greco, LLP
707 Summer Street
Stamford, CT 06901

_____
Sandra J. Akoury