UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
Bridgeport

| | |
|---|---|
| STUART & SONS, L.P., : <br> THE ESTATE OF KENNETH J. STUART : <br> THE KENNETH J. STUART LIVING TRUST : <br> KENNETH J. STUART JR. : <br> WILLIAM A. STUART, M.D. : <br> JONATHAN STUART : <br>                 *Plaintiffs,* : <br> : <br> : <br> - against - : <br> :   Case No. 301 CV 1580 AHN <br> THE CURTIS PUBLISHING COMPANY, INC. : <br> THE SATURDAY EVENING POST SOCIETY, A : <br> DIVISION OF THE BENJAMIN FRANKLIN : <br> LITERARY AND MEDICAL SOCIETY, and THE : <br> BENJAMIN FRANKLIN LITERARY AND : <br> MEDICAL SOCIETY, INC. : <br> : <br>                 *Defendants* :   October 14, 2005 | |

**PLAINTIFFS' OBJECTION TO DEFENDANTS' REPLY
MEMORANDUM IN SUPPORT OF REQUEST TO FILE A SUR-REPLY
AND MOTION FOR HEARING**

Plaintiffs hereby object to the Defendants' Reply Memorandum dated October 6, 2002. Without waiting for the Court's permission to do so, Defendants, in complete disregard for the established rules of procedure, have, in effect, filed their sur-reply brief. Plaintiffs move that a hearing be scheduled at the Court's earliest convenience for the purpose of hearing arguments on the ultimate issues before the Court, and to dispose of the deluge of pleadings being filed by the Defendants for the sole purpose of

1

distracting the Court from the ultimate issues. These issues have not changed since the Plaintiffs first filed a Motion for Judgment on the Pleadings in March 2003. Furthermore, the Plaintiffs would like to address the Defendants' repeated *ex parte* communications with the Court. All Plaintiffs concur in this Motion.

Plaintiffs believe that the record is clear as to the history of the pleadings in the instant matter. However, in the event that there remains any confusion, the Plaintiffs offer the following synopsis of the history of this matter:

1. On June 28, 2004, the Court issued its decision ("Decision") on the original Motion for Summary Judgment filed by the Plaintiffs.

2. As part of that Decision, the Court invited the Plaintiffs to "resubmit their legal arguments, with necessary factual support."

3. In addition, the Decision instructed the parties to engage in limited discovery.

4. After a scheduling conference with Magistrate Judge Fitzsimmons, the parties *did* engage in limited discovery, and thereafter submitted their cross-motions on June 1, 2005.

5. Despite the Plaintiffs' requests for documents, the Defendants produced none of the documents later discovered by the Plaintiffs. Almost all of these documents were in the possession of the Defendants, and all support the Plaintiffs' claims. The Defendants have filed motion upon motion seeking

to preclude these documents, and improperly place the burden of producing them on the Plaintiffs.  However, they have failed to address the ultimate question of why they were never produced by the Defendants in the first place.

6.     Defendants' recent statements that "*The Saturday Evening Post* … was founded by Ben Franklin in or around 1728 and its archives consists of hundreds, if not, [sic] thousands, of volumes" is both insulting and ridiculous.  Clearly, there would be no documents related to Norman Rockwell or Mr. Stuart Sr. in archives dating back hundreds of years before they were born.  Interestingly, Defendants had no problem locating documents related to the Defendants' use of *other* artwork during the applicable timeframe.

7.     At least as early as June 10, 2004, the Defendants have repeatedly made affirmative representations that the statutue of limitations for the Defendants to assert their claim of ownership did not begin to run until 2001, as indicated below:

| June 10, 2004 | Oral Argument, transcript, p. 39:5, statement by Mr. LoCicero | "It's our position that the statute [of limitations for conversion] did not accrue until Stuart attempted to auction the Paintings [in 2001].  *We then made demand for its return, Stuart refused.*" (Emphasis added.) |

| | | |
|---|---|---|
| July 6, 2005 | Defendants' Memorandum of Law in Opposition to the Plaintiffs' Motion for Judgment on the Pleadings, Doc. #65, p. 2 | "Curtis counterclaimed that it is the rightful owner of the Paintings and that the statutue of limitations for conversion of the Paintings did not commence until 2001, *when there was a demand by Curtis for the return of the Paintings* and a refusal." (Emphasis added.) |
| July 6, 2005 | Defendants' Memorandum of Law in Opposition to the Plaintiffs' Motion for Judgment on the Pleadings, Doc. #65, p. 3 | "It was not until August 1, 2001 and August 3, 2001, that Curtis wrote to Sotheby's asserting that it was the rightful owner of the Paintings, after Sotheby's had notified Curtis in July of 2001 that Stuart & Sons planned to sell the Paintings through Sotheby's auction service. *It was then that Curtis demanded from Stuart & Sons the return of the Paintings.* (Emphasis added.) |

