UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

---------------------------------x

STUART & SONS, L.P., KENNETH STUART, JR., EXECUTOR OF THE ESTATE OF KENNETH STUART, SR.; TRUSTEE OF THE KENNETH J. STUART TRUST; KENNETH STUART, JR., WILLIAM STUART AND JONATHAN STUART,

        Plaintiffs,

- against -

THE CURTIS PUBLISHING COMPANY, INC., THE SATURDAY EVENING POST SOCIETY, A DIVISION OF THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY and THE BENJAMIN FRANKLIN LITERARY AND MEDICAL SOCIETY, INC.,

        Defendants.

---------------------------------x

Case No. 301 CV 1580 (AHN)

October 27, 2005

**CURTIS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Curtis hereby submits this Reply Memorandum in Further Support of Its Motion to Strike Plaintiffs' Further Opposition to Defendants' Motion for Summary Judgment or, in the Alternative, Request for Leave to File a Response to Plaintiffs'

325022.1

Further Opposition to Defendants' Motion for Summary Judgment. While Curtis hesitates to submit yet another motion paper in this litigation, Plaintiffs' specious claims raised in their latest, albeit belated, opposition papers has compelled Curtis to set forth the following points.

On October 7, 2005, Curtis wrote the Court (and copied all parties in this action) to request it grant Curtis' Motion to Strike because Plaintiffs failed to file an Opposition to the Motion to Strike on September 30, 2005, the date Plaintiffs' responsive paper was due.[1] Thereafter, on October 15, 2005, without explanation and over two weeks late, Plaintiffs filed their "Objection" to Curtis' Motion to Strike (which should have been properly captioned, "Opposition") offering no good-faith explanation for their failure to file the Opposition to Curtis' Motion to Strike when it was due.

Although Plaintiffs would have this Court to believe that they were justified in filing an unauthorized Sur-Reply because of "Defendants' [alleged] repeated misrepresentations to the Court that they did not receive attorney Abelman's 1986 letter . . .[,]" the alleged dispute over the 1986 is nothing "new" in this litigation and has absolutely nothing to do with Curtis' Motion for Summary Judgment of Ownership. Dkt. # 93 (Pltfs.' "Objection" to Curtis' Mtn. to Strike), at 3. The "issue" regarding the 1986 letter relates to disputed material facts concerning when the statute

---

[1] As a matter of course in this litigation, Curtis copies all parties in this action on all correspondence, communications, and motion papers to the Court. There have been no *ex parte* communications made to the Court.

of limitations commenced on conversion of the Paintings, which is the subject of Plaintiffs' second Motion for Judgment on the Pleadings, not Curtis' Motion for Summary Judgment of Ownership. Thus, any arguments about the 1986 letter have no place in Curtis' Motion to Strike Plaintiffs' Sur-Reply in Opposition to Curtis' Motion for Summary Judgment of Ownership.

Further, Plaintiffs do not explain in detail precisely how Curtis' Reply papers raised "new" matter to support its Motion for Summary Judgment or how citing in their Sur-Reply to other exhibits attached to the Supplemental Akoury Declaration lends any support to their opposing Curtis' Motion for Summary Judgment of Ownership. *See* Dkt. # 82 (Pltfs.' "Further Opp." (Sur-Reply) to Curtis' Mtn. for Summary Judgment of Ownership), at 5 (*citing* Exhs. A, C, I & J-R to the Supplemental Akoury Declaration). All of the documents and affidavits attached to the Supplemental Akoury Declaration in Support of Plaintiffs' Opposition to Curtis' Motion for Summary Judgment of Ownership may address whether the statute of limitations on conversion of the Paintings took place dating back to the 1940s but do not relate to the narrow ownership issues raised in Curtis' summary judgment papers. Plaintiffs had no good cause to file the unauthorized Sur-Reply.

Further, Plaintiffs' *ad hominem* remarks concerning how "many of the documents submitted with the Supplemental [Akoury] Declaration should have been produced by the Defendants, as they are business records of the Defendants" and

because the letters were on Defendants' letterhead is baseless. Dkt. # 93. (Pltfs.' Objection (Opposition) to Curtis' Motion to Strike), at 5. Curtis produced all responsive documents to Plaintiffs that it had in its possession, custody, or control. If it so pleases the Court, Curtis would without hesitation produce a certification setting forth in detail (without waiving the attorney-client privilege) the process by which Curtis obtained the responsive documents to Plaintiffs' document requests, including when and how the document inspection was conducted.

Likewise, if it so pleases the Court, Curtis respectfully requests It order Plaintiffs and all *pro se* parties to set forth in detail (without waiving the attorney-client privilege) the process by which each of them searched for and obtained the responsive documents to Curtis' document requests, including when and how the document inspection was conducted. In addition, if it so pleases the Court, Curtis respectfully requests the Court order Plaintiffs and all *pro se* parties, to certify as to why they did not search for the documents that suddenly surfaced, at a minimum, during fact discovery because they are clearly responsive to Curtis' document requests; and also to certify as to the precise time, manner and process they went through in searching for and obtaining the belated production of documents, including when, who, and how they contacted third-parties to obtain the untimely produced documents that consist of the exhibits to the Supplemental Akoury Declaration, as well as the additional documents separately produced to Curtis on August 19, 2005 (the same day that

Plaintiffs filed their unauthorized Sur-Reply).  Further, Plaintiffs, and all *pro se* parties ought to account for where each document came from in their certification with signatures from each and every Plaintiff or their individual counsel.

Accordingly, Curtis respectfully requests the Court grant Curtis' Motion to Strike Plaintiffs' Further Opposition to Defendants' Motion for Summary Judgment or, in the

alternative grant Curtis leave to file a Response to Plaintiffs' Further Opposition to Curtis' Motion for Summary Judgment of Ownership and to grant such other further relief as the Court deems just and proper.[2]

                          THE DEFENDANTS

                          By _____
                              William M. Bloss (CT 01008)
                              KOSKOFF KOSKOFF & BIEDER P.C.
                              350 Fairfield Avenue
                              Bridgeport, CT 06604
                              Tel: (203) 336-4421
                              FAX: 203-368-3244
                              Email: bbloss@koskoff.com

---

[2] Curtis respectfully requests the Court to remind Plaintiffs that as the opposing parties, they are not entitled to the "last word" on Curtis' motions.  This request is made based on Plaintiffs' pattern of abuse of the Court process in filing unauthorized Sur-Replies, including the most recent one entitled, "Plaintiffs' Objection to Defendants' Reply Memorandum in Support of Request for Leave to File a Sur-Reply and Motion for Hearing, without Court permission.  Such conduct should not be countenanced. (Dkt. # 91).

        Anthony F. Lo Cicero (CT 04670)
        Karen J. Bernstein (CT 24254)
        AMSTER, ROTHSTEIN & EBENSTEIN LLP
        90 Park Avenue
        New York, NY 10016
        Tel: (212) 336-8000

Of Counsel:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that he is one of the attorneys for defendants in the above-captioned action and that on the 27th day of October, 2005, served copies of the foregoing CURTIS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO STRIKE PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, REQUEST FOR LEAVE TO FILE A RESPONSE TO PLAINTIFFS' FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT causing copies thereof to be served as follows:

***via First Class Mail***

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905

Mr. Kenneth Stuart, Jr.
5 High Ridge Road
Wilton, CT 06897

_____
William M. Bloss