UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
(BRIDGEPORT)

―――――――――――――――――――――――――x

STUART & SONS, L.P., KENNETH STUART,
JR., EXECUTOR OF THE ESTATE OF
KENNETH STUART, SR.; TRUSTEE OF THE
KENNETH J. STUART TRUST; KENNETH
STUART, JR., WILLIAM STUART AND
JONATHAN STUART,

       Plaintiffs,       Case No. 301 CV 1580 (AHN)

     - against -

                  October 27, 2005

THE CURTIS PUBLISHING COMPANY, INC.,
THE SATURDAY EVENING POST SOCIETY, A
DIVISION OF THE BENJAMIN FRANKLIN
LITERARY AND MEDICAL SOCIETY and THE
BENJAMIN FRANKLIN LITERARY AND
MEDICAL SOCIETY, INC.,

       Defendants.

―――――――――――――――――――――――――x

**CURTIS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS
MOTION TO PRECLUDE PLAINTIFFS' FROM RELYING UPON
THE SUPPLEMENTAL DECLARATION OF SANDRA AKOURY AND
THE AFFIDAVITS AND DOCUMENTS ATTACHED THERETO IN
FURTHER
OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

   Curtis hereby submits this Reply Memorandum in Further Support of Its

Motion to Preclude Plaintiffs from Relying Upon the Supplemental Declaration of

325037.1

Sandra Akoury and the Affidavits and Documents Attached Thereto in Further Opposition to Defendants' Motion for Summary Judgment. While Curtis hesitates to submit yet another motion paper in this litigation, Plaintiffs' specious claims raised in their latest, albeit belated, opposition papers has compelled Curtis to set forth the following points.

On October 7, 2005, Curtis wrote the Court (and copied all parties in this action) to request it grant Curtis' Motion to Preclude because Plaintiffs failed to file an Opposition to the Motion to Preclude on September 30, 2005, the date Plaintiffs' responsive paper was due.[1] Thereafter, on October 15, 2005, without explanation and over two weeks late, Plaintiffs filed their "Objection" to Curtis' Motion to Preclude (which should have been properly captioned, "Opposition") offering no good-faith explanation for their failure to file the Opposition to Curtis' Motion to Preclude when it was due.

Although Plaintiffs would have this Court to believe that they were justified in submitting the Supplemental Akoury Declaration because of Defendants' [alleged] repeated misrepresentations to the Court that they did not receive attorney Abelman's 1986 letter . . .[,]" the alleged dispute over the 1986 has absolutely nothing to do with Curtis' Motion for Summary Judgment of Ownership. Dkt. # 92 (Pltfs.' "Objection" to

---

[1] As a matter of course in this litigation, Curtis copies all parties in this action on all correspondence, communications, and motion papers to the Court. There have been no *ex parte* communications made to the Court.

Curtis' Mtn. to Preclude), at 3. The "issue" regarding the 1986 letter relates to disputed material facts concerning when the statute of limitations commenced on conversion of the Paintings, which is the subject of Plaintiffs' second Motion for Judgment on the Pleadings, not Curtis' Motion for Summary Judgment of Ownership. Thus, any arguments about the 1986 letter have no place in Curtis' Motion to Preclude Plaintiffs from Relying Upon the Supplemental Declaration in Opposition to Curtis' Motion for Summary Judgment of Ownership.[2] Further, it is questionable whether the documents and affidavits attached to the Supplemental Akoury Declaration in Support of Plaintiffs' Opposition to Curtis' Motion for Summary Judgment of Ownership even address the "issue" of when the statute of limitations commenced on conversion of the Paintings.

Further, Plaintiffs' *ad hominem* remarks concerning how "many of the documents submitted with the Supplemental [Akoury] Declaration should have been produced by the Defendants, as they are business records of the Defendants" and because the letters were on Defendants' letterhead is baseless. Dkt. # 93 (Pltfs.'

---

[2] Plaintiffs contradict themselves by, on the one hand, submitting the Supplemental Akoury Declaration to support their Opposition to Curtis' Motion for Summary Judgment of Ownership to show that there remain disputed issues of material fact and then, on the other hand, submitting the identical supplemental declaration to support their second Motion for Judgment on the Pleadings to show there are no disputed issues of material fact. Even if the Court were to accept Plaintiffs' excuse concerning the relevance of the copy of the return, receipt requested slip attached as an exhibit to the Supplemental Akoury Declaration, bearing on the "issue" of the 1986 letter (although Curtis argues there is no justifiable excuse because the receipt should have been produced at the June 10, 2004 oral argument, or shortly thereafter, on Plaintiffs' first Motion for Judgment on the Pleadings), Plaintiffs still fail to explain why they waited so long to produce the other documents attached to the Supplemental Akoury Declaration during fact discovery.