Despite having made these affirmative representations, the Defendants would *now* have the Court believe that they have not yet made a demand for the Paintings. In their latest pleading, Curtis's Reply Memorandum in Support of Their Request for Leave to File a Sur-Reply, dated October 6, 2005, the Defendants now state, for the first time, that "the 1986 letter was not a demand for return of the Paintings, nor was the 2001 letter." (Curtis's Reply Memorandum, Doc. #91, p. 1 – 2.)

It is now abundantly clear that the Defendants' previous statements to the Court were disingenuous, as they knew or should have known since the commencement of this dispute that: (1) they had actual knowledge since at

4

least 1976 that Mr. Stuart Sr. claimed ownership of the Paintings; and, (2) Defendants have either never made a demand for return of the Paintings, or did so in 1986 just prior to their receipt of Attorney Abelman's letter.

      8.     Pursuant to Federal Rule of Civil Procedure 37, the Defendants are subject to sanctions for their failure to produce documents that were clearly in their possession and control. These documents include, but are not limited to, the letter sent by Arthur Abelman in 1986 to Beurt SerVaas, which the Plaintiffs have now shown to have been received by the Defendants, and the 1976 article from *The Saturday Evening Post* magazine. The Defendants' latest accusations regarding disclosure of these documents are made even more reprehensible by virtue of the fact that these were business records of the Defendants themselves, and should have been produced by the *Defendants* during discovery. Moreover, these documents should have been disclosed to the Court by the Defendants no later than June 1, 2005. The Defendants' failure to produce these documents is inexcusable, and the Plaintiffs request that the Court impose sanctions on them. (Fed. R. Civ. P. 37.)

**WHEREFORE**, the Plaintiffs respectfully request that the Court deny the Defendants' Request to Submit a Sur-Reply, for all of the foregoing reasons as well as the reasons discussed in the Plaintiffs' Objection to Request to Submit a Sur-Reply, dated September 30, 2005.  In addition, the Plaintiffs respectfully request that the Court schedule a hearing as soon as possible to expeditiously dispose of the Motion for Summary Judgment and the Motion for Judgment on the Pleadings.

                                                  Respectfully submitted,
                                                  The Plaintiffs

| Stuart & Sons, L.P. Stuart | William A. Stuart, M.D. and Jonathan |
|---|---|
| By:_____ | By: _____ |
| Mary E. Sommer (ct 04345) | Sandra J. Akoury (ct 21279) |
| Sandak, Hennessey & Greco, LLP | Law Offices of Sandra Akoury |
| 707 Summer Street | 426 Danbury Road |
| Stamford, Connecticut 06901 | Wilton, Connecticut 06897 |

## CERTIFICATION

This is to certify that a copy of the foregoing was sent via facsimile transmission and U.S. mail, postage prepaid on this 14th day of October, 2005, to the following counsel and *pro se* parties of record:

| | |
|---|---|
| William M. Bloss, Esq.<br>Koskoff, Koskoff & Bieder, P,C.<br>350 Fairfield Avenue<br>Bridgeport, CT 06604 | Kenneth J. Stuart Jr.<br>5 High Ridge Road<br>Wilton, CT 06897 |
| Anthony F. LoCicero, Esq.<br>Karen J. Bernstein, Esq.<br>Amster, Rothstein & Ebenstein, LLP<br>90 Park Avenue<br>New York, NY 10016 | Paul J. Pacifico, Esq.<br>965 Post Road East<br>Westport, CT 06880 |
| Peter R. Stern, Esq.<br>McLaughlin & Stern, LLP<br>260 Madison Avenue<br>New York, NY 10016 | Mary E. Sommer, Esq.<br>Sandak, Hennessey & Greco, LLP<br>707 Summer Street<br>Stamford, CT 06901 |

_____
Sandra J. Akoury