Objection (Opposition) to Curtis' Motion to Preclude), at 5.  Curtis produced all responsive documents to Plaintiffs that it had in its possession, custody, or control.  If it so pleases the Court, Curtis would without hesitation produce a certification setting forth in detail (without waiving the attorney-client privilege) the process by which Curtis obtained the responsive documents to Plaintiffs' document requests, including when and how the document inspection was conducted.

Likewise, if it so pleases the Court, Curtis respectfully requests It order Plaintiffs and all *pro se* parties to set forth in detail (without waiving the attorney-client privilege) the process by which each of them searched for and obtained the responsive documents to Curtis' document requests, including when and how the document inspection was conducted.  In addition, if it so pleases the Court, Curtis respectfully requests the Court order Plaintiffs and all *pro se* parties, to certify as to why they did not search for the documents that suddenly surfaced, at a minimum, during fact discovery because they are clearly responsive to Curtis' document requests; and also to certify as to the precise time, manner and process they went through in searching for and obtaining the belated production of documents, including when, who, and how they contacted third-parties to obtain the untimely produced documents that consist of the exhibits to the Supplemental Akoury Declaration, as well as the additional documents separately produced to Curtis on August 19, 2005 (the same day that Plaintiffs filed their motion for permission to file the Supplemental Akoury Declaration

(Dkt. # 83)). Further, Plaintiffs, and all *pro se* parties ought to account for where each document came from in their certification with signatures from each and every Plaintiff or their individual counsel.

Accordingly, Curtis respectfully requests the Court grant its Motion to Preclude Plaintiffs' from Relying Upon the Supplemental Declaration of Sandra Akoury and the Affidavits and Documents Attached Thereto in Further Opposition to Defendants' Motion for Summary Judgment and to grant such other further relief as the Court deems just and proper.[3]

                               THE DEFENDANTS

                               By_____
                                  William M. Bloss (CT 01008)
                                  KOSKOFF KOSKOFF & BIEDER P.C.
                                  350 Fairfield Avenue
                                  Bridgeport, CT 06604
                                  Tel: (203) 336-4421
                                  FAX: 203-368-3244
                                  Email: bbloss@koskoff.com

                                  Anthony F. Lo Cicero
                                  Karen J. Bernstein
                                  AMSTER, ROTHSTEIN & BENSTEIN LLC
                                  90 Park Avenue
                                  New York, NY 10016
                                  Tel: (212) 336-8000

---

3 Curtis respectfully requests the Court to remind Plaintiffs that as the opposing parties, they are not entitled to the "last word" on Curtis' motions. This request is made based on Plaintiffs' pattern of abuse of the Court process in filing unauthorized sur-replies, including the most recent one entitled, "Plaintiffs' Objection to Defendants' Reply Memorandum in Support of Request for Leave to File a Sur-Reply and Motion for Hearing, without Court permission. Such conduct should not be countenanced. (Dkt. # 91).

<u>Of Counsel</u>:

Gene R. Leeuw (#08754-49)
John M. Mead (#17459-49)
LEEUW OBERLIES & CAMPBELL
320 North Meridian Street
Suite 1006
Indianapolis, IN 46204
Tel: (317) 684-6960

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that he is one of the attorneys for defendants in the above-captioned action and that on the 27th day of October, 2005, served copies of the foregoing CURTIS' REPLY MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO PRECLUDE PLAINTIFFS' FROM RELYING UPON THE SUPPLEMENTAL DECLARATION OF SANDRA AKOURY AND THE AFFIDAVITS AND DOCUMENTS ATTACHED THERETO IN FURTHER OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT causing copies thereof to be served as follows:

*via First Class Mail*

Peter R. Stern, Esq.
McLaughlin & Stern LLP
260 Madison Avenue
New York, NY 10016

Sandra Akoury, Esq.
426 Danbury Road
Wilton, Connecticut 06897

Paul Pacifico, Esq.
Pacifico & Filan
965 Post Road East
Westport, Connecticut 06880

Mary Sommer, Esq.
Sandak Friedman Hennesse & Greco LLP
970 Summer Street
Stamford, CT 06905

                                        Mr. Kenneth Stuart, Jr.
                                        5 High Ridge Road
                                        Wilton, CT 06897

                                                                                  _____
                                                                                          William M. Bloss